**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| **THOR EQUITIES, ET AL.,** | : | **CASE NO. 3:26-cv-00196** |
| | : | |
| **Plaintiffs,** | : | **Judge Michael J. Newman** |
| | : | **Magistrate Caroline H. Gentry** |
| **v.** | : | |
| | : | **DEFENDANTS' ANSWER TO** |
| **CITY OF URBANA, OHIO, ET AL.,** | : | **PLAINTIFFS' COMPLAINT** |
| | : | |
| **Defendants.** | : | **JURY DEMAND ENDORSED HEREON** |
| | : | |

Now come Defendants City of Urbana, Ohio, Urbana City Council, and Urbana BZA ("Defendants"), by and through counsel, and for their Answer to Plaintiffs' Complaint state as follows:

## I. INTRODUCTION

1. Answering Paragraph 1, Defendants deny the allegations as written.

2. Answering Paragraph 2, Defendants are without sufficient knowledge and information to form a belief as to the truth of Thor's reliance and therefore deny the same. Defendants deny the remaining allegations as written.

3. Answering Paragraph 3, Defendants deny the allegations as written.

4. Answering Paragraph 4, Defendants state that the law speaks for itself and deny the allegations to the extent they are inconsistent with law. Defendants deny the remaining allegations.

5. Answering Paragraph 5, Defendants deny the allegations as written.

6. Answering Paragraph 6, Defendants deny the allegations contained therein.

7. Answering Paragraph 7, Defendants are without sufficient knowledge and information to form a belief as to the truth of what this lawsuit seeks and therefore deny the same. Defendants deny the remaining allegations as written.

## II. PARTIES

8. Answering Paragraphs 8, 9, 10, 11, 12, and 13, Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations seeks and therefore deny the same.

9. Answering Paragraphs 14 and 15, Defendants admit the allegations.

10. Answering Paragraph 16, Defendants admit the BZA is comprised of five members that hear appeals. Defendants deny the remaining allegations as written.

11. Answering Paragraph 17, Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations and therefore deny the same.

## III. JURISDICTION AND VENUE

12. Answering Paragraph 18, Defendants state the is a legal conclusion to which no response is required apart from general denial. To the extent the allegations imply wrongdoing, Defendants deny the same.

13. Answering Paragraph 19, Defendants state the allegations contain legal conclusions to which no response is required.

14. Answering Paragraph 20, Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations and therefore deny the same.

15. Answering Paragraph 21, Defendants admit the allegations to the extent venue would be proper if there was a viable claim.

## IV. ALLEGATIONS

16. Answering Paragraph 22, Defendants admit that the City maintains authority to regulate land use and enact zoning measures in conformance with law..

17. Answering Paragraph 23, Defendants state the Ohio Constitution speaks for itself and deny the allegations to the extent they are inconsistent with the Ohio Constitution.

18. Answering Paragraph 24, Defendants state the Charter speaks for itself and deny the allegations to the extent they are inconsistent with law. (See **Exhibit A**)

19. Answering Paragraph 25, Defendants state the Charter speaks for itself and deny the allegations to the extent they are inconsistent with law. (See **Exhibit A)**

20. Answering Paragraph 26, Defendants admit the allegations to the extent that they are subject to procedures and limitations in the Charter, Zoning Code, and Ohio law. Answering further, Defendants deny the allegations to the extent they imply strict interpretation of the City's Charter and Zoning Code. See **Exhibit A**)

21. Answering Paragraph 27, Defendants state that the Ohio Revised Code speaks for itself and deny the allegations to the extent they are inconsistent with the Ohio Revised Code.

22. Answering Paragraph 28, Defendants state that Charter Section 2.11 speaks for itself and deny the allegations to the extent they are inconsistent with law. (See **Exhibit A)**

23. Answering Paragraph 29, Defendants state the Charter speaks for itself and deny the allegations to the extent they are inconsistent with law. (See **Exhibit A**)

24. Answering Paragraph 30, Defendants state that Charter Section 2.12 speaks for itself and deny the allegations to the extent they are inconsistent with law. Defendants deny the remaining allegations as written. (See **Exhibit A)**

25. Answering Paragraph 31, Defendants deny the allegations. Charter Section 2.10 provides:

> Any Ordinance to amend the Codified Ordinances of the City, or to take other actions not permitted as emergencies, being of a permanent nature, shall require three readings before passage. Emergency legislation need only be read once before passage, with no requirement for rule suspension. Otherwise, Council may suspend

the reading rules upon an affirmative vote of two-thirds of the members present at the meeting. (See **Exhibit A)**

26. Answering Paragraph 32, Defendants state that Charter Section 2.16 speaks for itself and deny the allegations that the allegations to the extent they are inconsistent with law. (See **Exhibit A**)

27. Answering Paragraph 33, Defendants state that Zoning Code Section 1113.02 speaks for itself and deny the allegations to the extent they are inconsistent with law. (See **Exhibit B**, attached)

28. Answering Paragraph 34, Defendants state that Zoning Code Section 1113.03 speaks for itself and deny the allegations to the extent they are inconsistent with law. (See **Exhibit B**)

29. Answering Paragraph 35, Defendants state that Zoning Code Sections 1113.04, 1113.05, 1113.06, 1113.07, 1113.08, 1113.09, 1113.10, 1113.11 and 1113.12 speak for themselves and deny the allegations to the extent they are inconsistent with law. (See **Exhibit B**)

30. Answering Paragraph 36, Defendants state that Exhibit 1 speaks for itself and deny the allegations to the extent they are inconsistent with Exhibit 1.

31. Answering Paragraph 37, Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations and therefore deny the same.

32. Answering Paragraph 38, Defendants state that Exhibit 2 speaks for itself and deny the allegations to the extent they are inconsistent with Exhibit 2.

33. Answering Paragraph 39, Defendants state that Exhibit 3 and Exhibit 4 speak for themselves and deny the allegations to the extent they are inconsistent with Exhibit 3 and Exhibit 4.

34. Answering Paragraph 40, Defendants admit the allegations.

35. Answering Paragraphs 41, 42, 43, and 44, Defendants deny the allegations as written.

36. Answering Paragraph 45, Defendants are without sufficient information and knowledge to form a belief as to the allegations and therefore deny the same.

37. Answering Paragraph 46, Defendants deny the allegations as written.

38. Answering Paragraph 47 and 48, Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations and therefore deny the same.

39. Answering Paragraph 49, Defendants are without sufficient knowledge and information to form a belief as to the truth of Thor's reliance and therefore deny the same. Answering further, Defendants state the public notice speaks for itself and denies the allegations to the extent they are inconsistent with said notice.

40. Answering Paragraphs 50, 51, 52, and 53, Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations and therefore deny the same.

41. Answering Paragraph 54, Defendants deny the allegations as written. Answering further, Defendants state that the Ordinance No. 1110.02 speaks for itself and deny the allegations specific to it to the extent they are inconsistent with the ordinance. (See **Exhibit C**, Chapter 1110, attached)

42. Answering Paragraph 55, Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations and therefore deny the same.

43. Answering Paragraph 56, Defendants deny the allegations as written. admit the allegations as to the rejected application. (See **Exhibit D,** at *25**,** attached)

44. Answering Paragraph 57, Defendants state that Chapter 1161 speaks for itself and deny the allegations to the extent the allegations are inconsistent with Chapter 1161. (See **Exhibit E**, attached)

45. Answering Paragraph 58 and 59, Defendants deny the allegations.

46. Answering Paragraph 60, Defendants admit the allegations as to removing the Moratorium from the agenda Defendants deny the remaining allegations as written.

47. Answering Paragraph 61, Defendants state that Exhibit 5 speaks for itself and denies the allegations to the extent they are inconsistent with Exhibit 5. Defendants deny the remaining allegations.

48. Answering Paragraph 62, Defendants state that the Moratorium speaks for itself and denies the allegations to the extent they are inconsistent with the Moratorium. Defendants deny the remaining allegations as written.

49. Answering Paragraph 63 and subparts a, b, c, d, e, and f, Defendants deny the allegations as written.

50. Answering Paragraph 64, Defendants deny the allegations therein.

51. Answering Paragraph 65, Defendants state that the minutes of a special council meeting speaks for themselves and deny the allegations to the extent they are inconsistent with communications at a special council meeting. (See **Exhibit F**, attached).

52. Answering Paragraph 66 and 67, Defendants deny the allegations contained therein.

53. Answering Paragraphs 68 and 69, Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations and therefore deny the same.

54. Answering Paragraph 70, Defendants deny the allegations as written.

55. Answering Paragraph 71, Defendants admit that Thor appealed to the BZA and Champaign County Court of Common Pleas. Defendants deny the remaining allegations.

56. Answering Paragraph 72, Defendants admit the allegations.

57. Answering Paragraph 73, Defendants admit the allegations.

58. Answering Paragraph 74, Defendants deny the allegations.

59. Answering Paragraph 75, Defendants are without sufficient knowledge and information to form a belief as to the truth of the allegations and therefore deny the same.

60. Answering Paragraph 76, Defendants admit providing Thor a hearing for its appeal. Defendants deny the remaining allegations.

61. Answering Paragraph 77, Defendants deny the allegations as written.

62. Answering Paragraph 78, Defendants state that Exhibit 6 and Zoning Codes 1105.28 and 1105.30 speak for themselves and deny the allegations to the extent the allegations are inconsistent with Exhibit 6 and Zoning Codes 1105.28 and 1105.30 (See **Exhibits G**, Chapter 1105, attached)

63. Answering Paragraph 79, Defendants state that Exhibit 7 speaks for itself and deny the allegations to the extent the allegations are inconsistent with Exhibit 7. Defendants deny the remaining allegations as written.

64. Answering Paragraph 80, Defendants state that Exhibit 8 speaks for itself and deny the allegations to the extent the allegations are inconsistent with Exhibit 8. Answering further, Defendants are without sufficient knowledge and information to form a belief as why Thor filed a motion and therefore deny the same.

65. Answering Paragraph 81, Defendants deny the allegations as written. Answering further, Defendants state that Zoning Code 1110.02 speaks for itself and deny the allegations to

the extent they are inconsistent with Zoning Code 1110.02. (See **Exhibit C**) Answering further, Defendants deny the allegations as written. (See **Exhibit D**)

66. Answering Paragraph 82, Defendants state that the testimony of the City's Engineer and Zoning Code 1110.02(n) speak for themselves and deny the allegations to the extent they are inconsistent with the Engineer's testimony and Zoning Code Section 1110.02(n). Defendants deny the remaining allegations.

67. Answering Paragraph 83, Defendants deny the allegations as written.

68. Answering Paragraph 84, Defendants deny the allegations as written. Answering further, Defendants state that Zoning Code 1105.06 speaks for itself and deny the allegations to the extent they are inconsistent with Zoning Code 1105.06. (See **Exhibit G**)

69. Answering Paragraph 85, Defendants deny the allegations contained therein.

70. Answering Paragraph 86, Defendants deny the allegations as written.

71. Answering Paragraph 87, Defendants deny the allegations as written.

72. Answering Paragraph 88, Defendants admit the allegations.

73. Answering Paragraph 89, Defendants state that Exhibit 9 speaks for itself and deny the allegations to the extent they are inconsistent with Exhibit 9.

74. Answering Paragraph 90, Defendants deny the allegations contained therein.

75. Answering Paragraph 91, Defendants deny the allegations as written.

76. Answering Paragraph 92, Defendants deny the allegations as written.

77. Answering Paragraph 93, Defendants state the allegations are legal conclusion which require no response apart from general denial. Answering further, Defendants state the cited law speaks for itself and deny the allegations to the extent they are inconsistent with the law or inapplicable to the instant action. Defendants deny the remaining allegations as written.

## I. <u>CLAIMS FOR RELIEF</u>

### COUNT I

78. Defendants incorporate the foregoing admissions and denials as if fully rewritten herein.

79. Answering Paragraph 95, Defendants deny the allegations.

80. Answering Paragraph 96, Defendants admit the City operated under its governmental authority.

81. Answering Paragraph 97, Defendants deny the allegations as written.

82. Answering Paragraph 98 and subparts a, b, c, d, e, f, g, h, and i, Defendants deny the allegations as written.

83. Answering Paragraph 99, Defendants deny the allegations as written.

84. Answering Paragraph 100 and subparts a, b, c, d, e, f, g, h, i, and j, Defendants deny the allegations as written. (See **Exhibits A, B, C, and G**)

85. Answering Paragraph 101, Defendants deny the allegations contained therein.

86. Answering Paragraph 102, Defendants deny the allegations as written.

87. Answering Paragraph 103, Defendants deny the allegations contained therein.

### COUNT II

88. Defendants incorporate the foregoing admissions and denials as if fully rewritten herein.

89. Answering Paragraph 105, Defendants deny the allegations.

90. Answering Paragraph 106, Defendants admit it acted within its governmental authority.

91. Answering Paragraph 107, Defendants deny the allegations contained therein.

92. Answering Paragraph 108 and subparts a, b, c, d, e, f, g, h, and i, Defendants deny the allegations as written.

93. Answering Paragraph 109, Defendants deny the allegations as written.

94. Answering Paragraph 110 and subparts, a, b, c, d, e, f, g, h, i, and j, Defendants deny the allegations as written.

95. Answering Paragraph 111 and 112, Defendants deny the allegations contained therein.

**COUNT III**

96. Defendants incorporate the foregoing admissions and denials as if fully rewritten herein.

97. Answering Paragraph 114, Defendants deny the allegations as written.

98. Answering Paragraph 115, Defendants state that Charter Section 2.12 speaks for itself and deny the allegations to the extent they are inconsistent with law.

99. Answering Paragraph 116 and 117, Defendants deny the allegations contained therein.

**COUNT IV**

100. Defendants incorporate the foregoing admissions and denials as if fully rewritten herein.

101. Answering Paragraph 119, Defendants deny the allegations as written.

102. Answering Paragraph 120 and 121, Defendants state Charter Section 2.11 speaks for itself and deny the allegations to the extent they are inconsistent with law and Charter.

103. Answering Paragraph 122, Defendants deny the allegations as written.

104. Answering Paragraph 123, Defendants deny the allegations contained therein.

**COUNT V**

105. Defendants incorporate the foregoing admissions and denials as if fully rewritten herein.

106. Answering Paragraph 125, Defendants deny the allegations as written.

107. Answering Paragraph 126, Defendants state the Ohio Constitution speaks for itself and deny the allegations to the extent they are inconsistent with the Ohio Constitution.

108. Answering Paragraph 127, Defendants state the Ohio Constitution speaks for itself and deny the allegations to the extent they are inconsistent with the Ohio Constitution.

109. Answering Paragraph 128, Defendants deny the allegations as written.

110. Answering Paragraphs 129 and 130, Defendants deny the allegations contained therein.

**COUNT VI**

111. Defendants incorporate the foregoing admissions and denials as if fully rewritten herein.

112. Answering Paragraph 132, Defendants deny the allegations as written.

113. Answering Paragraph 133, Defendants deny the allegations and answering further state that Charter Section 2.10 provides:

> Any Ordinance to amend the Codified Ordinances of the City, or to take other actions not permitted as emergencies, being of a permanent nature, shall require three readings before passage. Emergency legislation need only be read once before passage, with no requirement for rule suspension. Otherwise, Council may suspend the reading rules upon an affirmative vote of two-thirds of the members present at the meeting. (See **Exhibit A**)

114. Answering Paragraphs 134, 135, 136, and 137, Defendants state that the City's Charter and Zoning Codes speak for themselves and deny the allegations to the extent they are inconsistent with the City's Charter and Zoning Code.

115. Answering Paragraph 138, Defendants deny the allegations contained therein.

116. Answering Paragraph 139 and subparts a, b, c, d, and e, Defendants deny the allegations as written. (See **Exhibits A and B, and Exhibit H**, attached)

117. Answering Paragraph 140 Defendants deny the allegations contained therein.

**COUNT VII**

118. Defendants incorporate the foregoing admissions and denials as if fully rewritten herein.

119. Answering Paragraph 142, Defendants deny the allegations as written.

120. Answering Paragraph 143, Defendants state that Zoning Code 1110.02 for itself and deny the allegations to the extent they are inconsistent with the Zoning Code.

121. Answering Paragraphs 144, 145, and 146, Defendants deny the allegations as written. (See **Exhibits C and E**)

122. Answering Paragraph 147, Defendants state the allegations are legal conclusions which require no response apart from general denial. Answering further, Defendants state the cited law speaks for itself and deny the allegations to the extent they are inconsistent with the law or inapplicable to the instant action. Defendants deny the remaining allegations as written. Defendants deny the allegations to the extent they imply wrongdoing.

123. Answering Paragraph 148, Defendants deny the allegations as written. (See **Exhibit D**)

124. Answering Paragraph 149, Defendants state that the Moratorium speaks for itself and deny the allegations to the extent they are inconsistent with the Moratorium.

125. Answering Paragraph 150, Defendants state the law speaks for itself and deny the allegations to the extent they are inconsistent with law.

126. Answering Paragraph 151 and subparts a, b, c, and d, Defendants deny the allegations contained therein.

**COUNT VIII**

127. Defendants incorporate the foregoing admissions and denials as if fully rewritten herein.

128. Answering Paragraph 153, Defendants deny the allegations as written.

129. Answering Paragraph 154, Defendants state the law speaks for itself and deny the allegations to the extent they are inconsistent with law.

130. Answering Paragraph 155, Defendants deny the allegations as written.

131. Answering Paragraph 156, Defendants deny the allegations as written.

132. Answering Paragraph 157, deny the allegations as written. (See **Exhibit D**)

133. Answering Paragraph 158, Defendants state the Zoning Code Sections speak for themselves and deny the allegations to the extent they are inconsistent with law.

134. Answering Paragraph 159, Defendants deny the allegations contained therein.

135. Answering Paragraph 160, Defendants deny the allegations.

136. Any allegation not explicitly admitted or denied is hereby denied.

137. Plaintiffs are not entitled to any relief.

**AFFIRMATIVE DEFENSES**

1. Plaintiffs have failed to state a claim upon which relief may be granted.

2. Plaintiffs’ claims are barred by the doctrine of estoppel, issue preclusion, claim preclusion, res judicata, laches, mootness, waiver and/or the statute of limitations.

3. Defendants state that Plaintiffs’ Complaint is barred by the doctrine of unclean hands.

4. Plaintiffs have not exhausted all administrative remedies.

5. Some Defendant(s) are not sui juris and cannot be sued in their own right.

6. Defendants state that if in fact Defendants performed any wrongful acts, which is specifically denied, any alleged act or omission by it was done in good faith, and Defendants had reasonable grounds for believing that its conduct did not violate any federal or state statutory provisions.

7. At no time material hereto did Defendants act with deliberate indifference to the federally or state protected rights of Plaintiffs.

8. At all times, Defendants acted in accordance with the Constitution of the United States, the Constitution of the State of Ohio, all Ohio statutory provisions, and all state and local laws relative thereto.

9. All actions taken by the Defendants were in compliance with all laws, were privileged, and absolutely privileged.

10. Defendants do not maintain an unconstitutional custom, policy, or practice.

11. At all times, Defendants acted reasonably, lawfully, without malice and in good faith. If, in fact, Defendants performed any wrongful acts, which are specifically denied herein, such acts were not performed knowingly, purposely, with malicious purpose, in bad faith, intentionally, recklessly, willfully or wantonly.

12. At all times, Defendants' actions were legally justified.

13. Defendants' actions were taken based upon an honest belief of particular facts and reasonably relied on the particularized facts that were before it at the time the decision was made.

14. The injuries and damages allegedly sustained by Plaintiffs are the direct and proximate result of the actions or inactions of Plaintiffs.

15. If Plaintiffs were injured or damaged, any and all such injury or damage was caused by the sole actions of Plaintiffs.

16. If Plaintiffs were injured or damaged, any and all injury or damage was a proximate result of circumstances beyond the control of these answering Defendants.

17. Defendants state that Plaintiffs suffered no compensable harms or damages as a result of any alleged actions by Defendants.

18. Plaintiffs have failed to mitigate damages.

19. Defendants give notice that they intend to assert and rely upon all affirmative defenses, immunities, avoidances, counterclaims, cross-claims, and third party claims that become available or apparent during the course of discovery or trial, and Defendants hereby reserves the right to amend their Answer to assert such defenses.

**WHEREFORE**, the Defendants request that this Honorable Court dismiss Plaintiffs' Complaint with an Order that Defendants' attorney fees and costs be paid as provided under applicable law.

Respectfully submitted,

SURDYK, DOWD & TURNER CO., L.P.A.

*/s/ Dawn M. Frick*__________
Dawn M. Frick (0069068)
Justin R. Marks (0103811)
8163 Old Yankee Street, Suite C
Dayton, Ohio 45458
(937) 222-2333, (937) 222-1970 (fax)
dfrick@sdtlawyers.com
jmarks@sdtlawyers.com
*Trial Attorneys for Defendants*

## JURY DEMAND

Defendants hereby demand a trial by jury on those claims to which it is entitled.

*/s/ Dawn M. Frick*_________
Dawn M. Frick (0069068)

## CERTIFICATE OF SERVICE

I hereby certify that on July 14, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, a copy of which will automatically be forwarded to the parties or their counsel of record:

*/s/ Dawn M. Frick*_________
Dawn M. Frick (0069068)