# CHARTER

**OF THE**

**CITY OF URBANA, OHIO**

**TABLE OF CONTENTS**

EDITOR'S NOTE: The Urbana Charter was originally adopted on November 7, 1978. Dates appearing in parentheses following a section heading indicate that those provisions were subsequently amended on the date given.

ARTICLE I: INCORPORATION, FORM OF GOVERNMENT, AND POWERS
1.01 Name and Boundaries.
1.02 Form of Government.
1.03 Powers of the City.
1.04 Manner of Exercise of Powers.
1.05 Construction.
1.06 Intergovernmental Relations.
ARTICLE II: THE COUNCIL
2.01 Powers, Composition, and Term.
2.02 Council as a Continuing Body.
2.03 Compensation. (11-3-20)
2.04 President of Council.
2.05 Organization.
2.06 Vacancies. (11-2-10; 11-3-20)
2.07 Meetings of Council. (11-2-10)
2.08 Council Rules and Journal.
2.09 Legislative Procedure. (11-6-90; 11-7-06; 11-8-16; 11-3-20)
2.10 Reading Requirements. (11-8-16)
2.11 Emergency Ordinances and Resolutions. (11-6-90)
2.12 Actions Not Permitted as Emergencies.
2.13 Amending Ordinances and Resolutions.
2.14 Authentication of Ordinances and Resolutions.
2.15 Effective Date of Ordinances and Resolutions. (11-8-16)
2.16 Public Notice Before Final Enactment.
2.17 Publication of Ordinances and Resolutions. (6-8-82; 11-8-16; 11-3-20)
2.18 Adoption by Reference of Technical Codes.
2.19 Codification. (11-8-16)
2.20 Council Relationship to Administrative Officers.
2.21 Term Limits. (11-2-10)
ARTICLE III: THE MAYOR
3.01 Qualification, Term.
3.02 General Powers.
3.03 Specific Administrative Powers. (11-6-90)
3.04 Veto Power.
3.05 Vacancy. (11-3-20)
ARTICLE IV: ADMINISTRATIVE OFFICERS, DEPARTMENTS, BOARDS, AND COMMISSIONS
4.01 Director of Administration. (11-5-02; 11-8-16)
4.02 Director of Law. (11-5-02; 11-8-16; 11-3-20)
4.03 Director of Finance. (11-5-02; 11-8-16; 11-3-20)
4.04 City Departments. (11-7-00)
4.05 Directors of Departments.
4.06 Boards and Commissions. (11-6-90; 11-7-00; 11-8-16; 11-3-20)
4.07 Administrative Reorganization.
ARTICLE V: THE CIVIL SERVICE
5.01 General Provision.
5.02 Municipal Civil Service Commission. (11-7-00)
5.03 Civil Service - Classified and Unclassified.
5.04 Civil Service Examinations. (11-7-00)
5.05 Promotion to Police Chief and Fire Chief.
5.06 Discipline of Classified Personnel. (11-6-90)
5.07 Retirement. (11-2-10)
5.08 Political Activity.
ARTICLE VI: FINANCE
6.01 Fiscal Year.
6.02 Annual Budget. (11-2-10)
6.03 Temporary Appropriation Ordinance.
6.04 Annual Appropriation Ordinance.
6.05 Transfer of Appropriations.
6.06 Capital Improvement Fund.
6.07 Annual Audits.

Exhibit A

ARTICLE VII: NOMINATIONS, QUALIFICATIONS, ELECTIONS, INITIATIVE, REFERENDUM, AND RECALL
7.01 General Provisions.
7.02 Definitions.
7.03 Qualifications of Elected Officers.
7.04 Voting Districts.
7.05 Elections.
7.06 Beginning of Term of Office.
7.07 Election to Fill an Unexpired Term. (11-2-10)
7.08 Initiative and Referendum.
7.09 Emergency Ordinances Not Exempted from Referendum. (11-6-90)
7.10 Recall.
ARTICLE VIII: GENERAL PROVISIONS
8.01 Conflict of Interest.
8.02 Charter Amendment.
8.03 Charter Review.
8.04 Separability.
8.05 Oath of Office.
8.06 Gender Terminology. (11-7-00)
ARTICLE IX: TRANSITION
9.01 Amendments. (11-2-10)
9.02 Pending Matters.
9.03 Existing Laws.
9.04 Submission of Amendments to the Charter to the Electors. (11-2-10)
9.05 Year 2000 Amendments. (11-7-00)

# ARTICLE I: INCORPORATION, FORM OF GOVERNMENT, AND POWERS

## SECTION 1.01. NAME AND BOUNDARIES.

The inhabitants of the City of Urbana, in the County of Champaign, and the State of Ohio, within its corporate limits as now or hereafter established, shall continue to be a body politic and corporate by name of the "City of Urbana" and as such shall have perpetual succession.

## SECTION 1.02. FORM OF GOVERNMENT.

The Municipal government provided by this Charter shall be known as the "Mayor-Administrator-Council form of government."

## SECTION 1.03. POWERS OF THE CITY.

The City shall have all powers possible for a city to have under the Constitution and laws of the State of Ohio as fully and completely as if they were specifically enumerated in this Charter.

## SECTION 1.04. MANNER OF EXERCISE OF POWERS.

All such powers shall be exercised in the manner prescribed in this Charter, or if not prescribed herein, in such manner as shall be provided by ordinance of Council, and when not prescribed in this Charter or provided by ordinance of Council, then such powers shall be exercised in the manner provided by the general laws of the State of Ohio until Council shall provide a different manner of exercising such powers.

## SECTION 1.05. CONSTRUCTION.

The powers of the City under this Charter shall be construed liberally in favor of the City, and the specific mention of particular powers in this Charter shall not be construed as limiting in any way the general power stated in this article.

## SECTION 1.06. INTERGOVERNMENTAL RELATIONS.

The City may exercise any of its powers or perform any of its functions and may participate in the financing thereof, jointly or in cooperation, by contract or otherwise, with any one or more states or civil divisions or agencies thereof, or the United States or any agency thereof.

# ARTICLE II: THE COUNCIL

# ARTICLE II. THE COUNCIL

## SECTION 2.01. POWERS, COMPOSITION, AND TERM.

All legislative power shall be vested in the Council.

Council shall be composed of 7 members, 1 to be nominated and elected from each of the 4 wards; 3 to be nominated and elected at large. The future size and composition of the Council shall be determined by the general laws of Ohio as they pertain to statutory plan cities.

Except for the first election under this Charter, all Council members shall be elected for a term of 4 years. At the first election under this Charter to be held in November, 1979, for terms beginning on January 1, 1980, the Council members from Wards 1 and 3 shall be elected for a term of 2 years; the Council members from Wards 2 and 4 shall be elected for a term of 4 years. Of the 3 at-large members elected, the one receiving the greatest number of votes shall be elected for a term of 4 years. The remaining 2 shall be elected for a term of 2 years.

## SECTION 2.02. COUNCIL AS A CONTINUING BODY.

The Council shall be a continuing body and proceedings which have been lawfully begun by one Council can be continued by succeeding Councils until completed and made effective.

## SECTION 2.03. COMPENSATION.

Compensation for City officials and employees shall be established by ordinance of Council. This does not preclude the City administration from negotiating with City employee groups regarding wages and fringe benefits.
(Amended 11-3-2020)

## SECTION 2.04. PRESIDENT OF COUNCIL.

The president of Council shall be elected at large for a term of 4 years with the initial election to be held November, 1979. He shall preside at all meetings of Council but shall have no vote, except in the case of a tie. When the Mayor is absent from the City or unable to perform his duties, the president of Council shall become Acting Mayor and shall have the same powers and perform the same duties as the Mayor.

## SECTION 2.05. ORGANIZATION.

At the first Council meeting in January following a regular Municipal election, Council shall organize itself and appoint from its membership a president pro tempore. In addition, Council shall appoint a Clerk and any other employees it may deem necessary and fix their duties and compensation. A councilman serving as president pro tempore shall not be deprived of his power and rights as a voting member of Council.

## SECTION 2.06. VACANCIES.

If the office of president of Council becomes vacant, the president pro tempore shall also serve as acting president until a successor to the president of Council is nominated and elected as provided in Section 7.07. The President of Council shall not lose his status as a voting member of Council. While serving as acting president, the president pro tempore shall not lose his status as a voting member of the Council and he shall stand in line of succession to the office of Mayor. No vacancy in the Council shall be created by the president pro tempore serving as acting president. A vacancy in the office of the president pro tempore shall be filled by appointment of a Council member made by a majority vote of the remaining Council members. When the office of Council members becomes vacant, the vacancy shall remain open until filled by an elected person at the next election at which candidates may run in compliance with the Board of Election time restraints. The newly-elected person shall complete the vacant term.
(Amended 11-2-2010; 11-3-2020)

## SECTION 2.07. MEETING OF COUNCIL.

Council shall meet at such times as may be prescribed by its rules, but not less than once a month. Four members shall constitute a quorum to do business.

Special meetings may be held on the call of the Mayor or of the majority of the members and upon such notice as prescribed by Council rules.

All regular and special meetings of Council where official action is taken shall be open to the public.
(Amended 11-2-2010)

## SECTION 2.08. COUNCIL RULES AND JOURNAL.

The Council shall determine its own rules and order of business and shall provide for keeping a journal of its proceedings. This journal shall be a public record.

### SECTION 2.09. LEGISLATIVE PROCEDURE.

The legislative action of the Council shall be by ordinance or resolution, introduced in written form, which shall contain no more than one subject, which shall be expressed clearly in the title. Ordinances involving general appropriations may contain the various subjects and accounts for which monies are appropriated, and codification, recodifications and publications of ordinances and resolutions in book form may contain more than one subject. An affirmative vote of a majority of Council shall be required for the enactment of every ordinance or resolution, unless a larger number be required by the provisions of this Charter.
(Amended 11-7-2006; 11-8-2016; 11-3-2020)

### SECTION 2.10. READING REQUIREMENTS.

All legislation shall be deemed to have a reading if furnished to every Council member and posted publicly by the Clerk at least 24 hours prior to any Council meeting. The Clerk may give a general description of the legislation at the meeting without reciting the title verbatim. Resolutions, being of a less permanent nature, which do not involve the expenditure of funds by the City may be adopted by a majority vote of the members of Council following a single reading. Resolutions or Ordinances which involve the expenditure of money shall require readings at two City Council meetings not less than none week apart unless any Council member requests the Clerk to read the Ordinance or Resolution in its entirety. Council may reserve a third reading for any legislation upon substantive changes to a draft Ordinance or draft Resolution after a first reading or second reading without treating such legislation as a first reading.

Any Ordinance to amend the Codified Ordinances of the City, or to take other actions not permitted as emergencies, being of a permanent nature, shall require three readings before passage. Emergency legislation need only be read once before passage, with no requirement for rule suspension. Otherwise, Council may suspend the reading rules upon an affirmative vote of two-thirds of the members present at the meeting.
(Amended 11-8-2016)

### SECTION 2.11. EMERGENCY ORDINANCES AND RESOLUTIONS.

When necessary for the preservation of the public peace, health, welfare or safety, the Council, by an affirmative vote of two-thirds (2/3) of the members, may adopt an emergency ordinance or resolution which shall set forth and define the specific facts necessitating the emergency. Such emergency ordinances or resolutions shall require no public hearings and shall take effect at the time indicated therein. Emergency ordinances and resolutions shall be published as other ordinances and resolutions after passage.

Each emergency ordinance or resolution shall require the affirmative vote of at least two-thirds (2/3) of the members elected to Council for its enactment. If such emergency ordinance or resolution fails to receive the requisite two-thirds (2/3) affirmative vote, but receives the necessary majority for passage as a non-emergency ordinance or resolution, it shall take effect as a non-emergency ordinance or resolution.
(Amended 11-6-90)

### SECTION 2.12. ACTIONS NOT PERMITTED AS EMERGENCIES.

No action of Council authorizing the surrender or joint exercise of its powers, or in granting a franchise, or in establishing new positions, both classified and unclassified, or in the enactment, amendment or repeal of any zoning or building resolution or ordinance, or in the changing of any ward boundaries, or in authorizing any change in the boundaries of the City, shall be enacted as an emergency ordinance or resolution.

### SECTION 2.13. AMENDING ORDINANCES AND RESOLUTIONS.

No ordinance or resolution, or section or subsection thereof, shall be revised or amended unless the ordinance or resolution superseding it contains the entire ordinance or resolution, or section or subsection thereof, as revised or amended, and having been revised or amended, the original ordinance or resolution, or section or subsection thereof, shall be repealed.

### SECTION 2.14. AUTHENTICATION OF ORDINANCES AND RESOLUTIONS.

Each ordinance or resolution should be authenticated by the signature of the Council president, or other presiding officer, and the Clerk of Council. The failure or refusal of such officers to sign such ordinances or resolutions shall not invalidate an ordinance or resolution.

### SECTION 2.15. EFFECTIVE DATE OF ORDINANCES AND RESOLUTIONS.

Emergency legislation and any legislation adopted on first reading shall take effect immediately upon approval by the Mayor. Each ordinance or resolution providing for the appropriation of money, or for the annual tax levy, or for improvements petitioned for by the

owners of a majority of the adjacent property to be benefitted and especially assessed therefor shall take effect, unless a later date be specified therein, upon its approval by the Mayor, or upon the expiration of the time within which it may be vetoed by the Mayor, or upon its passage after veto by the Mayor. No other legislation shall become effective until 14 days after:

a) Its approval by the Mayor, or
b) The expiration of the time within which it may be vetoed by the Mayor, or
c) Its passage after veto by the Mayor.

(Amended 11-8-2016)

## SECTION 2.16. PUBLIC NOTICE BEFORE FINAL ENACTMENT.

No action of Council authorizing the surrender or joint exercise of any of its powers, or in the granting of any franchise, or in the enactment, amendment or repeal of any zoning or building ordinance or resolution, or in the changing of any ward boundaries, or in the authorizing of any change in the boundaries of the City shall be enacted unless the title and summary of the ordinance or resolution has been published in a newspaper of general circulation within the City at least 7 days before enactment by Council. Those actions of Council which require public hearings under the general laws of Ohio shall require public hearings under this Charter unless it is inconsistent with the provisions of this Charter to require the public hearings.

## SECTION 2.17. PUBLICATION OF ORDINANCES AND RESOLUTIONS.

At least once every 90 days, the Clerk of Council shall submit a list of legislation adopted by Council to a newspaper of general circulation and/or digitally within the City and post that list conspicuously in the City building and online. The list shall fairly describe and summarize the legislation enacted and announce that the full text of Ordinances and Resolutions are available for inspection at the office of the Clerk of Council, or the full text may be provided by a digital or hard copy upon request to the Clerk. Failure of publication, or any error or omission in publication, shall not invalidate an Ordinance or Resolution.

The City shall not be required to advertise through paid publication except to comply with Ohio Revised Code Section 705.16(B), which requires legal advertising in a newspaper of general circulation only once upon adoption for a legislation of a permanent general nature, or providing for public improvements, or assessing property in the municipal corporation.
(Amended 6-8-1982; 11-8-2016; 11-3-2020)

## SECTION 2.18. ADOPTION BY REFERENCE OF TECHNICAL CODES.

Notwithstanding the other sections of this chapter, Council may, by ordinance or resolution, adopt technical codes, or any part thereof, prepared by the Federal Government or any agency thereof, the State or any department, board or other agency or political subdivision of the State, or any standard or model ordinance or code prepared and promulgated by a public or private organization including but not limited to codes and regulations pertaining to fire, fire hazards, fire prevention, plumbing code, electrical code, building code, refrigeration machinery code, piping code, boiler code, heating code, air conditioning code, housing code, and other matters as Council may deem appropriate by incorporation by reference. The ordinance or resolution adopting any such code or ordinance shall make reference to the date and source of such code without reproducing the same at length in the ordinance or resolution. In such cases, publication of the standard ordinance or code shall not be required, but at least one copy of such code shall be kept at all times in the office of the Clerk of Council and available for reference by interested persons. If the ordinance or code, after its adoption by reference by the Council, is amended, the Council may adopt the amendment or change by incorporation by reference in an ordinance or resolution under the same procedure as is established herein for the adoption of the original code without the necessity of setting forth in full in the ordinance or resolution the provisions either of the amendment or change to the original ordinance or code.

## SECTION 2.19. CODIFICATION.

The Council may revise, codify, recodify, rearrange and publish the ordinances and resolutions in book or code form. Codifications and recodifications may contain new matter therein and be published digitally.
(Amended 11-8-2016)

## SECTION 2.20. COUNCIL RELATIONSHIP TO ADMINISTRATIVE OFFICERS.

Neither Council, nor its committees, shall in any manner take part in the discipline of, nor give orders to, any subordinate or employee in the administrative service of the City responsible to the Mayor, but must deal directly with the Mayor or Director of Administration. Council may inquire into the conduct of any office or department or any affairs of the City.

## SECTION 2.21. TERM LIMITS.

Effective with the Council elections of 2010 for terms beginning January 1, 2011, or after, no person shall serve more than three consecutive four year terms on Council, plus a period not to exceed one year of an unexpired term. This limitation shall apply regardless of whether the three consecutive terms are from one or more Wards, at-large or any combination thereof. Current council members may serve three full terms commencing after December 31, 2010, regardless of previous service.

(Added 11-2-10)

# ARTICLE III: THE MAYOR

## SECTION 3.01. QUALIFICATION, TERM.

The chief executive officer of the City shall be the Mayor. The Mayor shall be a qualified elector of the City of Urbana. The Mayor shall be elected by the people to a 4-year term at the general election of 1979 and every fourth year thereafter. The Mayor's term of office shall commence on January 1 of the year following his election.

## SECTION 3.02. GENERAL POWERS.

In addition to the specific powers listed in this Charter, the Mayor shall have all powers conferred upon mayors of cities by the laws of the State of Ohio unless otherwise provided in this Charter. The Mayor shall also have such additional powers as may be conferred upon him by Council.

## SECTION 3.03. SPECIFIC ADMINISTRATIVE POWERS.

The Mayor shall be the chief executive of the City and shall have the responsibility for the general supervision and direction of the administrative branch of the City government. He shall appoint the Director of Administration, the Director of Law, and the Director of Finance who shall serve at his pleasure and may be removed by the Mayor without cause. The appointment of the Director of Law and the Director of Finance shall be subject to confirmation by a majority vote of Council.

The Director of Administration, Director of Law, Director of Finance, or the head of any other department shall not appoint a head of any division who is in the unclassified service of the City unless the Mayor shall first approve of such appointment in writing. Disciplinary actions to dismiss, demote or suspend for more than three (3) days officials and employees in the unclassified service of the City by heads of departments shall be taken only with the Mayor's prior written approval.

(Amended 11-6-1990)

## SECTION 3.04. VETO POWER.

Upon passage or adoption, every ordinance and resolution shall be presented to the Mayor by the Clerk of Council. If the Mayor approves such ordinance or resolution, he shall sign and return it, but if he does not approve it, he shall veto it and return it with a statement of his objections to the Council. This statement shall be recorded in Council's journal.

The Council shall reconsider the vote on the passage of an ordinance or resolution vetoed by the Mayor not later than at its next regular meeting. If, on reconsideration, it is approved by two-thirds of the members of Council, it shall become effective as provided in Section 2.15 of this Charter.

If any ordinance or resolution shall not be returned by the Mayor within 10 days after it was presented to him, it shall become effective in the same manner as if it had been signed by the Mayor on the last day of the 10-day period. The Mayor may exercise item veto over appropriation ordinances or resolutions and item vetoes shall be subject to the other provisions in this Charter relating to the Mayor's veto power.

## SECTION 3.05 VACANCY.

In the event of a vacancy in the office of Mayor, the president of Council shall succeed to the office of Mayor to serve until said office is filled by an elected person at the next election at which candidates may run in compliance with the Board of Election time restraints. The newly-elected person shall complete the vacant term.

(Amended 11-3-2020)

# ARTICLE IV: ADMINISTRATIVE OFFICERS, DEPARTMENTS, BOARDS, AND COMMISSIONS.

## SECTION 4.01. DIRECTOR OF ADMINISTRATION.

The Director of Administration shall be appointed by the Mayor on the basis of his demonstrated competence in public, commercial, organizational or industrial administration. The Director of Administration shall be responsible to the Mayor for the supervision and

operation of all City administrative divisions, except for those within the Departments of Law and Finance. The Director of Administration shall have all powers conferred upon service directors and safety directors of cities by the laws of the State of Ohio to the extent that such powers are not inconsistent with the provisions of this Charter. He shall serve as purchasing agent, subject to the control and supervision of the Board of Control, and the personnel officer for all departments of the City. When requested by the Mayor he shall assist in the preparation of the yearly budget and appropriation ordinances or resolutions. He shall perform such other duties as may be specified by the Mayor, including directorship of another department or head of a division, other than serving as the Director of Law or Director of Finance. The Mayor may designate an individual who, during the absence or disability of, or during a vacancy in, the office of the Director of Administration, shall exercise the powers and discharge the duties and functions of the Director of Administration under the title of Acting Director of Administration.
(Amended 11-5-2000; 11-8-2016)

## SECTION 4.02. DIRECTOR OF LAW.

The Director of Law shall be appointed by the Mayor, subject to confirmation by the Council, and shall be admitted to practice law in the State of Ohio. Removal of the Director of Law must also be confirmed by Council.

The Director of Law shall serve as legal counsel to the executive and legislative branches of the City. The duties of the Director of Law shall include those assigned by the general law of the State of Ohio to directors of law of statutory plan cities, except that he shall not serve as counsel to the Urbana City Board of Education. The Director shall have only such prosecutorial duties as the general laws of Ohio require. The Mayor may designate an individual who, during the absence or disability of, or during a vacancy in, the office of Director of Law shall exercise the powers and discharge the duties and functions of the Director of Law under the title of Acting Director of Law.
(Amended 11-5-2000; 11-8-2016; 11-3-2020)

## SECTION 4.03. DIRECTOR OF FINANCE.

The Director of Finance shall be appointed by the Mayor, subject to confirmation by the Council, on the basis of his or her competence as demonstrated by experience, education or both. Removal of the Director of Finance must also be confirmed by Council.

The Director of Finance shall be the chief fiscal officer of the City. He shall, on behalf of the City, collect all taxes, assessments and monies due; disburse funds as authorized; and select depositories. He shall maintain an efficient general accounting system and specify and supervise all departmental, divisional, agency or board accounting, including invoicing, receiving and, where appropriate, cost accounting systems; and he shall represent the City with other governmental fiscal agencies. The Director of Finance shall perform all duties and functions now or hereafter imposed on city auditors and treasurers by the laws of the State of Ohio which are not in conflict with the provisions of this Charter. The Director of Finance shall also invest funds when available for investment, considering the need of the City to have funds available to meet its obligation as they come due, in any of the following:

a) Federally insured banks or federally insured savings and loan associations, whether in the form of time certificates of deposit or savings or deposit accounts, including but not limited to passbook accounts;
b) Bonds, notes, debentures or other obligations of or guaranteed by the United States, or those for which the faith of the United States is pledged for payment of principal and interest thereon;
c) Bonds, notes, certificates of indebtedness or other obligations of the City of Urbana, Ohio; and
d) The Director of Finance, on behalf of the City, may also enter into a repurchase agreement, under the terms of which agreement, the Director, on behalf of the City purchases and the seller agrees unconditionally to repurchase any of the securities listed in the division (b) hereof in this section; and the Director of Finance, on behalf of the City, may also enter into a repurchase agreement under the terms of which agreement the Director, on behalf of the City, sells and agrees unconditionally to repurchase any of the securities listed in division (b) hereof in this section.

The Director of Finance shall, for the Council in a form Council may specify, report the current financial status of the City not less than quarterly, provide Council financial information when requested and make a yearly report covering all accounts and obligations of the previous fiscal year. The Director of Finance shall serve as fiscal advisor to the Mayor and the Council and provide cost account data when feasible and desirable. He shall assist the Mayor in the preparation of the yearly budget, appropriation ordinances and statements of anticipated income, and accept any other duties assigned to him by the Mayor.

The Mayor may designate an individual who, during the absence or disability of, or during a vacancy in, the office of Director of Finance, shall exercise the powers and discharge the duties and functions of the Director of Finance under the title of Acting Director of Finance.
(Amended 11-5-2000; 11-8-2016; 11-3-2020)

## SECTION 4.04. CITY DEPARTMENTS.

Unless modified as provided in Section 4.07 of this Charter or by the creation by ordinance or resolution of new agencies, the administrative branch of the City shall contain the following departments: Administration, Law and Finance.

Divisions within the Department of Administration shall include: Public Works, Parks and Recreation, Cemetery, Engineering, Fire, Police, Community Development, Municipal Airport and such other divisions or subunits as shall be provided in the manner set forth in Section 4.07 of this Charter.

The Directors of Law and Finance as to their respective departments, and with the prior written approval of the Mayor, may provide for the initial organization into divisions or subunits of the Departments of Law and Finance under this Charter. Thereafter, changes in such organization of the Departments of Law or Finance shall be made in accordance with Section 4.07 of this Charter.
(Amended 11-7-00)

## SECTION 4.05. DIRECTORS OF DEPARTMENTS

## SECTION 4.05. DIRECTORS OF DEPARTMENTS.

All directors of departments shall have complete control and supervision over the employees and the work of their departments, including the power to hire, dismiss, suspend, and discipline, subject to Section 3.03 and the provisions of this Charter pertaining to civil service. All directors of departments shall be entitled to one month severance pay in addition to any other compensation or allowances that may be due them, unless the Mayor terminates their services for cause, as such cause shall be determined by uniform rule by ordinance or resolution.

## SECTION 4.06. BOARDS AND COMMISSIONS.

a) There shall be a Parks and Recreation Board consisting of 5 members. One member shall be appointed by the Urbana City Board of Education. All other members will be appointed by the Mayor. All members of the Board shall serve for terms of 5 years, except that the initial appointees named shall serve terms of 1, 2, 3, 4, and 5 years (the initial appointee named by the Urbana City Board of Education shall serve the 5-year term).

The Director of Administration shall consult with the Parks and Recreation Board on the appointment of the Superintendent of the Parks and Recreation Division. The Superintendent of the Parks and Recreation Division shall consult with the Parks and Recreation Board on all matters relating to program fees, preparation of the annual division budget, employment of personnel, administration of programs, planning and any other matters which the Superintendent of Parks and Recreation considers appropriate to serve the recreation needs of the community. The powers, duties, and functions of the Parks and Recreation Board shall be advisory only.

b) There shall be a Planning Commission of 7 members, to include the Mayor, Director of Administration and a member of the Parks and Recreation Board, as selected by the members of that Board. The other 4 members shall be appointed by the Mayor for 4-year terms, one member from each of the City's 4 wards. Initial terms of office of the 4 ward representatives shall be for 1, 2, 3 and 4 years with the ward representatives to be appointed for full 4-year terms thereafter. The powers, duties and functions of the Planning Commission shall be provided by this Charter and the ordinances and resolutions of the City; but until such ordinances or resolutions shall be passed, it shall possess powers, duties and functions as are provided by the laws of Ohio, to the extent that such laws do not conflict with the provisions of this Charter.

c) There shall be a Building and Zoning Appeals Board of 5 members to include the president of Council and 4 other members appointed by the Mayor for 4-year terms, one member from each of the City's 4 wards. Initial terms of office of the 4 ward representatives shall be for 1, 2, 3 and 4 years with the ward representatives to be appointed for full 4-year terms thereafter.

The Building and Zoning Appeals Board shall have those powers, duties and functions as provided in this Charter and as provided by the ordinances and resolutions of the City.

City Council may, by ordinance, require that the number of votes of the membership necessary to take action be greater than a majority.

d) There shall be a Board of Control consisting of the Mayor, Director of Administration and Director of Finance. The Board of Control shall award all contracts on behalf of the City, except as otherwise provided under this Charter. The Council shall by ordinance or resolution prescribe the regulations and procedures to be followed by the Board of Control in awarding contracts, including the conditions and circumstances, and exceptions thereto, when competitive bidding shall be required, as well as the procedures to be followed when competitive bidding is required. In the absence of Council action in prescribing the regulations and procedures, the Board shall formulate its own regulations and procedures by written rule until the Council shall adopt an ordinance or resolution prescribing the regulations and procedures to be followed by the Board. The Board may, in addition to the regulations and procedures adopt written rules concerning purchasing and the award of contracts to the extent such rules do not conflict with this Charter or ordinances or resolutions adopted by the Council. The Council shall authorize the issuance of all bonds, notes, or certificates of indebtedness to be issued by the City by ordinance or resolution. The Mayor and the Director of Finance shall sign such bonds, notes and certificates on behalf of the City, and the approval of the Board of Control shall not be required.

e) There shall be a Design Review Board consisting of seven members. One member shall be a member of the Planning Commission, as selected by the members of that Commission. The other six members shall be appointed by the Mayor for three-year terms. The initial appointees named shall serve terms of: two members for one-year terms, two members for two- year terms, and two members for three-year terms.

The purpose of the Design Review Board shall be to review applications for development, redevelopment or alterations in any Overlay District as established by the planning and zoning ordinances and resolutions for the City.

The Design Review Board shall have those powers, duties and functions as provided in this Charter and as provided by the ordinances and resolutions of the City.

f) There shall be a Board of Nuisance Appeals consisting of three members appointed by the Mayor for three-year terms. The initial appointees named shall serve terms of one, two and three years. The Board of Nuisance Appeals shall hear appeals from the decision of the Director of Administration that a public nuisance exists within the City. The Board shall have those powers, duties and functions as provided in this Charter, the ordinances and resolutions of the City, and the general laws of Ohio to the extent such laws do not conflict with this Charter or the ordinances and resolutions of the City.

g) All other boards and commissions in existence at the time this Charter goes into effect and not abolished or modified herein, shall continue as provided in the statutes or ordinances creating and governing such boards and commissions until modified or abolished in accordance with this Charter.

h) All members of boards and commissions who are not serving in ex officio capacity shall be electors of the City, shall serve without pay, shall not be employed by the City, and shall be subject to removal for cause as provided by ordinance or resolution adopted by the Council.

i) Unless otherwise provided in this Charter, each board and commission, whether established by this Charter or pursuant to Section 4.07 of this Charter, shall:

1) Organize at its first meeting each year by electing a chairman, vice chairman and secretary. The chairman and vice chairman shall be a member of the board or commission, and the secretary may be elected from within or without the membership of the board or commission. The secretary shall keep an accurate and complete record of the

proceedings of the board or commission; and shall file a copy of its proceedings with the Clerk of Council for public inspection.

2) Take action by motion, and a majority vote of the members of the board or commission shall be necessary to take any action. A majority of the members shall constitute a quorum.

3) Adopt rules for the conduct and government of the board or commission; however, the rules may not conflict with the provisions of this Charter or ordinances and resolutions of the City.

j) Unless otherwise provided in this Charter, a vacancy during the term of any member of a board or commission created by this Charter or pursuant to Section 4.07 of this Charter shall be filled for the unexpired term in the manner authorized for an original appointment. Any board or commission with less than five regular voting members shall have at least one alternate member appointed by the Mayor to serve in the event any temporary absence or conflict of interest arises for any regular board or commission member. For any board or commission with five or more voting members, at least two alternates shall be appointed. The Mayor may relax qualifications for alternates in comparison to other board and commission members in the event of a documented need for an alternate who is otherwise suitable. In the event of a vacancy under Section (J), the alternate may request to remain an alternate, or to be a candidate for regular appointment if the alternate is qualified to serve.

k) A Salary Commission is hereby created which shall determine the salaries of the Mayor and the Council members. The Salary Commission shall consist of five members who are registered electors of the City appointed by the Mayor subject to the confirmation by Council by resolution. The five members shall consist of one person from each of the 4 wards in the City, as well as one at-large. Three of the members of the Salary Commission shall serve for two years and two for three years, to take office within 30 days after the effective date of this section. Thereafter, members of the Salary Commission shall be appointed to serve for three years and until their successors have been appointed and have qualified. No Council member or employee of the City or members of the immediate family of a Council member or employee shall be eligible to be a member of the Salary Commission.

The Salary Commission shall from time to time elect a Chairperson from its membership. Within 45 days of its creation, and every odd numbered year thereafter, the Salary Commission shall meet to consider the salaries and compensation of the Mayor and Council members.

Beyond the terms contained herein, the rules governing the Salary Commission shall be set by City Council.

(Amended 11-7-2000; 11-8-2016; 11-3-2020)

### SECTION 4.07. ADMINISTRATIVE REORGANIZATION.

As used in this Charter, "agency" means any department, division, bureau, board or commission in the administrative branch of the City government. As used in this section, "reorganize" or "reorganization" shall mean the abolition, consolidation, or modification of existing agencies, or the creation of new agencies. No agency of the City may be reorganized except in the manner provided in this section. The exclusive power to initiate a reorganization of an agency of the City shall be vested in the Mayor. The Mayor may propose a reorganization by filing a copy of the proposed ordinance or resolution setting forth the detailed provisions of the reorganization with the Clerk of Council. The Council shall consider the proposed ordinance or resolution setting forth the proposed reorganization in the same manner as any other ordinance or resolution, except that if it is modified or amended by the Council in any way it shall not be voted on as to its passage unless the Mayor shall agree to the modification or amendments in writing. If the Council fails to act upon an ordinance or resolution proposing a reorganization within 60 days after it is filed with the Clerk of Council, such ordinance or resolution shall be deemed to have been rejected and the power of the Council to adopt it shall lapse. The Mayor may reinitiate the proposed reorganization, or a modification thereof.

## ARTICLE V: THE CIVIL SERVICE

### SECTION 5.01. GENERAL PROVISION.

The general laws of the State of Ohio regarding selection, testing, promotion, demotion, discipline and removal of employees of the City shall be enforced unless otherwise provided in this Charter; and provided that the Council shall have the power to adopt, by ordinance or resolution, rules and regulations prescribing the procedures for the selection, testing, promotion, demotion, discipline, and removal of employees within the classified service of the City, subject to the provisions of this Charter, which rules and regulations may modify, supplement, or supersede the laws of the State of Ohio, and in case of conflict shall prevail over the laws of the State of Ohio.

### SECTION 5.02. MUNICIPAL CIVIL SERVICE COMMISSION.

There shall be a Municipal Civil Service Commission composed of 3 members appointed by the Mayor to serve 6-year terms. At the time of any appointment, not more than 2 Commissioners shall be adherents of the same political party. Vacancies shall be filled in the same manner as original appointments for the unexpired term. The Director of Administration shall be the administrative officer for the Municipal Civil Service Commission.

The Municipal Civil Service Commission shall have those powers, duties and functions as provided in this Charter, the ordinances and resolutions of the City and the general laws of Ohio to the extent such laws do not conflict with this Charter or the ordinances and resolutions of the City.

The City shall not be responsible for the administration of the civil service laws of the State on behalf of any city, local, exempted village or other school district.

(Amended 11-7-2000)

### SECTION 5.03. CIVIL SERVICE - CLASSIFIED AND UNCLASSIFIED.

All employees of the City shall be in either the classified or the unclassified service. All employees in the classified service shall be appointed and promoted in accordance with competitive examinations. The following constitute the classified service of the City:

a) All regular full-time Police Division personnel.
b) All regular full-time Fire Division personnel.
c) Such other employees, as defined by ordinance or resolution, as may be required to be included within the classified service of the City by the Constitution of Ohio.

All other officers and employees shall be in the unclassified service, and exempt from the requirements for civil service.

### SECTION 5.04. CIVIL SERVICE EXAMINATIONS.

The civil service written examinations given before appointment or promotion shall be prepared, graded and the results certified by a qualified testing service. The Municipal Civil Service Commission may require supplemental information such as psychological examination, physical examination, polygraph examination and physical agility tests before an appointment or promotion is made.

No more than five persons shall be certified as eligible for a single original appointment. No more than five persons in excess of the number to be appointed shall be certified if two or more original appointments are to be made at one time. No more than three persons shall be certified as eligible for a single promotion. No more than three persons in excess of the number to be promoted shall be certified as eligible for promotion if two or more promotions are to be made at one time. The Director of Administration shall make the original appointments or promotions from the certified eligible lists.

(Amended 11-7-2000)

### SECTION 5.05. PROMOTION TO POLICE CHIEF AND FIRE CHIEF.

The positions of Chief of Police Division and Chief of Fire Division shall be filled by competitive examination among qualified members of the respective divisions, and those other persons eligible to take the examination as provided in this section. The eligibility of members of each Division who can take the examination shall be determined by the Municipal Civil Service Commission. In addition the Mayor may nominate 2 additional qualified candidates from outside the Divisions to take the examination. The testing and appointment shall be made in accordance with Section 5.04 of this Charter.

### SECTION 5.06. DISCIPLINE OF CLASSIFIED PERSONNEL.

Dismissal, suspension, and discipline of employees in the classified service of the City, except in the Divisions of Police and Fire, shall be made by the Directors of the respective departments.

The Chiefs of the Police and Fire Divisions may prefer charges, dismiss, suspend, and discipline classified employees of their Division for the following reasons: neglect of duty, insubordination, conduct unbecoming an employee, malfeasance, nonfeasance, misfeasance, abuse of the leave policy of the City, physical incompetence, failure to maintain a high level of professional performance, and any other cause that may be established by Council as a uniform rule by ordinance or resolution.

The Chiefs of the Police and Fire Divisions shall be subject to the disciplinary authority of the Director of Administration.

(Amended 11-6-1990)

### SECTION 5.07. RETIREMENT. (REPEALED)

EDITOR'S NOTE: Former Section 5.07 was repealed by the voters on November 2, 2010.

### SECTION 5.08. POLITICAL ACTIVITY.

No employee of the City shall be required to make or solicit any contribution to the campaign funds of any candidate for office of the City nor take part in the political campaign of any candidate for office of the City. No employee or officer in the classified service of the City shall participate in any political campaign whatsoever during working hours, and a violation of this prohibition against political activity during working hours shall be cause for suspension or dismissal from the classified service of the City.

## ARTICLE VI: FINANCE

### SECTION 6.01. FISCAL YEAR.

Unless modified by law, the fiscal year of the City shall be the calendar year.

### SECTION 6.02. ANNUAL BUDGET.

Council shall review, consider and adopt or reject the annual budget.
(Amended 11-2-2010)

### SECTION 6.03. TEMPORARY APPROPRIATION ORDINANCE.

Until such time as Council adopts an appropriation ordinance for the current fiscal year, amounts appropriated for operations in the preceding year shall be deemed adopted on month-to-month basis, with all items in it prorated accordingly. However, Council may adopt a different temporary appropriation ordinance or resolution as permitted by the general laws of Ohio.

### SECTION 6.04. ANNUAL APPROPRIATION ORDINANCE.

No later than November 15 of each year, the Mayor shall submit a proposed annual appropriation ordinance or resolution for the next ensuing year for consideration of Council. The proposed ordinance or resolution shall provide a complete financial plan for all City funds and activities for the ensuing fiscal year, and shall forecast operating and capital expenditures and income for two additional years, and such other information as Council may require.

No later than April 1 of each year, Council shall adopt the annual appropriation ordinance or resolution. The ordinance or resolution may be subsequently amended. All ordinances and resolutions appropriating funds for the City's use shall be effective immediately upon passage.

The procedures of this section may be adjusted by Council to accommodate changes in County Budget Commission requirements or in the fiscal year.

### SECTION 6.05. TRANSFER OF APPROPRIATIONS.

Upon written request of the Mayor the Council may by ordinance or resolution transfer part or all of any unencumbered appropriation balance from one fund, department, division, office or agency to another in accordance with Ohio law.

### SECTION 6.06. CAPITAL IMPROVEMENT FUND.

Council shall create and maintain a Capital Improvement Fund and may from time to time transfer or appropriate thereto monies accruing to any other fund of the City not needed for the purposes of such fund and available under law for transfer and may also transfer the unencumbered balance remaining in the General Fund at the end of any fiscal year to the Capital Improvement Fund. Not less than 25% of the income tax collected annually shall be placed in the Capital Improvement Fund. Monies in the Capital Improvement Fund shall be expended for capital improvements and debt service for capital improvements only.

### SECTION 6.07. ANNUAL AUDITS.

Council may authorize an audit of any or all funds, accounts, or activities of the City. This may be in addition to audits by the State of Ohio and shall be made by a public accountant or a certified public accountant who is not otherwise in the employ of the City or financially interested in any matter to be audited.

## ARTICLE VII: NOMINATIONS, QUALIFICATIONS, ELECTIONS, INITIATIVE, REFERENDUM, AND RECALL

### SECTION 7.01. GENERAL PROVISIONS.

Except as otherwise provided in this Charter, the general laws of Ohio shall govern all matters pertaining to nominations of candidates, elections, assumption to office by elected officers and conduct of elected officers of this City.

### SECTION 7.02. DEFINITIONS.

The term "elected officers" means all persons, legislative and executive, who by the terms of this Charter are required to be elected by vote of the electors.

### SECTION 7.03. QUALIFICATIONS OF ELECTED OFFICERS.

Each elected officer of the City shall be an elector of the City and shall continue to reside therein during his term. Each Council member elected to represent a ward shall be a continuous resident and qualified elector of the ward he represents, or territory annexed thereto, during his term of office. Any elected officer who ceases to possess such qualifications shall forfeit his office.

### SECTION 7.04. VOTING DISTRICTS.

All matters pertaining to voting districts within the City, including their designation, number, apportionment and reapportionment shall be governed by the general laws of Ohio.

### SECTION 7.05. ELECTIONS.

Primary and regular Municipal elections shall be held at the times prescribed by the general laws of Ohio, except as otherwise provided in this Charter. The Council may, by a two-thirds vote of its members, order a special election at any time by ordinance or resolution, the purpose of which shall be set forth in the ordinance or resolution, and which purpose may include the referral of a proposed or pending ordinance or resolution to the voters for their approval or rejection.

### SECTION 7.06. BEGINNING OF TERM OF OFFICE.

The term of office for an elected officer shall begin on January 1 next following his election.

### SECTION 7.07. ELECTION TO FILL AN UNEXPIRED TERM.

Within ten days after the time a vacancy occurs in the office of Council Member the President of Council shall issue a proclamation to the Board of Elections declaring the necessity to hold an election to fill the unexpired terms of Member of Council and ordering that said election be held. All elections to fill unexpired terms of Member of Council shall be held at the next general or regular election at least 60 days after the day of vacancy has occurred except that when the term for Member of Council ends within one year following the date the vacancy is created, an election to fill such unexpired terms shall not be held.
(Amended 11-2-2010)

### SECTION 7.08. INITIATIVE AND REFERENDUM

The powers of initiative and referendum are reserved to the people. Ordinances and resolutions may be proposed by initiative petition and adopted by election, and ordinances and resolutions adopted by the Council shall be subject to referendum, to the extent and manner now or hereafter provided by the general laws of Ohio, except as otherwise provided in this Charter. Whoever seeks to propose an ordinance or resolution by initiative petition or files a referendum petition against any ordinance or resolution adopted by Council, shall, before circulating such petition, file a verified copy of the proposed ordinance or resolution with the Board of Elections. Initiative and referendum petitions shall be filed with the Board of Elections, which Board shall determine the adequacy and certify such petitions within the time prescribed by the general laws of Ohio.

### SECTION 7.09. EMERGENCY ORDINANCES NOT EXEMPTED FROM REFERENDUM.

No ordinance or resolution shall be exempt from referendum merely because it is passed as an emergency ordinance or resolution under Section 2.11 of this Charter, except that emergency ordinances and resolutions authorizing issuance of bonds, notes or certificates of indebtedness and emergency ordinances and resolutions appropriating money, authorizing contracts or enacting police regulations necessitated by fire, natural disasters, strikes by City employees, riot or acts of war or insurrection shall not be subject to referendum if they are adopted by a vote of not less than two-thirds of the members of the Council.
(Amended 11-6-1990)

### SECTION 7.10. RECALL.

The power of recall of elected officials is reserved to the people. The recall procedure shall be as provided by Section 705.92 of the Revised Code of Ohio, as it may be amended from time to time, or if said section is repealed, as provided by any successor section or sections subsequently enacted into the statutes of the State of Ohio providing for the recall of municipal officers.

## ARTICLE VIII: GENERAL PROVISIONS

### SECTION 8.01. CONFLICT OF INTEREST.

No elected or appointed official shall hold any incompatible office. The general laws of Ohio pertaining to ethics and conflicts of interest of municipal officials and employees shall be applicable to elected and appointed officials and employees of this City under this Charter.

### SECTION 8.02. CHARTER AMENDMENT.

This Charter may be amended at any time as provided for in the Constitution of the State of Ohio.

### SECTION 8.03. CHARTER REVIEW.

This Charter shall be reviewed in 1990 and every 10 years thereafter. The Charter Review Board shall consist of at least 9 members of the electorate appointed by Council with representation from each ward. Amendments or revisions to the Charter recommended by the Board shall be submitted to the electors in the manner prescribed by the Constitution of the State of Ohio.

### SECTION 8.04. SEPARABILITY.

If any provision, section, or part of a section of this Charter is held invalid by a court, the other provisions of this Charter, section or part of a section shall not be invalidated thereby.

### SECTION 8.05. OATH OF OFFICE.

Any official or employee of the City who is required by law to take an oath of office shall also be required to pledge or affirm his support of this Charter and the ordinances and resolutions of the City of Urbana, Ohio.

### SECTION 8.06. GENDER TERMINOLOGY.

Whenever words used in this Charter are in the feminine or masculine gender, they shall be deemed to refer to both genders.
(Added 11-7-2000)

## ARTICLE IX: TRANSITION

### SECTION 9.01. AMENDMENTS.

Amendments to this Charter shall be effective January 1, 2011, except as otherwise provided herein. In all other particulars the Charter of January 1, 1980, as previously amended shall continue in full force and effect.
(Amended 11-2-2010)

### SECTION 9.02. PENDING MATTERS.

All rights, claims, actions, orders, contracts and legal or administrative proceedings, including but not limited to special assessment proceedings, title to real and personal property, monies on deposit or invested, taxes in process of collection and accounts receivable and rights of action thereto, and rights under contracts, shall continue, and in each case shall be maintained, carried on or dealt with by the appropriate officers of the City's government provided for under this Charter.

### SECTION 9.03. EXISTING LAWS.

All existing ordinances, resolutions and other acts of the City which are not inconsistent with this Charter shall remain in effect until amended or repealed by Council.

### SECTION 9.04. SUBMISSION OF AMENDMENTS TO THE CHARTER TO THE ELECTORS.

The proposed amendments to the Charter of 1980 as amended shall be submitted to the electorate at the election to be held on November 2, 2010. The voters may approve or reject each proposed amendment independently of each other and the rejection of one or more amendments shall not invalidate the adoption of others.

(Amended 11-2-2010)

## SECTION 9.05. YEAR 2000 AMENDMENTS.

The amendments submitted to and approved by a majority of those electors of the City voting at the November 7, 2000, general election shall take effect January 1, 2001. Provisions of Sections 9.02 and 9.03 of the Charter of the City of Urbana, Ohio, shall apply to matters of transition brought about by approved amendments to this Charter. The powers conferred and the duties imposed upon the Design Review Board and the Board of Nuisance Appeals under the ordinances and resolutions of the City at the time this amendment takes effect shall continue until amended or repealed by Council.
(Added 11-7-2000)