Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

**IN THE COURT OF COMMON PLEAS**
**CHAMPAIGN COUNTY, OHIO**

| | | |
|---|---|---|
| **THOR EQUITIES LLC, et. al.,** | : | |
| | : | **Case No. 2026 CV 00112** |
| Appellants, | : | |
| | : | **Judge Nick A. Selvaggio** |
| v. | : | |
| | : | |
| **CITY OF URBANA, OHIO, et. al.,** | : | **NOTICE OF FILING** |
| | : | **R.C. 2506.02 TRANSCRIPT** |
| Appellees. | : | |
| | : | |

Appellees Building and Zoning Appeals Board, City of Urbana, Ohio (the "BZA") and the City of Urbana, Ohio hereby collectively file the enclosed documents comprising the complete transcript of all original papers, testimony, and evidence offered, heard, and taken into consideration in issuing the BZA's final decision on appeal in this case.

Appellees are currently transcribing the BZA's hearing record relevant to this appeal. A copy of the written transcription will be filed with the Court in short order.

Respectfully submitted,

*/s/ Brodi J. Conover*
Brodi J. Conover (0092082)
Carly M. Sherman (0096992)
BRICKER GRAYDON WYATT LLP
2 East Mulberry Street
Lebanon, Ohio 45036
Phone: (513) 870-6693
bconover@bricker.com
csherman@bricker.com

Mark M. Feinstein (0065183)
Director of Law
205 South Main Street, 3rd Floor
Urbana, Ohio 43078
mark.feinstein@ci.urbana.oh.us

*Attorneys for City of Urbana, Ohio Appellees*



Exhibit D

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

**CERTIFICATE OF SERVICE**

I hereby certify a copy of this filing (including all records attached hereto) was served via e-mail upon the following on this 15th day of June, 2026:

Joseph Miller
jrmiller@vorys.com

Christopher Ingram
clingram@vorys.com

Elizabeth Alexander
esalexander@vorys.com

Garrett Anderson
gmanderson@vorys.com

Brodi Voight
bsvoight@vorys.com

*Attorneys for Appellants*

*/s/ Brodi J. Conover*
Brodi J. Conover (0092082)

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

**Department of Zoning and Compliance**
205 South Main Street, Urbana, OH 43078 | (937) 652 – 4325 | ZoningandCompliance@ci.urbana.oh.us | www.urbanaohio.com

# NOTICE OF PUBLIC HEARING

The City of Urbana, Board of Zoning Appeals will hold a public hearing on **April 13, 2026 at 6 PM**. The meeting will be held in the Police and Fire Department Training Room on the second floor of the Municipal Building at 205 S. Main St. The application(s) to be heard are on file in the Zoning Dept. in the Municipal Building and are described below:

1. An application (BZA-2026-08) from Abigail Christison. **The property is located at 605 Miami St.** The applicant is requesting a Conditional Use - Chapter 1126.04 (c) Restaurants.
2. An application (BZA-2026-09) from Thor Equities LLC, Urbana Owner I LLC, Highland55 Investmes LLC**. The property is located at K48-25-11-01-30-001-00, K48-25-11-01-30-005-00, K48-25-11-01-30-006-00, K48-25-11-01-32-005-00, K48-25-11-01-36-001-00 and K48-25-11-01-37-001-00.** The applicant is requesting an Appeal of Zoning Officer Determination.

If any special accommodations are needed to attend this public hearing, please contact the Zoning & Compliance Department at (937) 652-4322 before the meeting.

Mr. Dwight Paul, Chair
Zoning Board of Appeals

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed 06/15/2026 03:50 PM

**Department of Zoning and Compliance**
205 South Main Street, Urbana, OH 43078 | (937) 652 – 4325 | ZoningandCompliance@ci.urbana.oh.us | www.urbanaohio.com

# NOTICE OF PUBLIC HEARING

***** YOU ARE RECEIVING THIS NOTICE BECAUSE YOU OWN PROPERTY WITHIN 200 FEET OF A PROPOSED ZONING VARIANCE APPLICATION. *****

*FOR MORE INFORMATION REGARDING THESE APPLICATIONS, PLEASE CONTACT PRESTON CARTER, ZONING OFFICER, AT (937) 652-4322*

The City of Urbana, Board of Zoning Appeals will hold a public hearing on **April 13, 2026 at 6 PM**. The meeting will be held in the Police and Fire Department Training Room on the second floor of the Municipal Building at 205 S. Main St. The application(s) to be heard are on file in the Zoning Dept. in the Municipal Building and are described below:

1. An application (BZA-2026-08) from Abigail Christison. **The property is located at 605 Miami St.** The applicant is requesting a Conditional Use - Chapter 1126.04 (c) Restaurants.
2. An application (BZA-2026-09) from Thor Equities LLC, Urbana Owner I LLC, Highland55 Investments LLC**. The property is located at K48-25-11-01-30-001-00, K48-25-11-01-30-005-00, K48-25-11-01-30-006-00, K48-25-11-01-32-005-00, K48-25-11-01-36-001-00 and K48-25-11-01-37-001-00.** The applicant is requesting an Appeal of Zoning Officer Determination.

If any special accommodations are needed to attend this public hearing, please contact the Zoning & Compliance Department at (937) 652-4322 before the meeting.

Mr. Dwight Paul, Chair
Zoning Board of Appeals

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

| Address 1 | Address 2 | Address 3 |
|---|---|---|
| Current Resident | 605 Miami St. | Urbana, OH 43078 |
| Current Resident | 518 Miami St. | Urbana, OH 43078 |
| Current Resident | 600 Miami St. | Urbana, OH 43078 |
| Current Resident | 700 Miami St. | Urbana, OH 43078 |
| Current Resident | 200 Elm St. | Urbana, OH 43078 |
| Current Resident | 519 Miami St. | Urbana, OH 43078 |
| Current Resident | 525 Miami St. | Urbana, OH 43078 |
| Current Resident | 401 Storms Ave. | Urbana, OH 43078 |
| Current Resident | 407 Storms Ave. | Urbana, OH 43078 |
| Current Resident | 413 Storms Ave. | Urbana, OH 43078 |
| Current Resident | 419 Storms Ave. | Urbana, OH 43078 |
| Current Resident | 140 Clay St. | Urbana, OH 43078 |
| Current Resident | 142 Clay St. | Urbana, OH 43078 |
| Current Resident | 160 Clay St. | Urbana, OH 43078 |
| Current Resident | 155 Clay St. | Urbana, OH 43078 |
| Current Resident | 151 Clay St. | Urbana, OH 43078 |
| Current Resident | 143 Clay St. | Urbana, OH 43078 |
| Current Resident | 135 Clay St. | Urbana, OH 43078 |
| Current Resident | 318 Grand Ave. | Urbana, OH 43078 |
| Current Resident | 129 Clay St. | Urbana, OH 43078 |
| Current Resident | 406 Storms Ave. | Urbana, OH 43078 |
| Current Resident | 422 Storms Ave. | Urbana, OH 43078 |
| Current Resident | 428 Storms Ave. | Urbana, OH 43078 |
| Current Resident | 25 W 39th St. | New York, NY 10018 |
| Current Resident | 1 Rittal Place | Urbana, OH 43078 |
| Current Resident | 1138 Phoenix Dr. | Urbana, OH 43078 |
| Current Resident | 354 ST RTE 55 | Urbana, OH 43078 |
| Current Resident | 550 ST RTE 55 | Urbana, OH 43078 |
| Current Resident | 668 ST RTE 55 | Urbana, OH 43078 |
| Current Resident | 339 ST RTE 55 | Urbana, OH 43078 |
| Current Resident | 1155 Phoenix Dr. | Urbana, OH 43078 |
| Current Resident | 1060 S. High St. | Urbana, OH 43078 |
| Current Resident | 1512 S US HWY 68 | Urbana, OH 43078 |
| Current Resident | 1549 S US HWY 68 | Urbana, OH 43078 |
| Current Resident | 1509 S US HWY 68 | Urbana, OH 43078 |
| Current Resident | 1673 S US HWY 68 | Urbana, OH 43078 |
| Current Resident | 111 Campground Rd | Urbana, OH 43078 |
| Current Resident | 35 Camground Rd | Urbana, OH 43078 |
| Current Resident | 2071 S US HWY 68 | Urbana, OH 43078 |
| Current Resident | 2087 S US HWY 68 | Urbana, OH 43078 |
| Current Resident | 2117 S US HWY 68 | Urbana, OH 43078 |
| Current Resident | 2211 S US HWY 68 | Urbana, OH 43078 |
| Current Resident | 2249 S US HWY 68 | Urbana, OH 43078 |
| Current Resident | 2227 S US HWY 68 | Urbana, OH 43078 |
| Current Resident | 2200 S US HWY 68 | Urbana, OH 43078 |
| Current Resident | 2504 S US HWY 68 | Urbana, OH 43078 |

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

| | | |
|---|---|---|
| Current Resident | 2380 S US HWY 68 | Urbana, OH 43078 |
| Current Resident | 3040 Riverside Dr. STE 122 | Columbus, OH 43221 |
| Current Resident | 285 Normandy Dr | Indialantic, FL 32903 |
| Current Resident | 7368 Millerstown Eris RD | Saint Paris, OH 43072 |
| Current Resident | 1832 S US Highway 68 | Urbana, OH 43078 |
| Current Resident | 1802 S US Highway 68 | Urbana, OH 43078 |
| Current Resident | 338 W Dallas RD | Urbana, OH 43078 |
| Current Resident | 243 S US HWY 68 | Urbana, OH 43078 |

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/19/2026 03:50 PM

Department of Zoning and Compliance
205 South Main Street, Urbana, OH 43078 | (937) 652 – 4325 | ZoningandCompliance@ci.urbana.oh.us | www.urbanaohio.com



# Board of Zoning Appeals
## April 13, 2026 – 6:00 pm
## Agenda

- **Call to Order – 6:00 pm**
  - Pledge of Allegiance
  - Roll Call
  - Approval of March 9, 2026 Meeting Minutes
  - Rules of the Meeting
- **Old Business**
- **Board of Zoning Appeals Applications**
  - BZA-2026-08 – 605 Miami St. – Abigail Christison: Conditional Use - Chapter 1126.04 (c) Restaurants
  - BZA-2026-09 - K48-25-11-01-30-001-00, K48-25-11-01-30-005-00, K48-25-11-01-30-006-00, K48-25-11-01-32-005-00, K48-25-11-01-36-001-00 and K48-25-11-01-37-001-00 - Thor Equities LLC, Urbana Owner I LLC, Highland55 Investments LLC: Appeal of Zoning Officer Determination
- **Miscellaneous Business**
- **Adjourn**

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

Department of Zoning and Compliance
205 South Main Street, Urbana, OH 43078 | (937) 652 – 4325 | ZoningandCompliance@ci.urbana.oh.us | www.urbanaohio.com

# Board of Zoning Appeals

March 9, 2026 - Meeting Minutes

## Attendance

Ms. Haulman took rollcall

**Member(s) Present:** Lisa Haulman; Vince Gonzalez; Dwight Paul; Gene Fields, alternate

**Member(s) Absent:** Robin Miller, Nate Dawson

**Guests Present**: Mike Christensen, Mark Wirtz

## Call to Order and Pledge of Allegiance

**Action:** Mr. Paul called the meeting to order and led the Pledge of Allegiance

## Reading of Rules of the Meeting

**Action:** Mr. Paul read the Board of Zoning Appeals meeting rules.

## Prior Meeting Minutes (2-9-2026)

**Action:**
Motion to ACCEPT the prior meeting minutes as presented - by: Vincent Gonzalez; Seconded by Lisa Haulman.

**Discussion:** none
**Vote:**
4 (Yay) – 0 (Nay)

## Old Business – Application(s)

**NONE**

## New Business – Application(s)

**BZA-2026-06 – 301and 313 S. Main St. – Mike Christensen/k4architecture; conditional use for an auto-oriented use; Current Zoning B-3 Central Business District**

**Application, Staff Comments/Recommendations:**
The applicant is requesting a conditional use for an auto-oriented use to operate a drive-thru financial institution.

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

**Staff Report**:

**Mr. Carter**, explained the request for conditional use in order to install a drive-thru window for a financial institution. The intention is to demolish both buildings and build a financial institution with 3 drive-thru teller lanes and atm; The following is recommended:

**Determination of BZA-2026-06**

Based upon the information contained in Conditional Use Application BZA-2026-06 by Mike Christensen/k4architecture, the Zoning Officer's determination is that the board should:

- X Grant the application as presented
- ☐ Grant the application with additional conditions
- ☐ Deny the application

This determination is based on the following analysis:

Is the conditional use sought in fact a conditional use? Yes

Will the conditional use being sought be harmonious with and in accordance with the general objectives, or with any specific objective of the City's Comprehensive Plan and/or this Part? Yes

Will the conditional use sought be designed, constructed, operated and maintained so as to be harmonious and appropriate in appearance with the existing or intended character of the general vicinity and that the use will not change the essential character of the same area? Yes

Will the conditional use sought be hazardous or disturbing to existing or future neighboring uses?
No

Will the conditional use sought be served adequately by essential public facilities and services such as highways, streets, police and fire protection, drainage structures, refuse disposal, water and sewer, and schools; and/or that the persons or agencies responsible for the establishment of the proposed use shall be able to provide adequately any such services? There will be no additional impact on essential public facilities.

Will the conditional use sought create excessive additional requirements at public cost for public facilities and services and will not be detrimental to the economic welfare of the community? Existing public facilities and services will be able to support the proposed use with no additional cost to the community.

Will the conditional use sought involve uses, activities, processes, materials, equipment and conditions of operation that will be detrimental to any persons, property or the general welfare by reason of excessive production of traffic, noise, smoke, fumes or odors? No

Will the conditional use sought have vehicular approaches to the property which shall be so designed as not to create an interference with traffic on surrounding public thoroughfares? Yes

**Comments:** Mike Christensen present to answer questions from the board, had no additional comments to add to Mr. Carter's report.

**Board Questions/Comments:**

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

The Board engaged in general discussion with the applicant, indicating agreement with the request.

Erin Patton addressed the applicant and stated that she has a lot she would be willing to sell them down the street that is zoned BR-1.

**Action:**
Motion to APPROVE the application, as presented by: Vincent Gonzalez;
Seconded by: Lisa Haulman
**Roll:**
Mr. Gonzalez: Yes
Ms. Haulman: Yes
Mr. Fields: Yes
Mr. Paul: Yes

**Vote:**
4(Yay) – 0(Nay)
Motion passed.

**BZA-2026-07 – 301and 313 S. Main St. – Mike Christensen/k4architecture; Variance from 1133.08 (L) Parking Space Requirements (Stacking Space);**
**Current Zoning B-3 Central Business District**

**Application, Staff Comments/Recommendations:**
City code requires a minimum of 5 stacking spaces per window. If approved, this variance would allow for stacking space of 3 per window.

**Staff Report**:
**Mr. Carter**, explained the request as it relates to the applicant's desire for a variance. With the proposed layout, there is possible allowance for 4 stacking spaces, but the request allows for a minimum of 3:

**Determination of BZA-2026-07**

Based upon the information contained in Variance Application BZA-2026-07 by Mike Christensen/k4architecture, the Zoning Officer's determination is that the board should:

X Grant the application as presented
☐ Grant the application with additional conditions
☐ Deny the application

This determination is based on the following analysis:

**Exceptional circumstances**
Where, by reason of the exceptional narrowness, shallowness, or unusual shape of a specific piece of property on the effective date of this Zoning Code, or by reason of exceptional topographic conditions, or other extraordinary situation or condition of such piece of property, or of the use or development of property immediately adjoining the piece of property in question, there are exceptional or extraordinary circumstances or conditions applying to the property in question or to the intended use of the property, that do not apply generally to other properties or classes of uses on the same zoning district.
Yes


BZA008

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

**Preservation of property rights**
That such variance is necessary for the preservation and enjoyment of substantial property rights which are possessed by other properties in the same zoning district and in the same vicinity.
Yes

**Absence of detriment**
That the authorizing of such variance will not be of substantial detriment to adjacent property, and will not materially impair the purposes of this Zoning Code or the public interest.
This variance would not have a negative effect on adjacent properties.

**Not of general nature**
That the condition or situation of the subject property, or the intended use of the property, for which variance is sought, is not of so general or recurrent a nature as to make reasonably practical the formulation of a general regulation for such conditions or situation.
This is variance request is not general in nature.

**Comments:** Mike Christensen added that the intent is to have 3 lanes: a night-drop/atm lane and 2 lanes with pneumatic tubes. Potentially 2 lanes, one way around the site.

**Board Questions/Comments:**
The Board engaged in general discussion with the applicant, indicating agreement with the request.

Amy Jumper asked is a traffic study had to be performed. It was relayed that there was not one done, and traffic studies are up to the engineering department.

**Action:**
Motion to APPROVE the application, as presented by: Gene Fields;
Seconded by: Dwight Paul

**Roll:**
Mr. Gonzalez: Yes
Ms. Haulman: Yes
Mr. Fields: Yes
Mr. Paul: Yes

**Vote:**
4(Yay) – 0(Nay)
Motion passed.

## Miscellaneous

none

## Adjournment

**Action:**
Motion to adjourn by: Gene Fields
Seconded by: Vincent Gonzalez

**Vote:**
4 (Yay) – 0 (Nay)
Motion Passed.

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

# RULES OF THE MEETING

Thank you for attending this evening's meeting. We like to start the meeting by covering some ground rules for procedures. It is the role of the Board of Zoning Appeals to:

1. Hear and decide appeals where it is alleged there is an error in any order, requirement, decision, interpretation or determination made by the Zoning Inspector.

2. Authorize such variances as will not be contrary to the public interest, where owing to the special conditions, a literal enforcement of this Part will result in unnecessary hardship, and so that the spirit of this Zoning Code shall be observed and substantial justice done.

3. Hear applications for and decide upon requests for conditional use.

We will begin with **(1)** a reading of the application, **(2)** followed by Staff comments, **(3)** then the applicants comments, followed by the Boards questions and comments. We will then open the floor to **(4)** public comments in support of the application followed by the Boards questions and comments. **(5)** We will then entertain those who may be against the application followed by the Boards question and comments. The Board may, by motion and vote, limit the time allowed to each speaker. In such cases, the Secretary will act as timekeeper. **Those wishing to testify will be asked to step to the podium and give their name and address for the record---please make sure you have signed in.** All comments and questions should be addressed to the Board and not directed to proponents or opponents in the audience. Please refrain from interrupting the meeting. If you have additional information that has not been discussed and is pertinent, please raise your hand for recognition. Please keep the additional comments brief. If you must have a discussion among yourselves please step out of the room.

Finally, a call to entertain a motion to approve, approve with conditions, disapprove, or table the application will be heard. Regardless of the out come, any person adversely affected by a decision of the Board of Zoning Appeals may appeal to the Court of Common Pleas of Champaign County on the grounds that the decision was unreasonable or unlawful. The court may affirm, reverse, vacate or modify the decision complained of in the appeal.

CorelDrw

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

URBANA
Department of Zoning and Compliance
205 South Main Street, Urbana, OH 43078 | (937) 652 – 4325 | ZoningandCompliance@ci.urbana.oh.us | www.urbanaohio.com



# Board of Zoning Appeals

## Staff Report

BZA-2026-08

### Subject Site Address:

605 Miami St.

### Applicant / Owner:

Abigail Christison

### Request:

The applicant is requesting a Conditional Use - Chapter 1126.04 (c) Restaurants. This condition use would allow the applicant to operate a restaurant on an M-1 Manufacturing zoned parcel.

### Current Zoning:

B-3 Central Business District

### Exhibits:

Exhibit 1 – Staff Report
Exhibit 2 – Conditional Use Application
Exhibit 3 – Site Plan
Exhibit 4 – Zoning Officer Determination

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/18/2026 03:50 PM

URBANA

# Board of Zoning Appeals – Conditional Use Application

Case #: BZA-2026-08 Fee: $ 200 — paid

The City of Urbana | Department of Zoning and Compliance
205 South Main Street, Urbana, Ohio 43078 | ZoningandCompliance@ci.urbana.oh.us | (937) 652-4322 | www.urbanaohio.com

## Applicant Information

Full Name: Abigail Christison Property: ☒ Owner ☐ Tenant ☐ Agent

Address: 1736 West State Route 29 (street address) Urbana (city) OHIO (state) 43078 (zip code)

Phone: (937) 869-6492 Email: abigailchristisen@hotmail.com

## Property Information

Property Address: 605 Miami Street (street address) Urbana (city) OH (state) 43078 (zip code)

Parcel ID: K48-25-00-01-13-005-00 Current Zoning District: ~~B-2~~ M-1

Subdivision: Wiley Addn Lot Number: 1-6 Johnson's Magrew/9 & 10 WLM Wiley Addn

Overlay District: City Center Heritage Current Use: Office building

## Project/Proposal General Information

Conditional Use Pursuant to Chapter: Request conditional use approval pursuant to Chapter ~~1127~~ 1120-1126 et. al. of Urbana Codified Ordinance

Description of Conditional Use: operate a mobile smoothie bowl food truck with accessory outdoor seating

Request by Applicant: Low-impact smoothie bowl food truck with limited outdoor seating & on site parking.

## Findings of Fact

The Board of Zoning Appeals shall review the particular facts and circumstances of each proposed use in terms of all the following standards and shall find adequate evidence showing that the use at the proposed location

**IS IN FACT A CONDITIONAL USE AS ESTABLISHED UNDER THE PROVISIONS OF CHAPTERS 1120 – 1126 AND APPEARS ON THE OFFICIAL SCHEDULE OF DISTRICT REGULATIONS FOR THE ZONING DISTRICT INVOLVED.**

Food sales and service (similar to restaurant use) - conditional use. My smoothie truck is essentially a small scale food service operation.

**WILL BE HARMONIOUS WITH AND IN ACCORDANCE WITH THE GENERAL OBJECTIVES, OR WITH ANY SPECIFIC OBJECTIVE OF THE CITY'S COMPREHENSIVE PLAN AND/OR THIS PART.**

By providing a small scale, community-oriented food service that supports local economical development and encourages pedestrian activity. The project will enhance the visual character of the property through well maintained outdoor seating and landscaping elements.

**WILL BE DESIGNED, CONSTRUCTED, OPERATED AND MAINTAINED SO AS TO BE HARMONIOUS AND APPROPRIATE IN APPEARANCE WITH THE EXISTING OR INTENDED CHARACTER OF THE GENERAL VICINITY AND THAT THE USE WILL NOT CHANGE THE ESSENTIAL CHARACTER OF THE SAME AREA.**

The use is consistent with the commercial nature of the B-2 district and will not alter the character of the surrounding area, but rather complement and improve the overall appearance.

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

**WILL NOT BE HAZARDOUS OR DISTRUBING TO EXISTING OR FUTURE NEIGHBORING USES.**

The use is low-impact, with minimal noise, no cooking odors, and limited traffic. The site will be clean, well maintained, and include adequate parking, ensuring no disturbance or hazard to neighboring properties

**WILL BE SERVED ADEQUATELY BY ESSENTIAL PUBLIC FACILITIES AND SERVICES SUCH AS HIGHWAYS, STREETS, POLICE AND FIRE PROTECTION, DRAINAGE STRUCTURES, REFUSE DISPOSAL, WATER AND SEWER, AND SCHOOLS; OR THAT THE PERSONS OR AGENCIES RESPONSIBLE FOR THE ESTABLISHMENT OF THE PROPOSED USE SHALL BE ABLE TO PROVIDE ADEQUATELY ANY SUCH SERVICES.**

The operation will be self-contained, with minimal demand on water and sewer services. Trash & refuse will be properly managed and regularly removed. the use will not place any additional burden on public infrastructure.

**WILL NOT CREATE EXCESSIVE ADDITIONAL REQUIREMENTS AT PUBLIC COST FOR PUBLIC FACILITIES AND SERVICES AND WILL NOT BE DETRIMENTAL TO THE ECONOMIC WELFARE OF THE COMMUNITY.**

The use will not require any additional public improvements or costs and will rely on existing infrastructure and services.

**WILL NOT INVOLVE USES, ACTIVITIES, PROCESSES, MATERIALS, EQUIPMENT AND CONDITIONS OF OPERATION THAT WILL BE DETRIMENTAL TO ANY PERSONS, PROPERTY OR THE GENERAL WELFARE BY REASON OF EXCESSIVE PRODUCTION OF TRAFFIC, NOISE, SMOKE, FUMES OR ODORS.**

It is low-impact, with no smoke, fumes, or strong odors, minimal noise, and limited traffic. It will be operated cleanly and will not negatively affect surrounding properties.

**WILL HAVE VEHICULAR APPROACHES TO THE PROPERTY WHICH SHALL BE SO DESIGNED AS NOT TO CREATE AN INTERFERENCE WITH TRAFFIC ON SURROUNDING PUBLIC THOROUGHFARES.**

Safe access and on-site parking will be provided, ensuring no interferance with surrounding traffic. Traffic will be minimal and short term.

## Applicant Affidavit

I certify that I have the authority to file this application, have read the application in its entirety, and that all information and attachments are true and correct to the best of my knowledge. I understand that submittal of an application does not constitute acceptance for processing until the Planning & Zoning Department reviews that application for accuracy and completeness.

Applicant Signature: [signature] Date: 3-24-26

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

# Board of Zoning Appeals Supplemental Information

## Application Checklist

**Review and complete the applicant column prior to application submittal.**

| Applicant | Meeting Date | Staff |
|---|---|---|
| ☑ | One (1) completed and signed application | ☐ |
| ☑ | One (1) copy of the property's legal deed and description (Already submitted) | ☐ |
| ☑ | $200 Application Fee | ☐ |
| ☑ | One (1) copy of the site plan with accurate dimensions of the property, existing buildings, proposed buildings, setback distances from lot lines, parking spaces and adjacent public right-of-way, the location of all vehicular access points, the location and number of off-street parking spaces, proposed or existing signage, and/or any other applicable information as required by the Zoning Department. | ☐ |
| ☑ | One (1) copy of the property card (can be obtained from the Champaign County Auditor's website) | ☐ |
| N/A | Floodplain Firmette | ☐ |
| N/A | Zoning Map clearly indicating the property's zoning classification | ☐ |
| N/A | Applicable Code Section | ☐ |
| N/A | Mailing labels with the names and tax mailing addresses of all property owners located within 200 feet of the subject property. | ☐ |

Bowl and Saddle will be added to the standard existing Johnson Building road front sign. There will be temporary signage in back of the property adjacent to the food truck, not near road frontage.

Please note property line details are on attached sketch.

Parking spaces are in the existing parking lot. New designated parking can be added if required, but we do not believe it is necessary.

*If the ranch style overhead sign is not allowed by zoning in the back of the property, we will not install it.*

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM



Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM




Please note, this signage can be temporary, if required, or can be removed from the plan if not allowed by zoning. The point that we believe is important with this is that it will be approximately 350-400ft away from the road-front. We appreciate the consideration!

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

**Determination of BZA-2026-08**

Based upon the information contained in Conditional Use Application BZA-2026-08 by Abigail Christison, the Zoning Officer's determination is that the board should:

- X Grant the application as presented
- ☐ Grant the application with additional conditions
- ☐ Deny the application

This determination is based on the following analysis:

Is the conditional use sought in fact a conditional use? Yes

Will the conditional use being sought be harmonious with and in accordance with the general objectives, or with any specific objective of the City's Comprehensive Plan and/or this Part? Yes

Will the conditional use sought be designed, constructed, operated and maintained so as to be harmonious and appropriate in appearance with the existing or intended character of the general vicinity and that the use will not change the essential character of the same area? Yes

Will the conditional use sought be hazardous or disturbing to existing or future neighboring uses? No

Will the conditional use sought be served adequately by essential public facilities and services such as highways, streets, police and fire protection, drainage structures, refuse disposal, water and sewer, and schools; and/or that the persons or agencies responsible for the establishment of the proposed use shall be able to provide adequately any such services? There will be no additional impact on essential public facilities.

Will the conditional use sought create excessive additional requirements at public cost for public facilities and services and will not be detrimental to the economic welfare of the community? No

Will the conditional use sought involve uses, activities, processes, materials, equipment and conditions of operation that will be detrimental to any persons, property or the general welfare by reason of excessive production of traffic, noise, smoke, fumes or odors? No

Will the conditional use sought have vehicular approaches to the property which shall be so designed as not to create an interference with traffic on surrounding public thoroughfares? Yes

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed 06/15/2026 03:50 PM

URBANA
Department of Zoning and Compliance
205 South Main Street, Urbana, OH 43078 | (937) 652 – 4325 | ZoningandCompliance@ci.urbana.oh.us | www.urbanaohio.com



# Board of Zoning Appeals
## Staff Report
BZA-2026-09

### Subject Site Address:
K48-25-11-01-30-001-00, K48-25-11-01-30-005-00, K48-25-11-01-30-006-00, K48-25-11-01-32-005-00, K48-25-11-01-36-001-00 and K48-25-11-01-37-001-00

### Applicant / Owner:
Thor Equities LLC, Urbana Owner I LLC, Highland55 Investments LLC
Champaign County Board of County Commissioners

### Request:
The applicants are appealing a Zoning Officer determination pursuant to Sections 1105.06 (a) and 1105.09 of the City of Urbana Planning and Zoning Code.

- On February 13, 2026, the City of Urbana received a site plan application (the "Application") from Choice One Engineering, acting on behalf of applicant Thor Equities LLC. The site plan proposes the development of a data center project at the Subject Site Addresses.

- The City Engineer received a phone call from Choice One Engineering pertaining to the site plan application on the same day the Application was filed with the City. The Choice One Engineering representative stated the involved site plan was incomplete, and the Application was not yet ready for submission to the City. Despite that fact, Choice One had been instructed by Thor Equities LLC's attorneys to submit the Application anyway.

- City staff subsequently determined the Application to be incomplete. The City was, therefore, unable to accept and process the Application. Additionally, City staff believes the proposed development requires major subdivision approval under Section 1161 of the City of Urbana Codified Ordinances, rather than site plan approval, so the submitted application failed to request the appropriate City approvals for the project.

- City staff's determination regarding the incomplete Application (and the City's inability to accept and process the same) was communicated to Thor Equities LLC via email correspondence dated February 20, 2026 sent by Director of Administration Spencer Mitchell.

- The applicants filed the present appeal from the City's determination on March 20, 2026. The applicants contend that City staff incorrectly deemed the Application incomplete. They ask that the BZA reverse the determination (thereby allowing the City's acceptance and processing of the Application).

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

## Exhibits:

Exhibit 1 – Staff Report
Exhibit 2 – Section 1110.02 of the City of Urbana Codified Ordinances & Site Plan Application Form
Exhibit 3 – Excerpt from City of Urbana Call Log Records (2-13-2026 Call Notes Highlighted)
Exhibit 4 – 2-20-2026 Zoning Officer Determination Email
Exhibit 5 – Application for Appeal of Zoning Officer Determination

**Given that this case represents an appeal from City staff's determination, staff has not provided any recommended Board action on the appeal.**

**The Board shall review the record, and consider any additional evidence presented by the applicants and/or involved City staff, to determine whether staff's determination was lawful and proper based on applicable law and the relevant facts.**

**City staff's determination may be overturned if the Board determines that the decision was unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record.**

Exhibit 2

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed: 06/15/2026 03:50 PM

**1110.02 CONTENTS OF SITE PLAN APPLICATION.**

Before a zoning certificate is issued, one copy of the site plan at a scale no smaller than 1 inch to 100 feet shall be filed with the Zoning Inspector setting forth, identifying and locating the following:

(a) The total area in the development.
(b) The existing zoning of the property in question and/or all adjacent properties.
(c) All public and private right-of-way and easement lines located on or adjacent to the property which is proposed to be continued, created, relocated or abandoned.
(d) Existing topography with a maximum of ten (10) foot contour intervals.
(e) The proposed finished grade of the development shown by contours not larger than five (5) feet.
(f) The locations of all existing and proposed buildings in the described parcels, the uses to be contained therein and the total number of buildings including dimensions, heights, gross floor area and number of stories.
(g) Location and dimension of all curb cuts, driving lanes, off-street parking and loading areas including the number of spaces, angles of stalls, grades, surfacing materials, drainage plans, and illumination of facilities.
(h) All sidewalks and other open areas.
(i) Location of all walls, fences, and buffer yards.
(j) Location, size, height and orientation of all signs.
(k) Location of all existing proposed streets, highways and alleys.
(l) All existing and proposed water and sanitary sewer lines indicating pipe sizes, types and grades.
(m) The schedule of phasing of the project.
(n) Such other information as required by the Planning Commission to determine the conformance with this Zoning Code.

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

Urbana
The heart of Champaign County

# SITE REVIEW APPLICATION

CITY OF URBANA, OHIO
205 S Main St, Urbana, Ohio 43078
937.652.4322/FAX 937.652.4306

Date ________________ Application Number ________________

Fee ________________

**PLEASE NOTE: INCOMPLETE APPLICATIONS *WILL NOT BE ACCEPTED.* Submittal of an application does not constitute acceptance for processing until the Planning Department reviews the application for accuracy and completeness.**

## PROPERTY OWNER/APPLICANT INFORMATION

Name ________________________________ Phone ________________

Address ________________________________________________

## PROPERTY DESCRIPTION

Property Location (address, intersection of cross street, general area) ________________________

________________________________________________

Zoning ____________ Total Land Area ___________ Square Ft. or ____________ acres

Present Land Use ________________________________________________

Describe Project (i.e. type of use, other project characteristics, etc.): ________________________

________________________________________________

## PROJECT DESCRIPTION

Please give a brief description of the project: ________________________________

________________________________________________

## PROFESSIONAL SERVICES

Architect/Designer/Engineer ________________________________ Phone ________________

Address ________________________________________________

I certify that the information contained herein including attachments is correct to the best of my knowledge. I understand that knowingly falsifying this information may be grounds for the denial or revoking of this application and subsequent approval thereof.

________________________________
Applicant's signature/date

Exhibit 2
Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

**CHECKLIST**

**REQUIRED ITEMS TO BE SUBMITTED FOR SITE PLAN REVIEW.**
**Note: additional information *may be required* depending on the actual project.**

- ☐ Project name, scale (not to exceed 1" = 100'), north arrow.
- ☐ Date the site plan is prepared
- ☐ Street names and locations of all existing and proposed streets, curbs, and sidewalks within or adjacent to the proposed development. Show distance to centerline of street
- ☐ Zoning of each adjacent property
- ☐ Square footages by use – existing and proposed (storage, office, meeting, etc.)
- ☐ Percentage of lot coverage and square footage by:
  - a) structures
  - b) recreation areas
  - c) landscaping
  - d) non-permeable surfaces (including parking areas, access aisles)
- ☐ Total number of parking spaces, including ADA regulations (existing and proposed) where required
- ☐ Total landscaped area square footage (existing and proposed) where required
- ☐ All vehicle and pedestrian access points and paths
- ☐ Location of all proposed and existing buildings, fences and structures within the project area. Indicate which ones are to remain and which are to be removed
- ☐ Location and size of all public utilities in and adjacent to the site, including:
  - a) Water lines and meter sizes
  - b) Sewers, manholes and cleanouts
  - c) Storm drains and catch basins
- ☐ The proposed location of:
  - a) Connection to the City water system
  - b) Connection to the City sewer system
  - c) The proposed method of drainage of the site
  - d) Location of existing canals and laterals
  - e) Detention of on-site drainage
- ☐ Existing easements on the property
- ☐ Site grading plan with 1 ft contours and spot elevation as required
- ☐ Colored rendition of elevation; materials list (samples preferred for meeting)
- ☐ Set Requirements: Three full sized, seven 11"x17", one 8 ½" x 11",

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed 06/15/2026 03:50 PM

Exhibit 3

| Completed? | Date | Time | Name of Person | Name of Company | Property Address | Phone Number | Email | Received by | For | In Out VM Visit | Follow Up Required? | Urgent | Purpose of Call/Visit | Responded by | Outcome | Notes |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Yes | 1/29/26 | 3:22 PM | Austin Stansel | MCG Utilities | N. Russell St./W. Twain Ave. | 484-983-5827 | | TB | Engineering | Call-In | Yes | Yes | They had some damage to their conduits that did not yet have fiber in them and were not locatable. Does anyone have pictures of that? | TB | I will email Kerry Quinn and Jacob Mann (Hypower) along with Austin to put them in touch. Kerry can explain what they ran into. | None |
| Yes | 1/30/26 | 9:55 AM | Matt | Wolverine Building Group | 1 Rittal Pl. | 616-295-7189 | | TB | Engineering | Call-In | No | No | For the proposed 385,000 s.f. Rittal expansion, he is a hopeful General Contractor for the project and had some questions on the fees the City of Urbana has. | TB | We went over some of the zoning and engineering fees and told him to contact Chad Hall for the tap fees on a 6" domestic added line. The 10" fire line would not carry a charge. The sewer is based on the domestic water line size. He should also contact the Building Department for the building permit fees. | None |
| Yes | 2/4/26 | 12:02 PM | Bryden Penhorwood | potential buyer | 314 N. High St. | 937-441-1641 | | TB | Engineering | Call-In | Yes | No | He is looking for an alley encroachment allowance for the garage that has existed for years on the unimproved alley. | TB | I told him to send the mortgage loan survey to me via email and I would include it and my typical easement encroachment letter when I send it to our Law Director. I've not encountered this before so would have to ask. | Received later that day and forwarded to Mark Feinstein the next day for guidance. Sent Bryden an alley encroachment letter from the City on 2/13/26. |
| Yes | 2/5/26 | 9:42 AM | Andrew Jordan | Compass Infrastructure Group | S. Jefferson Ave. | 740-701-8806 | | TB | Engineering | Call-In | Yes | No | He is looking for more information of the origins of S. Jefferson Avenue (between Scioto and Water) and N. Oakland Street (between Miami and Union Alley). | TB | I would have Alyssa see what she could find in our files and in the ordinances regarding these. She could email him with what she finds. | None |
| Yes | 2/5/26 | 10:10 AM | Terry Howell | Howell | 89 Union Alley | 937-239-1448 | | TB | Engineering | Call-In | Yes | No | He would like an address for the old Ice House property that has an entry drive next to the Gwynne Street water tower. | TB | I told him I would bring a temporary address to him tomorrow at our meeting. This would be the location where Evans Electric plans to build (Applied Electric/Greensbury Holdings). The formal address issuance would come closer to construction. | Doug said the water tower previously had 85 Union Alley, so I would go with 89 Union Alley for this driveway. |
| Yes | 2/6/26 | 9:42 AM | John Doss | Dye and Doss | Whole City | 937-653-7176 | | TB | Engineering | Call-In | No | No | John was wondering if we still required a bond on street openings. | TB | I said it was up to me but that yes the one he was looking to renew, CT Comm, should have one because they do work from time to time or their contractor does. | None |
| Yes | 2/6/26 | 1:30 PM | Brad Bodenmiller | LUC Regional Planning Commission | Whole City | 937-360-6848 | | TB | Engineering | VM | Yes | No | He is asking me about a committee that would be in February, 2-3 hours total, and it would be in St. Paris or Urbana. | TB | He didn't need a call back. He would talk to me at the TAC meeting Monday. | None |
| Yes | 2/9/26 | 4:03 PM | Brad Bodenmiller | LUC Regional Planning Commission | Whole City | 937-360-6848 | | TB | Engineering | Call-In | No | Yes | Brad is trying to schedule the first Housing Council for the CRA industrial inspections. | TB | The first meeting would vote on adding to the board and schedule a time for the KTH walkthrough/inspection. He asked about 4 PM on a handful of days. | None |
| Yes | 2/10/26 | 11:07 AM | Sarah | City Rover | Whole City | 716-400-0345 | | TB | Engineering | Call-In | No | No | She wanted to know if we wanted a couple streets done for free with their AI pavement condition rating software. | TB | I said no we are happy with the person who is performing our PCRs right now and who just completed them recently. | None |
| Yes | 2/10/26 | 1:22 PM | Mahali | Bayer Becker | 848 Scioto St. | 513-492-9846 | | TB | Engineering | Call-In | No | No | He asked a couple questions about the signal plans he's working on for Anderson and Scioto. | TB | I said yes we want the left arrow sign mounted on the mast arm, yes we want ped heads for the Anderson walk too, not just the Scioto, but the Anderson walk will likely not need push buttons. However, that's the way I'm used to it and things may have changed with ADA requirements since 2000. Also, we will continue to have 2 signal heads apiece per direction though there's three lanes. We will match Finch in that. However, again this will need reviewed by our consultant for uniformity with their plan. | I called back to make sure he was hard mounting the signal heads on the mast arms and using backplates, and he said he was per our spec. |
| Yes | 2/10/26 | 2:38 PM | Casey | Civil | Whole City | 857-766-1923 | | TB | Engineering | Call-In | No | No | Sales pictch for a data driven tool to help with CIP planning and PCRs for roads. | TB | I told him I was not interested after giving some information about our city. | None |
| Yes | 2/11/26 | 1:50 PM | Ben McClain | Willman Sellman | 215 N. Main St. | 937-750-3217 | benmcclain23@gmail.com | AK | Engineering | Call-In | Yes | No | He is concerned with some downspouts that lead out into the sewer per the conversation Alyssa had with him. | TB | I will call back and talk to him. He was trying to figure out how to go about fixing what he thinks is a collapsed downspout at the edge of 112/114 N. Main. In fact, there are two downspouts and outlets there when I looked back at the pictures and plans from the roundabout. To get depth on the downspouts and the sidewalk above, they were dipped and then angled up into the trench grate. This may have been the water holding or "collapsed" look when they scoped it. It could just be a matter of cleaning out the end or blowing it out. We replaced or extended 10' on each downspout to get it to the trench drain. | I will email him the picture I found. |
| Yes | 2/11/26 | 4:06 PM | Brad Bodenmiller | LUC Regional Planning Commission | Whole City | 937-360-6848 | | TB | Engineering | VM | Yes | Yes | Going to do Friday, 2/13 at 4 PM and Wednesday, 2/18 at 4 PM for Housing Council. | TB | Our phones were down so I called him on my cell and discussed it once I saw a message come through. I put those on my calendar. | None |
| Yes | 2/12/26 | 8:17 AM | John Gallagher | Compass Infrastructure Group | US 36 | 614-286-0822 | | TB | Engineering | Call-Out | No | No | ODOT is asking if we're on track for our Stage 1 submittal I believe, so are they still on track for 3/1/26 submission? | TB | I left a message saying he could email or call me. | None |
| Yes | 2/13/26 | 2:38 PM | Jeff Kunk | Choice One Engineering | US 68 South | 937-497-0200 | | TB | Engineering | Call-In | No | Yes | He was sending a co-op over to deliver plans on a flash drive with a site plan review application and check for a data center along S. US 68. | TB | I said thanks for the heads-up. We would get a receipt for them. I would talk to our law department about how to handle it with the moratorium on the table for Tuesday night's council meeting. He said they were instructed by lawyer's of Thor's to get something submitted even though it wasn't ready for submission. It was about 60% complete and he was OK if I didn't review it, but he just wanted to get it in for his client. | None |
| Yes | 2/16/26 | 10:28 AM | Kevin | Colliers Engineering | US 68 South | 567-318-1545 | | TB | Engineering | Call-In | Yes | No | He wanted to know the capacity information of the sanitary and water lines in the area of the industrial development site. His client is Thor and he knew of Highland as well. | TB | Once he emails me the request, I will reply with the information I already have. | None |
| Yes | 2/17/26 | 1:47 PM | TJ Robinson | Champaign County Engineer's Office | 682 Scioto St. | 937-653-4848 | | TB | Engineering | Call-In | No | No | He had found the centerline plat for Scioto Street in folder. Alyssa was asking about that project file from 2008-2009. | TB | I told him we are actually looking for a particular highway easement, 13-SH from the northwest corner of Scioto/Jefferson belonging to Paul Shenk. He would keep looking. | None |

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

**From:** Spencer Mitchell
**Sent:** Friday, February 20, 2026 3:19 PM
**To:** Ryan Lefeld; Doug Crabill; Brian Hughes-Cromwick; Peter McEneaney; Scott Mallory; Randy Loebig; Rscribner@gohighland.com
**Cc:** Tyler Bumbalough; Preston Carter; Chad Hall
**Subject:** Re: Requested Follow Up-Urbana-Highland Real Estate and Thor Equities

Good afternoon-

This email is in reference to the incomplete site plan application that was submitted to the City of Urbana on Friday, February 13, 2026. Due to the application being incomplete, the city will be returning the application, as well as the flash drive and check, via USPS.

For consideration, the City will require the following:

1. A preapplication meeting, pursuant to 1161.01
2. A preliminary plat, pursuant to 1161.02
3. Completing of the traffic impact study
4. A completed site plan

Respectfully, any and all correspondence should be directed to me, as I will be the point of contact representing the City.

If you have any questions, please contact me via email.

Sincerely,

Spencer Mitchell · Director of Administration
City of Urbana · 205 South Main Street · Urbana OH 43078
Office: 937-652-4302 - Cell: 937-869-5458 · www.urbanaohio.com

---

**From:** Ryan Lefeld <rjl@choiceoneengineering.com>
**Sent:** Thursday, February 19, 2026 12:49 PM
**To:** Doug Crabill <Doug.Crabill@ci.urbana.oh.us>; Brian Hughes-Cromwick <bhcromwick@thorequities.com>; Peter McEneaney <pmceneaney@thorequities.com>; Scott Mallory <stm@gohighland.com>; Randy Loebig <rloebig@gohighland.com>; Rscribner@gohighland.com <Rscribner@gohighland.com>
**Cc:** Spencer Mitchell <spencer.mitchell@ci.urbana.oh.us>; Tyler Bumbalough <Tyler.Bumbalough@ci.urbana.oh.us>; Preston Carter <preston.carter@ci.urbana.oh.us>; Chad Hall <Chad.Hall@ci.urbana.oh.us>
**Subject:** Re: Requested Follow Up-Urbana-Highland Real Estate and Thor Equities

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

You don't often get email from rjl@choiceoneengineering.com. Learn why this is important

Doug,

Good afternoon.
The Thor, Highland Real Estate, and Choice One teams would like to schedule a meeting with the City on Wednesday, February 25th. We would like to discuss the site plan submittal process related to the lot split, major subdivision requirements, and traffic impact study.

Would 1:00pm work for your team?

Thank you,

**Ryan Lefeld, P.E.**
Project Manager for **Choice One Engineering**
937.497.0200 **Office** |260.766.1300 **Cell**

---

**From:** Doug Crabill <Doug.Crabill@ci.urbana.oh.us>
**Sent:** Tuesday, January 27, 2026 4:30 PM
**To:** Brian Hughes-Cromwick <bhcromwick@thorequities.com>; Peter McEneaney <pmceneaney@thorequities.com>; Ryan Lefeld <rjl@choiceoneengineering.com>; Scott Mallory <stm@gohighland.com>; Randy Loebig <rloebig@gohighland.com>; Rscribner@gohighland.com <Rscribner@gohighland.com>
**Cc:** Spencer Mitchell <spencer.mitchell@ci.urbana.oh.us>; Tyler Bumbalough <Tyler.Bumbalough@ci.urbana.oh.us>; Preston Carter <preston.carter@ci.urbana.oh.us>; Chad Hall <Chad.Hall@ci.urbana.oh.us>
**Subject:** Requested Follow Up-Urbana-Highland Real Estate and Thor Equities

Highland Real Estate and Thor Equities Team,
Good afternoon.
As requested, please see below:

1. A proposed lot consolidation is anticipated from the developers/sub dividers before any further subdivision of land would occur. However, for this consolidation of land to be split or subdivided into separate parcels, the subdivision of the consolidated parcel will be considered a major subdivision under Chapter 1161 of the City of Urbana Codified Ordinances pursuant to Ohio Revised Code 711.001 and Chapter 1159.02 of the City of Urbana Codified Ordinances dependent upon the planned/proposed extension of public or private streets, the planned/proposed easements for the extension and maintenance of public or private sewer, water, storm drainage or other similar facilities; and the planned/proposed cross-access assessments across and through the parcels to be subdivided.
2. In accordance with Chapter 1161, major subdivisions should be developed in accordance with approved and adopted land use plans of the city, including but not limited to the South Main Street Corridor Plan. The South Main Street Corridor Plan is referenced in the pre-annexation agreement between the City of Urbana and Highland Real Estate. In addition, this plan has been discussed and shared with the project development team previously.
3. Highland Real Estate initiated a traffic impact study with the City of Urbana and Ohio Department of Transportation on November 19, 2024 for the proposed Urbana Commerce Park. As of May 30, 2025, comments were provided by ODOT regarding a draft traffic impact study to Highland Real Estate's traffic engineering consultant, Smart Services, Inc. In addition, the City of Urbana Engineer also provided comments on 6/2/2025 in response to ODOT's comments on this draft. To date, this traffic impact study is incomplete and has not been resubmitted to either agency for further review. An approved traffic impact study for the future or proposed development of the land to be consolidated/subdivided (previously known as Urbana Commerce Park) is considered a project planning requirement.

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

Thanks,
Doug

Doug Crabill · Community Development Manager
City of Urbana · 205 South Main Street · Urbana OH 43078
Office: (937) – 652-4305 · www.urbanaohio.com

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

*Office Use Only*
**Date Filed:** 3-20-2026
**Case No. BZA-** 2026-09
**Fee:** $200.00

# City of Urbana
## BOARD OF ZONING APPEALS
### *APPLICATION for APPEAL OF ZONING OFFICER DETERMINATION*

An application requesting a review that there is an error in any order, requirement, decision, interpretation, or determination made by the zoning inspector located at:
See Exhibit A
address

It is the applicant's contention that the following error was made in the determination of the zoning inspector:
See Exhibit B

***Owner Information***

Name See Exhibit C

Address

City State Zip Code

Daytime Telephone Number ( ) Fax ( )

E-Mail Address

***Applicant Information***

Name Thor Equities LLC (See Exhibit B for full list of Applicant-Appellants)

Address 25 West 39th Street

City New York State NY Zip Code 10018

Daytime Telephone Number (917)715-4924 Fax ( )

E-Mail Address bhcromwick@thorequities.com

**I certify that all information and attachments to this application are true and correct to the best of my knowledge. I hereby give my permission for City staff and/or boards/commissions to perform field inspections of the property. Submittal of an application does not constitute acceptance for processing until the Zoning and Planning Department reviews the application for accuracy and completeness.**

[signature] 3/19/2026

*Applicant's Signature* *Date*

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

**Exhibit A**

U.S. Route 68 near the intersection of St. Rt. 55, including Parcel Nos.:

K48-25-11-01-30-001-00 – 47.637 acres

K48-25-11-01-30-005-00 – 7.09 acres

K48-25-11-01-30-006-00 – 90 acres

K48-25-11-01-32-005-00 – 85.619 acres

K48-25-11-01-36-001-00 – 85.92 acres

K48-25-11-01-37-001-00 – 9.206 acres

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

**Exhibit B**

On February 20, 2026, Spencer Mitchell, the Director of Administration of the City of Urbana, Ohio ("City") issued a decision (the "Decision") denying a February 13, 2026 Site Plan Application ("Application") filed by Applicant Thor Equities LLC for the property as described in Exhibit A (the "Property").[1] A true and accurate copy of the Decision is attached as Exhibit D. In making the Decision, the City violated the Urbana Zoning Code ("Zoning Code"), Ohio law, and the Appellants' private property rights protected by the Ohio and United States Constitutions.

The requirements for a site plan application are set forth in Chapter 1110 of the Code. Section 1110.02 contains the specific requirements for a site plan application. The Appellants' Application met each of those requirements.

The Decision incorrectly claims that the Application was incomplete because it did not include a preliminary plat, pursuant to Code Section 1161.02, or a completed traffic impact study. But these items are not required for a complete site plan application. *See generally* Code § 1110.02. The Decision denying the Application was therefore unconstitutional, illegal, unreasonable, arbitrary, capricious, and unsupported by the preponderance of substantial, reliable, and probative evidence, and is not in accordance with the law. Further, the unlawful denial of the Application was strategically timed to coincide with the City's issuance of Resolution No. 2727-26, a purported moratorium on data center developments. Resolution No. 2727-26 is unlawful and illegal and is not a valid basis to deny the Application.

Finally, the Decision violates Appellants' private property rights under the Ohio and United States Constitutions. Appellants submit this appeal to the City's Board of Zoning Appeals (the "BZA") on questions of law and fact. Through counsel, Appellants intend to present arguments and evidence establishing that the City of Urbana Board of Zoning Appeals must reverse the Decision, accept the Application as complete, and direct that the Application be forwarded to the Planning Commission for review and approval.

---

[1] Thor Equities, LLC, Urbana Owner I LLC, and Highland55 Investments LLC are referred to collectively herein as "Appellants."

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

**Exhibit C**

K48-25-11-01-30-001-00:
Urbana Owner I LLC
Thor Equities LLC
25 West 39th Street
New York, NY 10018-3805

K48-25-11-01-30-005-00; K48-25-11-01-30-006-00:
Organ Farms LLC
7368 Millerstown Eris Road
Saint Paris, OH 43072-9309

K48-25-11-01-32-005-00:
Highland55 Investments LLC
3040 Riverside Drive, Ste 122
Columbus, OH 43221-2550

K48-25-11-01-36-001-00; K48-25-11-01-37-001-00:
Board of County Commissioners of Champaign County
1512 US Highway 68, Ste A100
Urbana, OH 43078-9199

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

# Exhibit D

On Feb 20, 2026, at 3:19 PM, Spencer Mitchell <spencer.mitchell@ci.urbana.oh.us> wrote:

[EXTERNAL]

Good afternoon-

This email is in reference to the incomplete site plan application that was submitted to the City of Urbana on Friday, February 13, 2026. Due to the application being incomplete, the city will be returning the application, as well as the flash drive and check, via USPS.

For consideration, the City will require the following:

1. A preapplication meeting, pursuant to 1161.01
1. A preliminary plat, pursuant to 1161.02
1. Completing of the traffic impact study
1. A completed site plan

Respectfully, any and all correspondence should be directed to me, as I will be the point of contact representing the City.

If you have any questions, please contact me via email.

Sincerely,

<Outlook-cid_image0.png>

Spencer Mitchell · Director of Administration

City of Urbana · 205 South Main Street · Urbana OH 43078

Office: 937-652-4302 · Cell: 937-869-5458 · www.urbanaohio.com

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

# RECEIPT

NOTES: 2011110

DATE 3-20-26 NO. 420307

RECEIVED FROM Vorys Sater Seymour and Pease LLP

ADDRESS 52 East Gay St Columbus

$ 200.00

FOR #10414203

| ACCOUNT | | | HOW PAID | | |
|---|---|---|---|---|---|
| AMT. OF ACCOUNT | 200 | — | CASH | | |
| AMT. PAID | 200 | — | CHECK | ✓ | |
| BALANCE DUE | 0 | | MONEY ORDER | | |

BY Gwen Adams-Conn

© REDIFORM ® 8L808

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed 06/15/2026 03:50 PM

Department of Zoning and Compliance
205 South Main Street, Urbana, OH 43078 | (937) 652 – 4325 | ZoningandCompliance@ci.urbana.oh.us

# Board of Zoning Appeals

April 13, 2026 - Meeting Minutes

## Attendance

Ms. Haulman took rollcall

**Member(s) Present:** Lisa Haulman; Vince Gonzalez; Dwight Paul; Gene Fields, alternate

**Member(s) Absent:** Robin Miller, Nate Dawson

**Guests Present**: Abigail Christison, Brody Conover, Joe Miller, Tyler Bumbalough, Chris Ingram, Ryan Layfield

## Call to Order and Pledge of Allegiance

**Action:** Mr. Paul called the meeting to order and led the Pledge of Allegiance

## Reading of Rules of the Meeting

**Action:** Mr. Paul read the Board of Zoning Appeals meeting rules.

## Prior Meeting Minutes (3-9-2026)

**Action:**
Motion to ACCEPT the prior meeting minutes as presented - by: Vincent Gonzalez;
Seconded by Lisa Haulman.

**Discussion: none**
**Vote:**
4 (Yay) – 0 (Nay)

## Old Business – Application(s)

**NONE**

## New Business – Application(s)

**BZA-2026-08 – 605 Miami St. – Abigail Christison; conditional use – 1126.04 (c) Restaurants; Current Zoning M-1 Manufacturing**

**Application, Staff Comments/Recommendations:**
The applicant is requesting a conditional use – Chapter 1126.04 (c) Restaurants. This conditional use would allow the applicant to operate a restaurant on an M-1 Manufacturing zoned parcel.

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

**Staff Report**:
**Mr. Carter**, explained the request for conditional use in order to operate a semi-permanent restaurant which shall include a food trailer that is able to be moved but not planning to move frequently. Applicant plans to utilize current improvements (parking, driveways, etc.) which were recently made. *It is noted that there was a typo in the meeting packet; current zoning is M-1 Manufacturing, not B- 3 Central Business District.

**Determination of BZA-2026-08**

Based upon the information contained in Conditional Use Application BZA-2026-08 by Abigail Christison, the Zoning Officer's determination is that the board should:

- X Grant the application as presented
- ☐ Grant the application with additional conditions
- ☐ Deny the application

This determination is based on the following analysis:

Is the conditional use sought in fact a conditional use? Yes

Will the conditional use being sought be harmonious with and in accordance with the general objectives, or with any specific objective of the City's Comprehensive Plan and/or this Part? Yes

Will the conditional use sought be designed, constructed, operated and maintained so as to be harmonious and appropriate in appearance with the existing or intended character of the general vicinity and that the use will not change the essential character of the same area? Yes

Will the conditional use sought be hazardous or disturbing to existing or future neighboring uses?
No

Will the conditional use sought be served adequately by essential public facilities and services such as highways, streets, police and fire protection, drainage structures, refuse disposal, water and sewer, and schools; and/or that the persons or agencies responsible for the establishment of the proposed use shall be able to provide adequately any such services? There will be no additional impact on essential public facilities.

Will the conditional use sought create excessive additional requirements at public cost for public facilities and services and will not be detrimental to the economic welfare of the community? No

Will the conditional use sought involve uses, activities, processes, materials, equipment and conditions of operation that will be detrimental to any persons, property or the general welfare by reason of excessive production of traffic, noise, smoke, fumes or odors? No

Will the conditional use sought have vehicular approaches to the property which shall be so designed as not to create an interference with traffic on surrounding public thoroughfares? Yes

**Comments:** Abigail Christison, applicant, present to address the board. Ms. Christison stated that it would be a "smoothie bowl food trailer." Applicant noted location would allow access to/from the

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

bike path. There was mention of eventual move into the Johnson's building, which is currently owned by applicant.

**Board Questions/Comments:**

The Board engaged in general discussion with the applicant, indicating agreement with the request.

Mr. Fields asked for clarification of what type of food would be served, to which the applicant answered "acai smoothie bowls, smoothies, toasts, etc."
Mr. Paul asked about the moving of the trailer, to which the applicant replied that the trailer would be moved around the block every 40 days per Health Department Requirements.

When asked if anyone would like to speak in favor of this application, Ciska Bloemhard spoke in favor stating she believed it was "a good idea."
No one spoke in opposition.

**Action:**

Motion to APPROVE the application, as presented by: Vincent Gonzalez;
Seconded by: Lisa Haulman
**Roll:**
Mr. Gonzalez: Yes
Ms. Haulman: Yes
Mr. Fields: Yes
Mr. Paul: Yes

**Vote:**

4(Yay) – 0(Nay)
Motion passed.

**BZA-2026-09 – K48-25-11-01-30-001-00, K48-25-11-01-30-005-00, K48- 25-11-01-32-005-00, K48-25-11-01-36-001-00, K48-25-11-01-37-001-00 – Thor Equities LLC, Urbana Owner 1 LLC, Highland55 Investments LLC, Champaign County Board of Commissioners; request to appeal Zoning Officer determination pursuant to sections 1105.06 (a) and 1105.09of the City of Urbana Planning and Zoning Code**

**Application, Staff Comments/Recommendations:** **Given that this case represents an appeal from City staff's determination, staff has not provided any recommended Board action on the appeal. The Board shall review the record, and consider any additional evidence presented by the applicants and/or involved City staff, to determine whether staff's determination was lawful and proper based on applicable law and the relevant facts.**

A special request was made by the applicant to table the request for appeal until the next Board of Zoning Appeals meeting on May 11, 2026.

**Staff Report**: Brody Conover, special counsel for the City of Urbana, explained that attorneys for the applicant(s) had filed a motion of continuance the morning of the BZA meeting requesting that their application be moved to the May 11th meeting. He then turned the mic over to Joe Miller, attorney for applicant, to explain this request.
Joe Miller, Vorhys attorney for the applicant(s), states they did file a continuance the morning of the meeting requesting their application for appeal be heard at the May 11th meeting due to "grave due process concerns". He states that Thor and Vorhys never received any notice of the meeting. Mr. Miller states he did not learn of the meeting until the afternoon Friday before (April 10), which did not allow him adequate time to prepare. He states he had not

URBANA
Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

seen the staff report from the city and was concerned that only 4 of the 5 board members present.

**Board Questions/Comments:**

Lisa Haulman questioned "How did this get overlooked?" in reference to the city giving notice of the meeting.

Mr. Conover informed the board that the City Ordinance requires that notice of the meeting be put in the local newspaper 10 days prior to the meeting and that all property owners within 200 ft. of the property in the application be sent notice via first-class mail 10 days prior to the meeting. Both of these requirements were satisfied by the zoning department.

Mr. Miller states that to date his client has not received notice, and neither has his law firm. Mr. Miller again asks for a continuance until next month.

Mr. Gonzalez asks "You're not prepared, why?"

Mr. Miller states this matter "is of huge significance to my client" and that asking them to come in prepared with only 2 ½ days' notice is unfair.

Mr. Fields inquired about a case in common pleas court for the same request for appeal.

Mr. Miller states that in an abundance of caution, they filed here in front of the BZA and with common pleas court. They were told that the BZA was the correct avenue for their request, but if it is denied by the BZA, it will go to common pleas court. Their going before the BZA is imperative to create record. Mr. Miller again asks for "a modest continuance of one month."

Mr. Paul asks Preston Carter, zoning officer for the City of Urbana, how he knows where to send the first-class mail notices.

Mr. Carter states that he uses the owner and tax mailing address listed for the properties on the Champaign County Auditor's website.

Mr. Paul asks what requirements the city has to alert Vorhys, the attorney of the property owners.

Mr. Conover states that the requirements are to alert the property owners.

Mr. Paul asks Mr. Carter when the letters went out.

Mr. Carter says they went out a week from the prior Friday (April 3rd).

Mr. Fields asked how the moratorium affects the request made by the applicant.

Mr. Conover clarifies that the moratorium does not affect the request of appeal being made by the applicant or their request for continuance. He goes on to clarify that the question the board is being asked, outside of the request for continuance, is whether or not the application that was submitted and denied by the city was complete or not. He also urges that whether you are pro or anti-data center should not have an effect on the request for continuance or the request for appeal.

Mr. Fields asks if there are any other property owners that were mailed letters present and if they received their letters (in a timely manner).

Andy Crist, 111 Campground Rd. Urbana OH 43078, came forward and stated he did receive his letter or notice within the 10-day requirement.

**Action:**

Motion to ACCEPT the request for continuance made by Vincent Gonzalez. No second. Motion dies for lack of second.

Motion to DENY the request for continuance made by: Gene Fields;

Seconded by: Lisa Haulman

**Roll:**

Mr. Gonzalez: Yes

Ms. Haulman: Yes
Mr. Fields: Yes
Mr. Paul: Yes

**Vote:**
4(Yay) – 0(Nay)
Request for continuance DENIED.

**Application, Staff Comments/Recommendations:**

**Given that this case represents an appeal from City staff's determination, staff has not provided any recommended Board action on the appeal.**

**The Board shall review the record, and consider any additional evidence presented by the applicants and/or involved City staff, to determine whether staff's determination was lawful and proper based on applicable law and the relevant facts.**

**Staff Report**: Brody Conover, special counsel for the City of Urbana, states that on 2-13-26 Choice1 submitted a site plan to the city on behalf of Thor Equities. The site plan proposed the construction of a data center at the application address (6 parcels). Same day, 2-13-26, city engineer Tyler Bumbalough received a phone call from Choice1 engineering related to the site plan application. The Choice1 representative indicated that the site plan was not complete and was not yet ready for submission. City staff determined that the application was incomplete and therefore was unable to accept and process the application. The director of administration for the City of Urbana communicated that the application was incomplete and unable to be accepted and/or processed to Thor via email on 2-20-26. Then this appeal followed. Exhibit 2 is a list of contents of the site plan application and a blank site plan review application and checklist. Exhibit 3 is a call log from the engineer's office that depicts a call with Choice1 on 2-13-26. Exhibit 4 is the email from the director of administration, Spencer Mitchell, to Thor Equities that indicated and returned the application because it was incomplete. Exhibit 5 is the BZA application filed by Thor for the appeal.
Tyler Bumbalough, engineer for the City of Urbana, states he received a call at 2:38pm on Friday 2-13-26 from Choice1 warning him that a site plan application and the related fee were coming. He states that Ryan Layfield, project manager for Choice1, was not in the office at the time and he spoke with Jeff Kunk. Co-op came and delivered the plans about an hour later. Tyler took the plans on behalf of Preston Cater, the zoning officer, since he was not in the office at the time. The plans were on a flash drive. Tyler review the plans for "about 5 minutes" looking for a few specific things. He stated they still needed a preapplication meeting as well as a preliminary plat, which pre-dates a site plan submission. He also notes that the traffic impact study was incomplete. These things caused him to deem the site plan application as incomplete, as well as the phone call from Choice1 telling him that the site plan was incomplete and they were just trying to get it in before the moratorium on the council agenda for 2-16-26.

**Board Questions/Comments:**
Mr. Paul recapped: pre-application meeting did not happen, preliminary plat did not happen, traffic impact study incomplete, according to Mr. Bumbalough. Mr. Paul asks Mr. Bumbalough if the site plan itself was complete.
Mr. Bumbalough states that he only looked at it for about 5 minutes but because of lack of the other necessary items and what Choice1 had told him he did not continue to review it.
Mr. Paul asked if that was normal practice to not review the site plan due to missing other requirements, to which Mr. Bumbalough affirmed.

**Cross-examination Questions/Comments:**

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

Chris Ingram, attorney for applicant, asks Mr. Bumbalough if the pre-application meeting and preliminary plat to which he was referring is for a major subdivision criteria.

Mr. Bumbalough affirms.

Chris Ingram states that major subdivision criteria is not relevant to a site plan application.

Mr. Bumbalough says "I think it is."

Mr. Ingram states Exhibit 2, 1110.02 is a list of requirements for a site plan application, which does not contain 'major subdivision criteria' as a requirement. He also states that a traffic impact study is also not listed as a requirement for a site plan application. Mr. Ingram points out that it is usually the determination of the planning commission if a traffic impact study is needed, but the planning commission has yet to see this application.

Mr. Conover reminded all in attendance to be mindful that the reason for this appeal is to determine the completeness of the application filed, not whether anyone is for or against data centers.

**Mr. Conover led a mass swearing in for all those speaking.**

**Applicant Comments:** Joe Miller, of the Vorhys Law firm on behalf of Thor Enterprises, the applicant, took the stand. Mr. Miller objects to public comment in regards to this application on the grounds that "this is a quasi-judicial hearing and only persons with standing are allowed to participate in these." 325 acres located between US Route 68 and State Route 55, zoned M-1 and B-2, comprised of 6 parcels, to house a data center. 12-17-24 city council passed unanimously an annexation of 191 acres of this site. 4-22-25 city council approved 3 ordinances, first the acceptance of that annexation into the city, the second was unanimous approval of an update to the zoning to the city to include data centers, lastly the unanimous approval to add data centers as a permitted use to the M-1, manufacturing district. In summer/all of 2025 council created a CRA for this site.

Chris Ingram took the stand to ask questions of professional engineer Ryan J. Layfield, of Choice1. Exhibit 3 is a signed affidavit of testimony by Ryan Layfield. Exhibit 3-A is a copy of Mr. Layfield's credentials. Mr. Layfield states he has done 4 site plans in Urbana in the last several years, and as the project manager for this project it is his job to instruct his staff how to fill out and submit site plans and other items associated with the project. Mr. Layfield says the first meeting between his company and city staff in regards to this project, a site plan for a data center, was January 8, 2026. At this meeting, they discussed location, distance between adjacent owners, access points to the site, utility connections and general overlay of the site including storm water management. Discussion about the access point on 55 was discussed at this meeting. Exhibit 3-E are the site plans presented to city officials on the January 8th meeting. When these site plans were showed to city staff on 1/8/26, the access point was on STR 55. City staff requested in that meeting that the access point on 55 may pose an issue based on previous traffic issues in that area. The city expressed that they would like to see a connector road from STR 55 to US 68 through the site. The city fire chief said there would need to be a second connection point, in case of emergency.

The next meeting with city staff occurred 1/15/26. At this meeting, city officials in attendance included Doug Crabil, Chad Hall, Tyler Bumbalough, Preston Carter, Chris Jones, and Mayor Bill Bean, all of which were present at the 1/8/26 meeting. Discussion at this meeting focused on the loop road that was requested at the 1/8/26 meeting. The city asked for a tie in point at the light in front of the school on 68, but Choice1 still held with that same connection point on 55 after learning the fatality referred to was a single

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

alcohol-induced fatality. Choice1 said they would need to complete the building of the road in phases because if it were built all at once, it would warrant a traffic impact study. Exhibit F is a revised site plan, including the loop road and emergency access point, presented by Choice1 to city officials at the 1/15/26 meeting. Mr. Layfield states that he does not believe the loop road is necessary for a data center, stating that the typical data center has 32 car trips accessing that drive at peak hour, which does not warrant access of this magnitude. He states that with that low amount of traffic going in and out, a traffic impact study is not warranted. Mr. Layfield states that Choice1 communicated to city officials at the meeting on 1/15/26 that they did not believe a traffic impact study was necessary. When asked if anyone from the city told him that a traffic impact study would need to be completed before a site plan review application was submitted, Mr. Layfield said "Not that I'm aware of." It was stated that during the 1/15/26 meeting, it was discussed that the 6 parcels of land for the site be consolidated. It was noted that the Thor data center project does not call for the division of any land and can be completed without dividing any land. According to Mr. Layfield, Thor's data center project does not meet the requirements to be considered a major subdivision. Mr. Layfield states that he was not told that another pre-application meeting was needed before a site plan review application could be filed. Mr. Layfield states that the site plan submitted to the city 2/13/26 contained 72 sheets and would typically take days to review. He also says that once an application is submitted, it can be changed and/or supplemented. Mr. Layfield says he learned of the denial of the application via email on 2/20/26 from Spencer Mitchell, director of administration for the City of Urbana. Mr. Layfield states that the site plan was complete for what the application called for. It is noted that there was not a planning commission on this application. Typically, the zoning inspector reviews site plan applications for completeness.

Mr. Layfield affirms that there was a phone call between Mr. Kunk and Mr. Bumbalough in regards to the application filed. Mr. Layfield says that the plans were complete for the site plan review application requirements but Mr. Kunk was referring to the incompleteness of the plans for final construction.

**Board Questions/Comments:**

Gene Fields: Correspondence from Doug Crabil dated 1/27/26 states that Highland did initiate a traffic study November 2024 for a project out at commerce park, to date this impact study was never completed.

Mr. Miller says that was a third-party and a different project that has nothing to do with the data center project or what is currently before the board.

Mr. Paul asks to Mr. Bumbalough what is the difference between the two pathways being presented; major subdivision vs. platting. Mr. Paul points out that Choice1 said they would build the road in phases to avoid doing a traffic impact study. He reiterates consolidation of parcels and no division of parcels. It is noted that the city can ask for a traffic study as a requirement of a packet submittal. It is noted that Mr. Bumbalough accepted the submission of the application due to Mr. Carter not being in the office that day, which is not uncommon practice and has happened before. Mr. Paul pointed out that Mr. Layfield was not on the phone call that occurred between Mr. Bumbalough and Mr. Kunk, and that Mr. Kunk is not present and did not submit anything in regards to the phone call.

Mr. Bumbalough states that the preliminary plat that the city requested was missing and that the reason for the loop road was because it goes along with the corridor plans approved by the Planning commission years ago.

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed06/15/2026 03:50 PM

**Comments in Favor/Against:** no one spoke in favor of the application

Erin Patton, 944 S. Main St. took the stand, verified she has been sworn in. Ms. Patton states she has been through this process before. She notes that she has had an application returned to her due to lack of completeness and was told that it needed to be complete before it could be sent to Planning Commission. She points out the lack of completeness and submittal time on a Friday right before the office closed makes it seem like the submission of the application was for the sole purpose of a time stamp. She points out that there is a moratorium in place and that the citizens are against the data center project.

Jennifer Young, 824 N. Main took the stand and verified she has been sworn in. Notes she is a board member of Planning Commission but is speaking as a citizen and nothing else. She asks that the board does not entertain any requests by Thor and that they take the time the moratorium allows to do their research. She urges the board to not be bullied into anything.

Summer Woodburn, 780 Campground Rd. took the stand and verified she has been sworn in. She asks, what is the lead time that that needs to be given before Planning Commission before that meeting takes place? She also notes that if you drive around town you can see the anti-data center signs and it is apparent that the citizens do not want a data center.

Andy Crist, 111 Campground Rd, took the stand and verified he has been sworn in. As an adjacent property owner, a lot of the water from this project will flow through his family farm which is concerning. With it being 1 parcel, 2 parcels have not closed, how does that effect the law?

**Action:**
Motion to SUSTAIN the rejection of the application made by: Gene Fields;
Seconded by: Vincent Gonzalez
**Roll:**
Mr. Gonzalez: Yes
Ms. Haulman: Yes
Mr. Fields: Yes
Mr. Paul: Yes

**Vote:**
4(Yay) – 0(Nay)
Request to appeal the decision made by the Zoning Officer DENIED.

## Miscellaneous

**none**

## Adjournment

**Action:**
Motion to adjourn by: Gene Fields
Seconded by: Lisa Haulman

**Vote:**
4 (Yay) – 0 (Nay)
Motion Passed.