# CHAPTER 1105

## Administration and Enforcement


**1105.01 Purpose.**
**1105.02 Responsibilities of the Zoning Inspector.**
**1105.03 Proceedings of the Planning Commission.**
**1105.04 Responsibilities of the Planning Commission.**
**1105.05 Proceedings of the Building and Zoning Appeals Board.**
**1105.06 Responsibilities of the Building and Zoning Appeals Board.**
**1105.07 Appeals; duties of City officials and courts.**
**1105.08 Appeal procedures and requirements.**
**1105.09 Appeals; procedure outlined.**
**1105.10 Stay of proceedings.**
**1105.11 Zoning permit required.**
**1105.12 Zoning permit application.**
**1105.13 Zoning permit approval.**
**1105.14 Submission to Director of the Ohio Department of Transportation.**
**1105.15 Zoning permit expiration.**
**1105.16 Certificate of occupancy.**
**1105.17 Contents of certificate of occupancy.**
**1105.18 Temporary certificate of occupancy.**
**1105.19 Record of zoning permits and certificates of occupancy.**
**1105.20 Failure to obtain a zoning permit or certificate of occupancy.**
**1105.21 Construction and use in applications, plans, permits and certificates.**
**1105.22 Complaints regarding violations.**
**1105.23 Schedule of fees, charges and expenses.**
**1105.24 Conditional uses.**
**1105.25 Application for a conditional use permit.**
**1105.26 General standards for conditional uses.**
**1105.27 Supplementary conditions and safeguards.**
**1105.28 Public hearing by the Building and Zoning Appeals Board.**
**1105.29 Notice of public hearing in newspaper.**
**1105.30 Notice to parties of interest.**
**1105.31 Action by the Building and Zoning Appeals Board.**
**1105.32 Expiration of a conditional use permit.**
**1105.33 Variances.**
**1105.34 Application and standards for variances.**
**1105.35 Supplementary conditions and safeguards.**
**1105.36 Public hearing by the Building and Zoning Appeals Board.**
**1105.37 Notice of public hearing in newspaper.**
**1105.38 Notice to parties in interest.**
**1105.39 Action by Board of Building and Zoning Appeals.**


CROSS REFERENCES

Planning Commission - see CHTR. Sec. 4.06
Building and Zoning Appeals Board - see CHTR. Sec. 4.06
Appeals from zoning decisions - see Ohio R.C. 713.11
Violation of zoning ordinances - see Ohio R.C. 713.13

### 1105.01 PURPOSE.

This section of the Zoning Code sets both the powers and duties of the Zoning Inspector, Planning Commission, Building and Zoning Appeals Board, and the City Council with respect to the administration of the provisions of this Part.

### 1105.02 RESPONSIBILITIES OF THE ZONING INSPECTOR.

The Zoning Inspector shall have the following responsibilities and powers:

(a) Enforce the provisions of this Part and interpret the meaning and application of its provisions.

(b) Receive and make determinations on applications for zoning permits and certificates of occupancy.

(c) Issue zoning permits and certificates of occupancy as provided by this Part, and keep a record of same with notations of special conditions involved.

(d) Review and process plans pursuant to the provisions of this Part.

(e) Make determinations as to whether violations of this Part exist, determine the nature and extent thereof, and notify the owner in writing, specifying the exact nature of the violation and the manner in which it shall be corrected by the owner, pursuant to the procedures in this Part.

Exhibit G

(f) Conduct inspections of buildings and uses of land to determine compliance or non- compliance with this Part.

(g) Maintain permanent and current records required by this Part, including but not limited to the Official Zoning Map, zoning permits, inspection documents and records of all variances, amendments and conditional uses. These records shall be made available for use of the City Council, Planning Commission, the Building and Zoning Appeals Board and to the public.

(h) Determine the existence of any violations of this Part and enforce this Part.

(i) Revoke a permit or approval issued contrary to this Part or based on a false statement or misrepresentation in the application.

**1105.03 PROCEEDINGS OF THE PLANNING COMMISSION.**

The Planning Commission shall adopt rules necessary to the conduct of its affairs in keeping with the provisions of this Part. Meetings shall be held at the call of the chairman and at such other times as the Commission may determine. The Commission shall keep minutes of its proceedings showing the vote of each member upon each question, or if absent or failing to vote, indicating the fact, and shall keep records of its examinations and other official actions all of which shall be a public record and be immediately filed in the office of the Commission.

**1105.04 RESPONSIBILITIES OF THE PLANNING COMMISSION.**

The Planning Commission shall have the following responsibilities and powers as they relate to this Part:

(a) Initiate advisable Official Zoning District Map changes, or changes in the text of this Part where same will promote the best interest of the public in general through recommendation to the City Council.

(b) Review all proposed amendments to the text of this Part and the Official Zoning District Map and make recommendations to the City Council.

(c) Review all Planned Unit Development applications and make recommendations to the City Council as provided in this Part.

(d) Carry on a continuous review of the effectiveness and appropriateness of this Part and recommend such changes or amendments as it feels would be appropriate.

(e) Review and act on site plans.

The Planning Commission shall also have the responsibilities as set forth in the City Charter.

**1105.05 PROCEEDINGS OF THE BUILDING AND ZONING APPEALS BOARD.**

The Building and Zoning Appeals Board shall adopt rules necessary to the conduct of its affairs in keeping with the provisions of this Part. Meetings shall be held at the call of the chairman and at such other times as the Board may determine. The chairman, or in his absence the acting chairman, may administer oaths and compel the attendance of witnesses. The Board shall keep minutes of its proceedings, showing the vote of each member upon each question, or if absent or failing to vote, indicating such fact, and shall keep records of its examinations and other official actions, all of which shall be public record and be immediately filed in the office of the Board.

**1105.06 RESPONSIBILITIES OF THE BUILDING AND ZONING APPEALS BOARD.**

The Board of Building and Zoning Appeals shall have the following responsibilities and powers as they relate to this Part:

(a) Hear and decide appeals where it is alleged there is an error in any order, requirement, decision, interpretation or determination made by the Zoning Inspector.

(b) Authorize such variances as will not be contrary to the public interest, where, owing to the special conditions, a literal enforcement of this Part will result in unnecessary hardship, and so that the spirit of this Zoning Code shall be observed and substantial justice done. Procedures for variances shall conform to Section 1105.33 , Variances.

(c) Hear applications for and decide upon requests for conditional uses.

The concurring vote of four (4) members of the Board shall be necessary to reverse any order, requirement, decision or determination of the Zoning Inspector or to decide in favor of the applicant on any matter upon which it is required to pass under this Part or to effect any variation in its application.

The Board may call on the several City departments for assistance in the performance of its duties and it shall be the duty of such departments to render such assistance to the Board as may reasonably be required.

**1105.07 APPEALS; DUTIES OF CITY OFFICIALS AND COURTS.**

It is Council's intent that all questions of interpretation and enforcement of this Part, except as otherwise specified, shall be first presented to the Zoning Inspector and that the questions shall be presented to the Building and Zoning Appeals Board only on appeal from the decision of the Zoning Inspector and that recourse from the decisions of the Board shall be to the courts as provided by law. It is further the intent of this Part that the duties of Council in connection with this Part shall not include hearing and deciding questions of interpretation and enforcement that may arise. The procedure for deciding such questions shall be as stated in this section and this Part. Under this Part, Council shall have only the duties of considering and adopting or rejecting proposed amendments or the repeal of this Part as provided by law and approving or rejecting planned unit development projects. Nothing in this Part shall be interpreted to prevent any official of the City from appealing a decision of the Board to the courts as provided by law. Any such appeal shall be made within ten days of the Board's written decision.

**1105.08 APPEALS PROCEDURES AND REQUIREMENTS.**

Appeals shall conform to the procedures and requirements of Sections 1105.08 to 1105.11, inclusive.

**1105.09 APPEALS; PROCEDURE OUTLINED.**

Appeals to the Building and Zoning Appeals Board concerning interpretation or administration of this Part may be taken by any person aggrieved or by any officer or bureau of the legislative authority of the City affected by any decision of the Zoning Inspector. The appeal

shall be taken within thirty days after the decision by filing, with the Zoning Inspector and with the Board, a notice of appeal specifying the grounds upon which the appeal is being taken. The Zoning Inspector shall transmit to the Board all the papers constituting the record upon which the action appealed from was taken.

**1105.10 STAY OF PROCEEDINGS.**

An appeal stays all proceedings in furtherance of the action appealed from, unless the Zoning Inspector from whom the appeal is taken certifies to the Building and Zoning Appeals Board after the notice of appeal is filed with him, that by reason of facts stated in the application, a stay would, in his opinion, cause imminent peril to life and property. In such case, proceedings shall not be stayed other than by a restraining order which may be granted by the Board or by a court of record on application, on notice to the Zoning Inspector from whom the appeal is taken on due cause shown.

**1105.11 ZONING PERMIT REQUIRED.**

No building or other structure shall be erected, moved, added to or structurally altered, nor shall any building, structure or land be established or changed in use without a permit issued by the Zoning Inspector. Zoning permits shall be issued only in conformity with the provisions of this Part unless the Zoning Inspector receives a written order from the Building and Zoning Appeals Board deciding an appeal or variance, or from the Planning Commission approving a conditional use or from Council approving a planned unit development district, as provided by this Part.

**1105.12 ZONING PERMIT APPLICATION.**

The application for a zoning permit shall be signed by the owner or applicant attesting to the truth and exactness of all information supplied on the application. Each application shall clearly state that the permit shall expire and may be revoked if work has not begun within one year or is not more than 50% complete within two and one-half years. At a minimum, the application shall contain the following information:

(a) Name, address and phone number of applicant;
(b) Legal description of property;
(c) Existing use;
(d) Proposed use;
(e) Zoning district;
(f) Plans in duplicate drawn to scale, showing the actual dimensions and the shape of the lot to be built upon; the exact size and location of existing buildings on the lot, if any; and the location and dimensions of the proposed building(s) or alteration;
(g) Building heights;
(h) Number of off-street parking spaces or loading berths;
(i) Number of dwelling units;
(j) Such other matters as may be necessary to determine conformance with, and provide for the enforcement of this Part.

**1105.13 ZONING PERMIT APPROVAL.**

Within thirty days after the receipt of an application, the Zoning Inspector shall either approve or disapprove the application in conformance with the provisions of this Part. All zoning permits shall, however, be conditional upon the commencement of work within one year. One copy of the plans shall be returned to the applicant by the Zoning Inspector, after he marks such copy either as approved or disapproved and attests to same by his signature on the copy. One copy of plans, similarly marked, shall be retained by the Zoning Inspector. The Zoning Inspector shall issue a placard, to be posted in a conspicuous place on the property in question, attesting to the fact that the use or alteration is in conformance with the provisions of this Part.

**1105.14 SUBMISSION TO DIRECTOR OF THE OHIO DEPARTMENT OF TRANSPORTATION.**

Before any zoning permit is issued affecting any land within 300 feet of the centerline of a proposed new highway for which changes are proposed as described in the certification to local officials by the Director of Transportation OF any land within a radius of 500 feet from the point of intersection of such centerline with any public road or highway, the Zoning Inspector shall give notice, by registered mail, to the Director that he shall not issue a zoning permit for 120 days from the date the notice is received by the Director. If the Director notifies the Zoning Inspector that he shall proceed to acquire the land needed, then the Zoning Inspector shall refuse to issue the zoning permit. If the Director notifies the Zoning Inspector that acquisition at this time is not in the public interest or upon the expiration of the 120-day period or any extension agreed upon by the Director and the property owner, the Zoning Inspector shall, if the application is in conformance with all provisions of this Part, issue the zoning permit.

**1105.15 ZONING PERMIT EXPIRATION.**

If the work described in any zoning permit has not begun within one year from the date of issuance thereof, the permit shall expire and written notice shall be given to the persons affected. If the work described in any zoning permit is not more than 50% completed within two and one-half years of the date of issuance, the permit shall expire and written notice shall be given to the persons affected, together with notice that further work as described in the cancelled permit shall not proceed unless and until a new zoning permit has been obtained or extension granted.

**1105.16 CERTIFICATE OF OCCUPANCY.**

No person shall use or occupy or permit the use or occupancy of any building or premises, or both, or part thereof hereafter created, erected, changed, converted or wholly or partly altered or enlarged in its use or structure until a certificate of occupancy is issued by the Zoning Inspector stating that the proposed use of the building or land conforms to the requirements of this Part.

**1105.17 CONTENTS OF CERTIFICATE OF OCCUPANCY.**

The certificate of occupancy shall state that the building or proposed use of a building or land complies with all the building, health,

and other applicable laws, all conditions and requirements stipulated by the Planning Commission, and with the provisions of this Part. A record of all certificates shall be kept on file in the office of the Zoning Inspector and copies shall be furnished, on request, to any persons having a proprietary or tenancy interest in the building or land affected.

**1105.18 TEMPORARY CERTIFICATE OF OCCUPANCY.**

A temporary certificate of occupancy may be issued by the Zoning Inspector for a period not exceeding six months during alterations or partial occupancy of a building pending its completion.

**1105.19 RECORD OF ZONING PERMITS AND CERTIFICATES OF OCCUPANCY.**

The Zoning Inspector shall maintain a record of all zoning permits and certificates of occupancy and copies shall be furnished upon request to any person.

**1105.20 FAILURE TO OBTAIN A ZONING PERMIT OR CERTIFICATE OF OCCUPANCY.**

Failure to obtain a zoning permit or certificate of occupancy shall be a violation of this Part.

**1105.21 CONSTRUCTION AND USE IN APPLICATIONS, PLANS, PERMITS AND CERTIFICATES.**

Zoning permits or certificates of occupancy issued on the basis of plans and applications approved by the Zoning Inspector authorize only the use and arrangement set forth in such approved plans and applications or amendments thereto, and no other use, arrangement or construction. Use, arrangement or construction contrary to that authorized shall be deemed a violation of this Part.

**1105.22 COMPLAINTS REGARDING VIOLATIONS.**

Whenever a violation of this Part occurs or is alleged to have occurred, any person shall file a written complaint. The complaint stating fully the causes and basis thereof shall be filed with the Zoning Inspector. The Zoning Inspector shall record properly such complaint, immediately investigate and take action as provided herein.

**1105.23 SCHEDULE OF FEES, CHARGES AND EXPENSES.**

The Board of Control shall establish a schedule of fees, charges and expenses and a collection procedure for zoning permits, amendments, appeals, variances, conditional use permits, plan approvals and other matters pertaining to the administration and enforcement of this Part requiring investigations, inspections, legal advertising, postage and other expenses. The schedule of fees shall be posted in the office of the Zoning Inspector. Until all applicable fees, charges and expenses have been paid in full, no action shall be taken on any application or appeal.

**1105.24 CONDITIONAL USES.**

The Building and Zoning Appeals Board may authorize, upon application, conditional uses as delineated in Section 1105.25 through 1105.32. Such conditional use requests shall conform to the procedures and requirements of Section 1105.25 through 1105.32, inclusively.

**1105.25 APPLICATION FOR A CONDITIONAL USE PERMIT.**

An application for conditional use permit shall be filed with the Zoning Inspector by at least one owner, owner's agent or lessee of properties for which such conditional use is proposed. The application shall be signed by the owner or applicant attesting to the accuracy of all information supplied by the application provided however that the Zoning Inspector may waive certain submission requirements where it is determined that it is not applicable.

At a minimum, the application shall contain the following information:

(a) Name, address and phone number of applicant;
(b) Legal description of property;
(c) Description of existing use;
(d) Zoning district;
(e) Description of proposed conditional use;
(f) A plan of the proposed site for the conditional use showing the location of all buildings, parking and loading areas, traffic access and traffic circulation, open spaces, landscaping, refuse and service areas, utilities, signs, yards and such other information as the Board may require to determine if the proposed conditional use meets the intent and requirements of this part;
(g) A narrative statement evaluating the effects on adjoining property; the effect of such elements as noise, odor and fumes on adjoining property; a discussion of the general compatibility with adjacent and other properties in the district; and the relationship of the proposed use to the Comprehensive Plan.
(h) Names and mailing addresses of all contiguous and adjoining properties.
(i) When an application for a conditional use permit is for an adult entertainment facility, the applicant shall supply the additional information listed below:
   (1) The location of the proposed conditional use in relation to any Residential, Office-Residential, Office-Commercial, Commercial and/or Industrial Zoning District within 1,000 feet of the property boundary of the proposed use.
   (2) The location of the proposed conditional use in relation to any school, library, child-care center or teaching facility, whether public or private, governmental or commercial; said school, library, child-care center or teaching facility is attended by persons under eighteen years of age.
   (3) The location of the proposed conditional use in relation to any park or recreational facility, public or private, which is attended by persons under eighteen years of age.
   (4) The location of the proposed conditional use in relation to any permanently established place of religious services.
   (5) The location of the proposed conditional use in relation to any of the following uses or establishments within such uses are

located:

A. Cabarets, clubs, or other establishments which feature topless or bottomless dancers, go-go dancers, exotic dancers, strippers, male or female impersonators, or similar entertainers.
B. Establishments for the sale of beer or intoxicating liquor for consumption on the premises.
C. Pawn shops.
D. Pool or billiard halls.
E. Pinball palaces or halls.
F. Dance halls or discotheques.
G. Massage parlors.

(Ord. 4059. Passed 5-26-98.)

**1105.26 GENERAL STANDARDS FOR CONDITIONAL USES.**

The Building and Zoning Appeals Board shall review the particular facts and circumstances of each proposed use in terms of all the following standards and shall find adequate evidence showing that the use at the proposed location:

(a) Is in fact a conditional use as established under the provisions of Chapters 1120 through 1126 and appears on the official schedule of district regulations for the zoning district involved;
(b) Will be harmonious with and in accordance with the general objectives, or with any specific objective of the City's Comprehensive Plan and/or this Part;
(c) Will be designed, constructed, operated and maintained so as to be harmonious and appropriate in appearance with the existing or intended character of the general vicinity and that the use will not change the essential character of the same area;
(d) Will not be hazardous or disturbing to existing or future neighboring uses;
(e) Will be served adequately by essential public facilities and services such as highways, streets, police and fire protection, drainage structures, refuse disposal, water and sewer, and schools; or that the persons or agencies responsible for the establishment of the proposed use shall be able to provide adequately any such services;
(f) Will not create excessive additional requirements at public cost for public facilities and services and will not be detrimental to the economic welfare of the community.
(g) Will not involve uses, activities, processes, materials, equipment and conditions of operation that will be detrimental to any persons, property or the general welfare by reason of excessive production of traffic, noise, smoke, fumes or odors; and
(h) Will have vehicular approaches to the property which shall be so designed as not to create an interference with traffic on surrounding public thoroughfares.

**1105.27 SUPPLEMENTARY CONDITIONS AND SAFEGUARDS.**

In granting any conditional use, the Building and Zoning Appeals Board may prescribe appropriate conditions and safeguards in conformity with this Part. Violations of the conditions and safeguards, when made a part of the terms under which the conditional use is granted, shall be deemed a violation of this Part and provide cause to revoke a conditional use granted.

**1105.28 PUBLIC HEARING BY THE BUILDING AND ZONING APPEALS BOARD.**

The Building and Zoning Appeals Board shall hold a public hearing within thirty (30) days after the receipt of a conditional use permit application from the Zoning Inspector or applicant.
(Ord. 4015. Passed 11-4-96.)

**1105.29 NOTICE OF PUBLIC HEARING IN NEWSPAPER.**

Before holding the public hearing required in Section 1105.28, notice of the hearing shall be given in one newspaper of general circulation in the City at least ten days before the date of the hearing. The notice shall set forth the time and place of the public hearing and the nature of the proposed appeal or variance.

**1105.30 NOTICE TO PARTIES OF INTEREST.**

Before holding the public hearing required in Section 1105.28, written notice of the hearing shall be mailed by the chairman of the Zoning Inspector, by first class mail, at least ten days before the day of the hearing to all parties in interest including all surrounding properties within 200 feet of the subject property. The notice shall contain the same information as required of notices published in newspapers as specified in Section 1105.29.

**1105.31 ACTION BY THE BUILDING AND ZONING APPEALS BOARD.**

Within thirty days after the public hearing required in Section 1105.28 the Building and Zoning Appeals Board shall either approve, approve with supplementary conditions as specified in Section 1105.27 or disapprove the application as presented. If the application is approved or approved with modifications, the Building and Zoning Appeals Board shall direct the Zoning Inspector to issue a conditional use permit listing the specific conditions specified by the Building and Zoning Appeals Board for approval. If the application is disapproved by the Building and Zoning Appeals Board the applicant may seek relief through the Court of Common Pleas. Appeals from Building and Zoning Appeals Board decisions shall be made in the manner specified in Section 1105.08.

**1105.32 EXPIRATION OF A CONDITIONAL USE PERMIT.**

(a) A conditional use permit shall be deemed to authorize only one particular conditional use and the permit shall automatically expire if, for any reason, the conditional use shall cease for more than one (1) year.
(b) In R-1, R-2 and R-3 Districts, a conditional use permit shall also expire upon transfer of ownership of the property for which the permit was granted.

**1105.33 VARIANCES.**

The Building and Zoning Appeals Board may authorize upon appeal in specific cases such variances from the terms of this Part as will not be contrary to the public interest where the following standards are met, owing to special conditions, a literal enforcement of the provisions of this Part would result in unnecessary hardship. No nonconforming use of neighboring lands, structures or buildings in the same district and no permitted or nonconforming use of lands, structures or buildings in other districts shall be considered grounds for issuance of a variance.

Variances shall not be granted on the grounds of convenience or profit, but only where strict application of the provisions of this Part would result in unnecessary hardship. Furthermore, no variance for use of land shall be issued:

(a) *Conditions prevailing*. Where there are exceptional or extraordinary circumstances or conditions, the literal enforcement of the requirements of this Zoning Code would involve practical difficulty or would cause unnecessary hardship, unnecessary to carry out the spirit and purpose of this chapter, the Board shall have power to relieve such hardship. In authorizing a variance, the Board may attach thereto such conditions regarding the location, character, and other features of the proposed structure or use as it may deem necessary in the interest of the furtherance of the purpose of the Zoning Code and in the public interest. In authorizing a variance, with attached conditions, the Board shall require such evidence and guarantee or bond as it may deem to be necessary, to enforce compliance with the conditions attached.

(b) *Findings of the Board*. No such variance of the provisions or requirements of this Zoning Code shall be authorized by the Board unless the Board finds that ALL of the following facts and conditions exist:

(1) *Exceptional circumstances.* Where, by reason of the exceptional narrowness, shallowness, or unusual shape of a specific piece of property on the effective date of this Zoning Code, or by reason of exceptional topographic conditions, or other extraordinary situation or condition of such piece of property, or of the use or development of property immediately adjoining the piece of property in question, there are exceptional or extraordinary circumstances or conditions applying to the property in question or to the intended use of the property, that do not apply generally to other properties or classes of uses on the same zoning district.

(2) *Preservation of property rights.* That such variance is necessary for the preservation and enjoyment of substantial property rights which are possessed by other properties in the same zoning district and in the same vicinity.

(3) *Absence of detriment.* That the authorizing of such variance will not be of substantial detriment to adjacent property, and will not materially impair the purposes of this Zoning Code or the public interest.

(4) *Not of general nature*. That the condition or situation of the subject property, or the intended use of the property, for which variance is sought, is not of so general or recurrent a nature as to make reasonably practical the formulation of a general regulation for such conditions or situation.

**1105.34 APPLICATION AND STANDARDS FOR VARIANCES.**

The following shall apply to the application for a variance:

(a) A variance from the terms of this Part shall not be granted by the Building and Zoning Appeals Board unless and until a written application for a variance is submitted to the Zoning Inspector and the Board containing:

(1) Name, address and phone number of applicant;
(2) Legal description of property;
(3) Description of nature of variance requested;
(4) A narrative statement demonstrating that the requested variance conforms to the standards.

(b) A variance shall not be granted unless the Board makes specific findings of fact based directly on the particular evidence presented to it, which support conclusions that the standards and conditions imposed by subsection(a)(4) hereof have been met by the applicant.

**1105.35 SUPPLEMENTARY CONDITIONS AND SAFEGUARDS.**

Under no circumstances shall the Building and Zoning Appeals Board grant an appeal or variance to allow a use not permissible under the terms of this Part in the district involved or any use expressly or by implication prohibited by the terms of this Part in such district. In granting any appeal or variance, the Board may prescribe appropriate conditions and safeguards in conformity with this Part. Violation of the conditions and safeguards, when made a part of the terms under which the appeal or variance is granted, shall be deemed a violation of this Part.

**1105.36 PUBLIC HEARING BY THE BUILDING AND ZONING APPEALS BOARD.**

The Building and Zoning Appeals Board shall hold a public hearing within thirty (30) days after the receipt of an application for an appeal or variance from the Zoning Inspector or an applicant. (Ord. 4015. Passed 11-4-96.)

**1105.37 NOTICE OF PUBLIC HEARING IN NEWSPAPER.**

Before holding the public hearing required in Section 1105.36, notice of the hearing shall be given in one newspaper of general circulation in the City at least ten days before the date of the hearing. The notice shall set forth the time and place of the public hearing and the nature of the proposed appeal or variance.

**1105.38 NOTICE TO PARTIES IN INTEREST.**

Before holding the public hearing required in Section 1105.36, written notice of the hearing shall be mailed by the chairman of the Building and Zoning Appeals Board, by first class mail, at least ten days before the day of the hearing to all parties in interest including all contiguous and adjoining properties. The notice shall contain the same information as required of notices published in newspapers as specified in Section 1105.37.

**1105.39 ACTION BY BOARD OF BUILDING AND ZONING APPEALS.**

Within thirty days after the public hearing required in Section 1105.36, the Building and Zoning Appeals Board shall either approve,

approve with supplementary conditions as specified in Section 1105.35 or disapprove the request for appeal or variance. The Board shall further make a finding that the reasons set forth in the application justify the granting of the variance that will make possible a reasonable use of the land, building or structure. Appeals from Board decisions shall be made in the manner specified in Section 1105.08.