**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| THOR EQUITIES, LLC, *et al.*, | : | Case No. 3:26-cv-00196 |
| | : | |
| Plaintiffs, | : | Judge Michael J. Newman |
| | : | Magistrate Judge Caroline H. Gentry |
| v. | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | (Settlement) |
| CITY OF URBANA, OHIO, *et al.*, | : | |
| | : | |
| Defendants. | : | **MOTION TO INTERVENE** |
| | : | |

Now come proposed Intervening Third-Party Plaintiffs John B. Winner, Megan Crist, Andrew Crist, Connie Flanly, Patton Property LLC, Summer Woodburn, Robert Woodburn, and Woodburn Farms Inc. (together, "Intervening Plaintiffs"), by and through counsel, and hereby respectfully move this Court for an order authorizing their intervention in this action pursuant to Fed. R. Civ. P. 24.

This Motion is supported by the below Memorandum. A copy of Intervening Plaintiffs' proposed Third-Party Complaint, as required by Fed. R. Civ. P. 24(c) is being submitted herewith as **Exhibit 1**[1].

Respectfully submitted,

*/s/ Austin Z. Baurichter*
Austin Z. Baurichter (0104539)
BAURICHTER LAW LLC
410 White Oak Street
Georgetown, Ohio 45121
Phone: (513) 693-8565
Email: abaurichter@protonmail.com

*Counsel for Intervening Plaintiffs*

[1] Sometimes referred to herein as the "Proposed Third-Party Complaint."

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION

Data center developing entities are suing an Ohio municipality on claimed constitutional rights. Local municipal residents are seeking intervention in this lawsuit so that they may claim, among others, their own constitutional rights. This is a case about which of those sets of rights should prevail.

### II. PROCEDURAL BACKGROUND

Thor[2] filed its original Complaint on June 19, 2026 (the "Complaint"). [Doc. 1]. Thor brought claims against Urbana in relation to its Project. Thor's project is a data center development. Thor's eight claims are based on a combination of (i) claimed constitutional rights that were allegedly violated by Urbana during the municipal processes involved with such development and (ii) requests for declaratory judgments that would flow from this Court's enforcement of those rights. [See, Doc. 1]. To date, Urbana has filed an answer in this case and the parties appear to have complied with Fed. R. Civ. P. 26(f). A mediation for this case is currently set for September 21, 2026 at 9:30 AM via Zoom before referred Magistrate Judge Peter B. Silvain, Jr. The mediation has not yet occurred.

Intervening Plaintiffs now bring this Motion to intervene in this case for the purpose of asserting their own set of constitutional claims, among others, based on the same municipal processes involved with Thor's development of a data center. As further factual background, Intervening Plaintiffs incorporate herein by reference the facts alleged and their supporting exhibits in their Proposed Third-Party Complaint as if fully re-written herein.

---

[2] Unless expressly defined or referenced, capitalized terms not defined herein shall have the definition ascribed to them in the Complaint.

## III. LAW & ARGUMENT

Fed. R. Civ. P. 24 allows for intervention as a matter of right or intervention as a matter of permission. Fed. R. Civ. P. 24(a) sets forth intervention as a matter of right, in relevant part as follows:

> On timely motion, the court must permit anyone to intervene who: (1) ... (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(b) sets forth permissive intervention, in relevant part as follows:

> (1) On timely motion, the court may permit anyone to intervene who: (A) ... (B) has a claim or defense that shares with the main action a common question of law or fact. (2) ... (3) In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

For the reasons set forth below, Intervening Plaintiffs meet the criteria for both intervention of right and permissive intervention.

### A. <u>Intervening Plaintiffs' Motion is timely.</u>

Since timeliness is a requirement for both intervention by right and permissive intervention, it will be addressed first.

The Sixth Circuit recognizes five factors in the timeliness evaluation: "(1) the stage of the litigation, (2) the intervenor's purpose, (3) the length of time that the intervenor knew about her interest, (4) prejudice to the original parties, and (5) unusual circumstances." *Cahoo v. SAS Inst., Inc.*, 71 F.4th 401, 412 (6th Cir. 2023)(citing *Blount-Hill v. Zelman*, 636 F.3d 278, 284 (6th Cir. 2011)).

These factors each fall in favor of Intervening Plaintiffs.

This case has not yet been developed through discovery, and the parties have not yet conducted their mediation (which appears to have been ordered by this Court and not set up by

volition of the parties). The pleadings and the 26f report have been filed, but nothing further. There has been no motion practice. Intervening Plaintiffs submit that, from a Court's perspective (the relevant perspective here), this case is in the early stages such that intervention is still appropriate.

Intervening Plaintiffs seek to intervene for the purpose of protecting their constitutional rights and their rights as property owners and community members of the City of Urbana. As alleged in the Proposed Third-Party Complaint, the Urbana Officials[3] and the Developing Entities[4] worked together to deprive Intervening Plaintiffs of their constitutional rights in favor of developing a data center in Urbana. Intervening Plaintiffs submit that seeking to enforce their rights against such municipal-corporate overreach and violation amounts to an axiomatic example of the proper use of the judicial system, and, in particular, intervention in a case like this.

As alleged in the Proposed Third-Party Complaint, Intervening Plaintiffs began to become aware that, in fact, a data center was being developed in Urbana in early 2026. From that point through to the present, Intervening Plaintiffs have endeavored to seek additional information – which, as alleged, was far from readily offered – and transparency from the Urbana Officials and Developing Entities regarding the previous, approximately eighteen months of activity between them. This was not an easy or fast process. Nevertheless, Intervening Plaintiffs submit on this factor that they worked diligently and without delay to obtain the facts and information necessary to identify and evaluate their legal interests in this case, and, having so evaluated, promptly bring them.

[3] As defined in the Proposed Third-Party Complaint.
[4] As defined in the Proposed Third-Party Complaint.

Along the same lines as the above, intervention here would not prejudice any party. Each of the existing parties to this action still has the same opportunity to develop its case and pursue its claims from this point forward. Intervening Plaintiffs' timely intervention, in addition, prevents prejudicial expenditures in the form of, for example, duplicative discovery efforts and (to a somewhat lesser extent) duplicative settlement efforts. Moreover, as Thor references in the Complaint, there is a pending action in the Champaign County Court of Common Pleas under Case No. 2026 CV 00112, styled *Thor Equities LLC, et al. v. City of Urbana, Ohio, et al.* (the "BZA Case") whose disposition stands to affect this case as it has to do with whether Thor's Site Plan Application[5] actually vests Thor with the rights it is claiming. Whether Thor's Site Plan Application vests those rights in turn bears significantly on the outcome of this case. In the sense that these two cases are connected and remain pending at this juncture, Intervening Plaintiffs' intervention in this case would not work prejudice to the existing parties.

Unusual circumstances truly do exist in this case. Data center developments are extraordinarily significant developments, and Ohio is currently experiencing a vast number of them, such that the landscape[6] of Ohio communities like Urbana may change drastically. In addition, data center developments are the subject of intense societal debate, which a substantial majority of Americans opposing them[7]. This should be understood to be *especially* true in a case like this where, as alleged in the Proposed Third-Party Complaint, the constitutional rights (among others) of citizens were violated during the course of that development. Intervening

[5] As defined in the Proposed Third-Party Complaint.
[6] Literally and figuratively.
[7] https://news.gallup.com/poll/709772/americans-oppose-data-centers-area.aspx.

Plaintiffs submit that this Court should take special note of this context in consideration of Intervening Plaintiffs' request to intervene[8].

**B. <u>Intervening Plaintiffs are entitled to intervention by right.</u>**

Fed. R. Civ. P. 24(a) uses mandatory "must" language, instructing a court that it "must" grant intervention when the criteria are met. Intervention must be granted where "1) the application was timely filed; 2) the applicant possesses a substantial legal interest in the case; 3) the applicant's ability to protect its interest will be impaired without intervention; and 4) the existing parties will not adequately represent the applicant's interest." *Blount-Hill*, 636 F.3d at 283. Courts "must construe the right to intervene broadly in [the applicant]'s favor." *Est. of Lewis v. City of Columbus*, 158 F4th 814, 822 (6th Cir. 2025).

For the reasons set forth above, Intervening Plaintiffs have timely filed their Motion.

Intervening Plaintiffs possess a substantial legal interest in this case. Their constitutional rights are at stake. As alleged in the Third-Party Complaint, they have been treated dishonestly by their government in favor of a corporate developer and seek redress from this Court. These are fundamental rights, and their violation, as alleged, has injured Intervening Plaintiffs. Courts in the Sixth Circuit have recognized that, to qualify as a "substantial interest," "proposed intervenors need not have 'a specific legal or equitable interest' in the litigation for the interest to qualify as substantial." *Wineries of the Old Mission Peninsula Ass'n v. Twp. of Peninsula*, 41 F.4th 767, 772 (6th Cir. 2022)(citing, *Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1245 (6th Cir. 1997)(quoting *Purnell v. City of Akron*, 925 F.2d 941, 948 (6th Cir. 1991)). While the notion

[8] Intervening Plaintiffs note for this Court that certain of them have intervened in the BZA Case as well. Further, this Court, in a different case involving data center developments, has allowed the data center developer to intervene in an existing case between citizens and a municipality (see, SD OH Case No. 1:26-cv-00448-JPH, [Doc. 22]). Intervening Plaintiffs submit that the same basis for admitting the developer in that case should be applied to Intervening Plaintiffs' intervention here.

is "rather expansive," the interests asserted still must be "significantly protectable". *Id.* (internal citations omitted). This is a fact-specific analysis. *Id.* (internal citations omitted).

The Proposed Third-Party Complaint is a fifteen-count complaint alleging facts that took place between 2024 and 2026, demonstrating *with specificity* exactly how the actions taken by the Urbana Officials and the Developer Entities together amounted to violations of Intervening Plaintiffs' rights. The claims brought include constitutional violations which are significantly protectable by this Court and its unique ability to fashion the relief that Intervening Plaintiffs are seeking.

In that same vein, if Intervening Plaintiffs are disallowed to intervene, their ability to protect their interests will be significantly impaired. The disposition of this action, especially if it results in a judgment in favor of Thor or gets settled such that Thor is permitted to continue its data center development would further (and quite possibly irreparably) cement the harm caused to Intervening Plaintiffs. At bottom, Intervening Plaintiffs argue that, at least in its current iteration, Thor's pending data center development in Urbana is wholly founded on improper, dishonest, and voidable grounds. At minimum, the preservation of judicial resources would have each party's rights – Intervening Plaintiffs' included – be adjudicated in the same action rather than a string of subsequent action(s).

None of the existing parties adequately represent Intervening Plaintiffs' interests. In the primary respect, Intervening Plaintiffs are asserting claims against both Thor and Urbana[9]. In that sense, it cannot be said that Intervening Plaintiffs' interests are adequately represented by the existing parties because they are on the other side of those interests.

[9] Between Thor's original complaint and the Proposed Third-Party Complaint, the parties do not overlap in a perfect 1:1 ratio, but they do substantially overlap.

Further, to the extent it could be construed that Urbana's position in the existing action embraces Intervening Plaintiffs' position that Thor's data center development (and/or its vested rights) is improper, that does not constitute adequate representation. First, Intervening Plaintiffs' claims asserted are broader than just the Moratorium and the dispute underlying the BZA Case. Second, courts recognize that "governmental entities" typically do not adequately represent the interests of private parties. *See, Wash. All. of Tech Workers v. U.S. Dep't of Homeland Sec.*, 395 F. Supp. 3d 1, 21 (D.D.C. 2019); *Blankenship v. Blackwell*, 341 F. Supp. 2d 911, 918 (S.D. Ohio 2004). The burden for Intervening Plaintiffs to show that their interests are not adequately represented is "minimal," and Intervening Plaintiffs have shown it here. *See, Mich. State AFL-CIO v. Miller*, 103 F.3d 1240, 1247 (6th Cir. 1997).

**C. <u>In the alternative, this Court should permit Intervening Plaintiffs to intervene.</u>**

Even if this Court finds that Intervening Plaintiffs are not entitled to intervention as a matter of right, it is within this Court's discretion to nevertheless *permit* their intervention. See, Fed. R. Civ. P. 24(b). As already established above, for the Court to exercise its discretion, such a motion need be timely, proposed intervenors' claims must have a common question of law or fact with the existing action, and intervention must not cause prejudice to the parties. The Sixth Circuit has remarked that intervenors must "allege at least one common question of law or fact" with an existing party. *United States v. Michigan*, 424 F.3d 438, 448 (6th Cir. 2005). After that, "the district court must then balance undue delay and prejudice to the original parties, if any, and any other relevant factors to determine whether, in the court's discretion, intervention should be allowed." *Id.*

Intervening Plaintiffs have demonstrated above that their Motion is timely.

Here, although there are others, the most salient common question of law is whether Thor (and to the extent that Thor does not totally comprise the Developer Entities, the Developer Entities) actually has "vested rights" to develop its data center in Urbana. Intervening Plaintiffs, among other things, argue that, at best, those vested rights were improperly obtained and voidable.

Regarding common facts, for one such example, Thor alleges that CRA #2 was enacted "specifically to support the [data center development] Project." [Doc. 1, PageID: 11, ¶46]. Intervening Plaintiffs argue that that "specific support" provided by Urbana was intentionally kept opaque and misleading from Intervening Plaintiffs, which violated their rights and injured them.

Each of these independently satisfies the "at least one common question of law or fact" requirement.

Finally, for the same reasons set forth above, the existing parties will not be prejudiced by Intervening Plaintiffs' intervention. In fact, intervention here provides the most judicious route to an adjudication for *all* stakeholders involved in this matter.

## IV. CONCLUSION

For the preceding reasons, Intervening Plaintiffs respectfully request that this Court enter an order authorizing their intervention in this action pursuant to Fed. R. Civ. P. 24(a), or, in the alternative Fed. R. Civ. P. 24(b).

Respectfully submitted,

*/s/ Austin Z. Baurichter*
Austin Z. Baurichter (0104539)
BAURICHTER LAW LLC
410 White Oak Street
Georgetown, Ohio 45121
Phone: (513) 693-8565
Email: abaurichter@protonmail.com

*Counsel for Intervening Plaintiffs*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this 18th day of September 2026, the foregoing was filed electronically through this Court's CM/ECF system, which will automatically send a copy to counsel of record for each of the parties pursuant to Fed. R. Civ. P. 5(b)(2)(E).

*/s/ Austin Z. Baurichter*
Austin Z. Baurichter (0104539)