Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM

**IN THE COURT OF COMMON PLEAS**
**CHAMPAIGN COUNTY, OHIO**

| | | |
|---|---|---|
| **THOR EQUITIES LLC, *et al.*,** | : | **Case No. 2026 CV 00112** |
| | : | |
| **Appellants,** | : | **Judge Nick A. Selvaggio** |
| | : | |
| **v.** | : | |
| | : | |
| **CITY OF URBANA, OHIO, *et al.*,** | : | **MOTION TO INTERVENE** |
| | : | |
| **Appellees.** | : | |

Andrew Crist, Megan Crist, Connie Flanly, Patton Property LLC, Summer Woodburn, Robert Woodburn, and Woodburn Farms Inc. (together, the "Intervenors"), by and through the undersigned counsel, respectfully ask that the Court allow them to intervene in this case under Rule 24 of the Ohio Rules of Civil Procedure. The Intervenors qualify to intervene by right under Civ.R. 24(A) and, alternatively, should be granted permissive intervention under Civ.R. 24(B). A proposed order will be filed alongside this motion.

Date: August 12, 2026

Respectfully submitted,

*/s/ J.P. Burleigh*

J.P. Burleigh (0101560)
Teresa M. Bamberger (0086494)
Sean S. Suder (0078535)
SUDER, LLC
1502 Vine Street, Fourth Floor
Cincinnati, Ohio 45202
(513) 694-7500
jp@ssuder.com
teresa@ssuder.com
sean@ssuder.com
*Counsel for Andrew Crist, Megan Crist, Connie Flanly, Patton Property LLC, Summer Woodburn, Robert Woodburn, and Woodburn Farms Inc.*

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM

## MEMORANDUM IN SUPPORT

### I. INTRODUCTION

This is an administrative appeal stemming from a proposed data center development, a highly intensive land use that will have significant adverse impacts for the public at large and to adjacent property owners.

Like many communities throughout the nation, the City of Urbana is grappling with how and where data centers may properly be developed in a manner that adequately protects the health, safety, welfare, peace, and comfort of its citizens. To that end, on March 3, 2026, the City enacted a temporary moratorium on data center development in order to study this novel land use and adopt appropriate regulations—a well-established land use planning tool that has been repeatedly upheld as constitutional. *See, e.g., Bronco's Entm't v. Charter Twp. of Van Buren*, 421 F.3d 440, 453 (6th Cir. 2005) (collecting cases).

In an effort to slip its development in for approval before the moratorium took effect, the developer in this case hurried its design team to submit a site plan application that was not fully complete. *See* Appellant's Transcript (docket at Jul. 31, 2026, hereafter "Tr.") at 4-5, 80-81. After the City Engineer received the application on February 13, 2026, he informed the developer that more information was needed and that the wrong approval had been requested. Tr. at 33-35. Rather than revise its submission, the developer filed an appeal to the Board of Zoning Appeals (the "BZA"), where the City Engineer's determination was unanimously affirmed. Tr. at 100-102. The Developer then continued its misguided approach, filing an appeal to this Court

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM

and also suing the City for a plethora of far-fetched constitutional violations—a not-so-subtle attempt to pressure the City into settling. *See generally Thor Equities, LLC, et al. v. City of Urbana, Ohio*, S.D. Ohio Case No. 3:26-cv-00196.

The Intervenors in this case are all property owners in close proximity to the proposed data center, who have standing to appear in this appeal because they actively participated in the administrative proceedings below before the BZA. *Willoughby Hills v. C.C. Bar's Sahara*, 64 Ohio St.3d 24, 26 (1992) ("Adjacent or contiguous property owners who oppose and participate in the administrative proceedings concerning the issuance of a variance are equally entitled to seek appellate review under R.C. 2506.01."), citing *Roper v. Board of Zoning Appeals*, 173 Ohio St. 168, syllabus (1962). Their goal is to protect their own private property interests, which are distinct from the City's interest in defending the BZA's decision-making. The Intervenors seek no delay in this case and will adhere to the Court's existing scheduling order, including briefing deadlines. As explained more below, the Intervenors are entitled to participate in this case by right, and they also meet the standard for permissive intervention.

The Court should therefore grant the Intervenors' motion, in substantially the form as the proposed order submitted herewith.

## II. BACKGROUND

### A. The Proceedings Below

The appellants in this case—Thor Equities LLC, Urbana Owner I LLC, and Highland55 Investments LLC (collectively, the "Developer")—aim to construct a

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM

massive data center development on approximately 324.8 acres of rural farmland between U.S. Route 68 and State Route 55 (the "Subject Property"). However, they have failed to follow the proper approval procedures to do so.

On February 13, 2026, the City Engineer received a phone call from the Developer's design team, stating that a site plan application would be submitted later that day. Tr. at 33. The Developer's representative stated that the site plan was incomplete and not ready for submission, but that he was submitting it anyway at the request of the Developer in order to get ahead of the upcoming moratorium. *Id.* at 34. Indeed, the representative admitted that the application "was about 60 percent complete" and that "he just wanted to get it in for his client." *Id.* at 22-23. Upon receiving and reviewing the application, City staff determined that the site plan was not complete and therefore would not be provided to the Planning Commission, pursuant to Section 1110.02 of the City's Planning and Zoning Code. *Id.* at 34. Additionally, City staff determined that the development would require approval through the major subdivision process of Chapter 1161 of the City's Planning and Zoning Code, and that the Developer had not followed the proper procedures to initiate that review. *Id.* at 33.

The Developer appealed the denial of its application to the BZA, and a hearing was conducted on April 13, 2026. During that hearing, the Developer presented its arguments and contentions as to why the site plan application should have been accepted, and its counsel also stated that the City would be liable for damages and attorneys fees unless the decision was reversed. Tr. at 70. Numerous adjacent

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM

property owners spoke in opposition, urging the BZA to deny the appeal on the merits without regard to the Developer's litigation threats. *Id.* at 87-98. At the conclusion of the hearing, the BZA unanimously denied the appeal. *Id.* at 100-102.

**B. The Intervenor Parties**

There are seven Intervenors seeking to participate in this appeal: Andrew Crist, Megan Crist, Connie Flanly, Patton Property LLC, Summer Woodburn, Robert Woodburn, and Woodburn Farms Inc. As stated above, each of the Intervenors has standing as an adjacent property owner who actively participated in the administrative proceedings below.

**Mr. Andrew Crist and Mrs. Megan Crist** own the real property located at 111 Campground Road, Urbana, Ohio 43078, bearing Champaign County Auditor's Parcel Id. Nos. K41-11-11-21-00-015-00 and K41-11-11-21-00-003-00. (A true and accurate copy of the Crists' vesting deed is attached hereto as **Exhibit A**, of which the Court may take judicial notice under Evid.R. 201(B). *Wiseman v. Cambria Prods. Co.*, 61 Ohio App.3d 294, 300 (4th Dist. 1989).) Their land is approximately 345 feet from the Subject Property. Notably, their land is just a stone's throw from the access drive onto US Route 58 indicated on the Developer's site plan. Appellant's Ex. 3(2) at C04-00. That new road is significant because the area in question has a documented history of severe traffic issues, including at least one death, which the City informed the Developer about. Tr. at 49-50. Mr. Crist appeared at the hearing and expressed concern about impacts of the data center development on his horse farm. Tr. at 90.

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM

**Ms. Connie Flanly** owns the real property located at 97 Heritage Drive, Urbana, OH, 43078, bearing Champaign County Auditor's Parcel Id. No. K48-25-11-02-31-044-00.[1] (A true and accurate copy of Ms. Flanly's vesting deed is attached hereto as **Exhibit B**.) Her condominium is approximately a quarter mile from the Subject Property. She appeared at the hearing and spoke about how the data center would impact her condominium community in terms of air pollution, light pollution, traffic, and strain on public infrastructure. Tr. at 96-97. (The court reporter's transcript of the hearing renders Ms. Flanly's surname phonetically as "Panley.")

**Patton Property LLC** is an Ohio limited liability company who owns the real property located at 944 S. Main Street, Urbana, OH 43078, bearing Champaign County Auditor's Parcel Id. Nos. K48-25-00-01-06-006-00, K48-25-00-01-06-007-00, K48-25-00-01-06-008-00, K48-25-00-01-06-009-00, and K48-25-00-01-06-010-00. (A true and accurate copy of Patton Property LLC's vesting deed is attached hereto as **Exhibit C**.). This land is less than half a mile from the Subject Property. Ms. Erin Patton appeared on behalf of the LLC at the hearing below and spoke on the record in opposition to the Developer's position. Tr. at 84-85.

**Mrs. Summer Woodburn and Mr. Robert Woodburn** own the real property located at 780 Campground Road, Urbana, Ohio 43078, bearing Champaign County Auditor's Parcel Id. No. K41-11-11-22-00-036-01. (A true and accurate copy of the Woodburns' vesting deed is attached hereto as **Exhibit D**.) Their land is

[1] The legal description attached as Exhibit A to Ms. Flanly's recorded deed contains a scrivener's error, rendering the parcel-number prefix as "K41." The first page of the recorded deed and the Champaign County Auditor's records both identify the parcel as K48-25-11-02-31-044-00.

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM

approximately 0.7 miles from the Subject Property. Mrs. Woodburn appeared at the hearing below and spoke on the record, posing questions as to whether the Developer complied with the procedures necessary to submit a finalized site plan application. Tr. at 89. Mrs. Woodburn's testimony was also on behalf of **Woodburn Farms Inc.**, an Ohio corporation that owns the Woodburns' family farm, located at 671 Campground Road, bearing Champaign County Auditor's Parcel Id. Nos. K41-11-11-21-00-014-00, K41-11-11-22-00-035-00, K41-11-11-22-00-036-00, and K41-11-11-22-00-037-00. (True and accurate copies of Woodburn Farms Inc.'s vesting deeds are attached hereto as **Exhibit E**.) This land is roughly 0.4 miles from the Subject Property. Mrs. Woodburn's connection to her family farm was stated on the record by Ms. Patton, who explained, "Summer's across the street with her family farm." *See* Tr. at 87.

## III. LAW & ARGUMENT

The Supreme Court of Ohio has recognized courts' "duty to liberally construe Civ.R. 24 in favor of intervention." *State ex rel. Watkins v. Eighth Dist. Court of Appeals*, 82 Ohio St.3d 532, 534 (1998). The Intervenors satisfy the requirements for intervention of right under Civ.R. 24(A)(2), and they independently satisfy the requirements for permissive intervention under Civ.R. 24(B)(2). This motion also complies with Civ.R. 24(C): it states the grounds for intervention and has been served on all parties under Civ.R. 5. Because this administrative appeal will be decided on the record and merit briefs rather than on Civ.R. 7(A) pleadings, no pleading accompanies this motion. *See* Civ.R. 1(C) (the Civil Rules do not apply to appellate

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM

and special statutory proceedings "to the extent that they would by their nature be clearly inapplicable"). The Intervenors' defense in this appeal is the position they advanced below; namely, that the BZA correctly apply the law to the facts in affirming the City Engineer's determinations. That said, they will promptly file any pleading or statement the Court may direct.

### A. The Intervenors are entitled to intervene as a matter of right under Civ.R. 24(A).

Civ.R. 24(A)(2) provides that, "[u]pon timely application," anyone "shall be permitted to intervene" when the applicant "claims an interest relating to the property or transaction that is the subject of the action," the applicant is "so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest," and the applicant's interest is not "adequately represented by existing parties." The rule thus requires (1) a timely application, (2) an interest relating to the property or transaction at issue, (3) practical impairment of the applicant's ability to protect that interest, and (4) the absence of adequate representation by the existing parties. The Intervenors meet each element here.

#### 1. ***This motion is timely.***

Whether a motion to intervene is timely depends on the facts and circumstances of the case, evaluated under five factors: "(1) the point to which the suit had progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenor knew or reasonably should have known of his interest in the case; (4) the prejudice to the

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM

original parties due to the proposed intervenor's failure after he knew or reasonably should have known of his interest in the case to apply promptly for intervention; and (5) the existence of unusual circumstances militating against or in favor of intervention." *State ex rel. First New Shiloh Baptist Church v. Meagher*, 82 Ohio St.3d 501, 503 (1998), quoting *Triax Co. v. TRW, Inc.*, 724 F.2d 1224, 1228 (6th Cir. 1984).

Each of the above factors, as applied here, favors intervention. This appeal remains at its earliest stage: the complete record of the proceedings below—including the transcript of the April 13, 2026 BZA hearing—was completed only on July 31, 2026, when the Developer filed the court reporter's transcript of the BZA hearing. No merit briefs have been filed. The appellant's opening brief is not due until September 2, 2026, and the deadline for appellees' briefs (which would apply to the Intervenors) is not until October 2, 2026. The Intervenors moved promptly after the record was completed and after the Developer's parallel federal damages suit against the City made the stakes of this appeal, and the divergence between the Intervenors' interests and the City's, unmistakable. Their purpose is protective: to defend the BZA's unanimous decision and their own adjoining properties. And because the Intervenors will adhere to the Court's existing scheduling order and seek no extension of any deadline, their participation will cause no delay and no prejudice to any party. No unusual circumstance weighs against intervention.

#### 2. ***The Intervenors' property interests are implicated in this case.***

The Intervenors easily satisfy the interest element. Each Intervenor owns property in close proximity to the Subject Property, from approximately 345 feet (the

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM

Crists) to roughly seven-tenths of a mile (the Woodburns), and each participated in the administrative proceedings under review. And the Supreme Court of Ohio has long recognized both that (a) adjacent and nearby property owners hold a real, direct stake in zoning decisions affecting neighboring land and (b) owners who oppose and participate in the administrative proceedings are themselves entitled to appeal the resulting decision under R.C. 2506.01. *Willoughby Hills*, 64 Ohio St.3d at 26; *Roper*, 173 Ohio St. 168, syllabus (1962). Thus, an interest substantial enough to sustain a neighbor's own appeal is necessarily substantial enough to support intervention in the Developer's appeal arising from the very same proceedings.

Also, notably, the outcome of this appeal will determine whether a massive data center campus on approximately 324.8 acres may advance toward approval next to the Intervenors' homes, family farms, condominium community, and investment properties. What's more, the record below reflects that the proposed development implicates the Intervenors' property values and their use and enjoyment of their land, including through noise, air and light pollution, traffic, and the strain the project would place on public infrastructure. *See* Tr. 84-97. These are precisely the kinds of interests Civ.R. 24(A)(2) protects.

As a general rule, courts usually "allow nearby landowners to intervene in zoning cases." *Kuhn v. Bd. of Comm'rs*, No. C940328, 1996 Ohio App. LEXIS 1108, *14 (1st Dist. Mar. 27, 1996), citing *State ex rel. Sneary v. Miller*, 86 Ohio App.3d 684 (3d Dist. 1993); *Norton v. Sanders*, 62 Ohio App. 3d 39 (9th Dist. 1989); and *American Sand & Gravel, Inc. v. Theken*, 41 Ohio App.3d 98 (5th Dist. 1987). And in the specific

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM

context where an adjacent property owner prevailed at the administrative level, courts have consistently held that such an owner is entitled to intervene in an administrative appeal to defend the decision below. *Theken*, 41 Ohio App.3d at 100 ("[S]uccessful property owners have an equal right to protect their victory in an appeal to the court of common pleas and to appeal further if necessary."); *Republic Servs. Of Ohio II, LLC v. Pike Twp. Bd. of Zoning Appeals*, 2005-Ohio-6463, ¶ 31 (5th Dist.) ("Fred Charton, as an adjoining property owner, had an absolute right to be joined as a party to this cause[.]"); *Bailes v. Martino*, 2 Ohio App.2d 197, 199 (11th Dist. 1963) ("[P]resent appellants were entitled, on their application, to intervene as parties defendant-appellees in the appeal from the board's decision to the Court of Common Pleas."). Thus, there is extensive precedent to support the Intervenors' position that they are entitled to intervene to protect their property interests and defend the BZA's decision.

**3. *Disposition of this case in favor of the Developer will impair the Intervenors' ability to protect their property interests.***

If the Court were to reverse the BZA and order the City to accept and process the Developer's February 13, 2026 application, the project would advance through approvals in which the Intervenors' central objections (as to the incompleteness of the site plan application and the Developer's failure to invoke the major subdivision procedures of Chapter 1161) will have been conclusively resolved without their participation. No later proceeding would permit the Intervenors to relitigate those threshold questions.

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM

The risk of practical impairment is compounded by the Developer's companion federal lawsuit seeking damages from the City. *See generally Thor Equities, LLC, et al.*, S.D. Ohio Case No. 3:26-cv-00196. Facing litigation on two fronts, the City could rationally resolve this appeal by settlement or concession on terms that dispose of the issues here while leaving the Intervenors' property interests wholly unprotected, and denying the Intervenors a seat at the negotiating table. Intervention is thus the only vehicle through which Intervenors can be heard before their rights are affected.

### 4. *The City does not adequately represent the Intervenors' interests as private property owners.*

Finally, an applicant need only show "that representation of his interest 'may be' inadequate," yet here, no existing party adequately represents the Intervenors' interests at all. *Trbovich v. United Mine Workers of Am.*, 404 U.S. 528, 538, fn. 10 (1972). The Developer is adverse to the Intervenors. And although the Intervenors and the City both seek affirmance of the BZA's decision, their interests are not the same. *Blankenship v. Blackwell*, 341 F. Supp. 2d 911, 918 (S.D. Ohio 2004) ("[T]he proposed intervenors' interest is not necessarily adequately represented * * *since the Defendant acts in the capacity of a governmental agency.").

The Intervenors seek only to protect their own private property. The City defends the integrity of its administrative processes on behalf of the public at large, and it must weigh institutional considerations the Intervenors do not share. As stated above, the City must weigh its fiscal exposure to the Developer's demands for damages and attorney fees, which the Developer's counsel threatened at the BZA hearing itself, *see* Tr. 70, and which the Developer now pursues in federal court. *See,*

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM

*e.g. Wineries of Old Mission Peninsula Ass'n v. Twp. of Peninsula*, 41 F.4th 767, 774-775 (6th Cir. 2022) ("Because the Township faces the possibility of monetary damages in this lawsuit, it could decide to settle if the terms turn to its liking, and it has continued to engage in settlement talks. * * * Conversely, Protect the Peninsula is not subject to money damages."). Those pressures could lead the City to compromise this appeal in ways that sacrifice the particularized interests of the Intervenors. *See, e.g., Norton*, 62 Ohio App. 3d at 42 (city chose not to appeal trial court's decision).

As such, the City's representation of the Intervenors' distinct private interests plainly "may be," and in fact is, inadequate.

### B. Alternatively, the Court should grant leave for the Intervenors to permissively intervene under Civ.R. 24(B).

Even if the Intervenors were not entitled to intervene as of right, the Court should permit them to intervene under Civ.R. 24(B)(2). Permissive intervention is proper upon timely application when "an applicant's claim or defense and the main action have a question of law or fact in common," and in exercising its discretion the Court "shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties." Civ.R. 24(B).

Both considerations favor intervention here. The Intervenors' defense of the BZA's decision presents the same questions of law and fact at the heart of the Developer's appeal: whether the February 13, 2026 site plan application was complete under Section 1110.02 of the City's Planning and Zoning Code, and whether the proposed development required major subdivision review under Chapter 1161. Those are the very issues the Intervenors raised on the record before the BZA. And,

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM

as explained above, this motion is timely, the Intervenors will comply with the Court's existing scheduling order, and the complete presentation of the Intervenors' interests affected by this appeal will cause no delay or prejudice. Moreover, hearing from the property owners most directly affected by the proposed development also serves judicial economy by resolving all objections in a single proceeding.

## IV. CONCLUSION

For all these reasons, the Intervenors respectfully ask that the Court grant their motion to intervene.

Date: August 12, 2026

Respectfully submitted,

*/s/ J.P. Burleigh*
J.P. Burleigh (0101560)
Teresa M. Bamberger (0086494)
Sean S. Suder (0078535)
SUDER, LLC
1502 Vine Street, Fourth Floor
Cincinnati, Ohio 45202
(513) 694-7500
jp@ssuder.com
teresa@ssuder.com
sean@ssuder.com
*Counsel for Andrew Crist, Megan Crist, Connie Flanly, Patton Property LLC, Summer Woodburn, Robert Woodburn, and Woodburn Farms Inc.*

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing motion was e-filed with the Champaign County Clerk of Courts and served via e-mail upon all counsel at the following addresses, pursuant to Civ.R. 5(B)(2)(f).

Joseph R. Miller (0068463)
Christopher L. Ingram (0086325)
Elizabeth S. Alexander (0096401)
Garrett M. Anderson (0100121)
Brodi S. Voight (0105912)
VORYS, SATER, SEYMOUR & PEASE LLP
jrmiller@vorys.com
elingram@vorys.com
csalexander@vorys.com
gmanderson@vorys.com
bsvoight@vorys.com

*Counsel for Appellants Thor Equities LLC, Urbana Owner I LLC, and Highland55 Investments LLC*

Brodi J. Conover (0092082)
Carly M. Sherman (0096992)
BRICKER GRAYDON WYATT LLP
bconover@bricker.com
csherman@bricker.com

Mark M. Feinstein (0065183)
Law Director
CITY OF URBANA, OHIO
mark.feinstein@ci.urbana.oh.us

*Counsel for Appellees City of Urbana, Ohio and Building and Zoning Appeals Board, City of Urbana, Ohio*

Respectfully submitted,

*/s/ J.P. Burleigh*
J.P. Burleigh (0101560)
*Counsel for Patton Property LLC, Summer Woodburn, Robert Woodburn, Woodburn Farms Inc., Andrew Crist, Megan Crist, and Connie Flanly*

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM

**EXHIBIT A**

**Andrew and Megan Crist Vesting Deed**

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM



Transferred 8/27/24
Fee(ORC 319.202) 156.20
Conveyance 24-0465
Exempt
Deputy MLS
Karen T. Bailey, Auditor
Champaign County, Ohio

202400003071 Pages: 5
Filed for Record in CHAMPAIGN County, Ohio
Glenda L. Bayman, Recorder
08/27/2024 11:28 AM Recording Fees: $58.00
WARNTY DEED OR 596 / p4078 - p4082

## *GENERAL WARRANTY DEED*

KEVIN D. CRIST, unmarried, Grantor, for valuable consideration paid, grants with general warranty covenants, to ANDREW D. CRIST and MEGAN N. CRIST Grantees, for their joint lives, remainder to the survivor of them, the following real property:

See the attached Exhibit "A"

Prior Instrument Reference: OR Volume ____, Page ____, Official Records of the Champaign County, Ohio Recorder

SUBJECT TO any and all valid and enforceable easements, restrictions and conditions of record, and also excepting taxes and assessments which are to be prorated between the parties as of the date of this deed.

IN WITNESS WHEREOF, the said Kevin D. Crist, unmarried, has hereunto set his hands this 22nd day of August, 2024.

[signature]
Kevin D. Crist

STATE OF OHIO, CHAMPAIGN COUNTY, SS:

The foregoing instrument was acknowledged before me this 22nd day of August, 2024 by Kevin D. Crist, unmarried.

W. Bradley Millice, Notary Public
In and for the State of Ohio
My Commission expires 5/28/29

[signature]
Notary Public

Prepared by Thompson, Dunlap & Heydinger, Ltd.
Katrina Sutherly Gaskins, Esq.
18 Monument Square, Urbana, Ohio 43078

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM



Exhibit A

**Tract I:**

Situate in the Township of Urbana, in the County of Champaign and State of Ohio;

Being a tract of land situated in Urbana Township, Champaign County, Ohio and in the Northwest Quarter of Section 21, Township 5, Range 11, H.R.S., and more particularly described as follows:

Commencing at the Northeast corner of the said Northwest Quarter of Section 21;

Thence with the North line of the said Quarter Section, North 83 degrees 54' West 652.55 feet to a point in the center line of Township Highway 93;

Thence continuing with the said center line of Township Highway 93, North 83 degrees 33' West 544.6 feet to a point in the center line of said Township Highway 93, said point being the common corner between Norman Crist and Nellie McClain;

Thence with the property line between said Nellie McClain and Norman Crist, South 4 degrees 55' West 364.8 feet to the point of beginning of the tract hereinafter described, said point being the Northeast corner of a tract of land owned by Philip Vanscoy;

Thence with the property line between Philip Vanscoy and Nellie McClain, South 4 degrees 55' West, 1092.25 feet to said Vanscoy's Southeast corner;

Thence North 83 degrees 26' West 665.5 feet with the property line between said Philip Vanscoy and William Logan to a corner post;

Thence North 5 degrees 12' East 1091.4 feet to an iron pipe in Norman Christ's South property line;

Thence South 83 degrees 26' East, 659.7 feet with the property line between said Crist and Vanscoy to the point of beginning.

Containing 16.6 ACRES, more or less.

Prior Instrument Reference: Volume 519, Page 1207
Parcel No. K41-11-11-21-00-003-00

DESCRIPTION APPROVED
Champaign County Engineer
As of August 27, 2024

**Tract II:**
Situate in the township of Urbana, County of Champaign and State of Ohio and being more particularly described as follows:
Being part of the Southwest Quarter of Section 22, Town 5, Range 11, M.R.S. and described as follows:
Beginning at a stake 41 poles East of the Southwest corner of Section 22, Town 5, Range 11, M.R.S. and in the center of the great road leading from Urbana to Springfield and in the South boundary of Section 22, Town 5, Range 11;
Thence South 86-1/2 deg. East 80 poles to a forked hickory;
Thence North 3 deg. East 20.8 poles to a White Oak; thence North 86 ½ degrees West 70.8 poles to a stone in the center of the described road;
Thence South 20 deg. West 21.8 poles to the place of beginning.

Containing 10 acres more or less
Parcel Number K41-11-11-22-00-033-00

EXCEPTING THEREFROM 36/100 acre, more or less which was conveyed by Elizabeth Mosgrove to the D.S. & U. Electric Railway Company by deed dated

December 21, 1901 and recorded in Volume 84, Page 544, Deed Records of Champaign County, Ohio.

ALSO EXCEPTING a right of way granted by Joshua Rooney to the Champaign Telephone Company and recording in Volume 188, Page 563 Deed Records of Champaign County, Ohio.

EXCPETING ALSO an easement for road purposes granted by Joshua Rooney to the State of Ohio and recorded in Volume 120, Page 177, Deed Records of Champaign County, Ohio, leaving 9.64 acres, more or less, being the same property conveyed to Emma D. Mosgrove by Elizabeth Mosgrove by deed dated July 27, 1907 and recorded in Volume 92, Page 300, with the above exceptions.
Also being the same premises conveyed by John R. Hagenbaugh, unmarried to Forest C. Stanhope by deed dated October 17, 1944 and recorded in Volume 141, Page 440, Deed Records of Champaign County, Ohio.

EXCEPTING from all the foregoing 6.79 acres off the east side thereof subdivided by the Mingo Machine and Implement Company as shown by the recorded plat of said subdivision recorded in Plat Book C, Page 80, Plat Records of Champaign County, Ohio.

The land herein conveyed being 3.15 acres, more or less and being premises acquired by George H. Reavis by deed recorded in Volume 176, Page 433, Deed Records of Champaign County, Ohio.

Remaining Acres 3.150

Prior Deed Reference: OR Volume 519, Page 1209

**NO FURTHER TRANSFERS WITHOUT SURVEY**
RMW 8/27/2024

**Tract III:**
Situated in the County of Champaign, and in the Township of Urbana, State of Ohio, and bounded and described as follows:

Being a parcel of land in Champaign County, Ohio, Urbana Township, Section 21, Town 5, Range 11, bounded and described as follows:

Beginning at a point, said point being the intersection of the center lines of U.S. 68 and T.H. 93, said point also being South 83 degrees 27 minutes East 666.6 feet from the Northwest corner of Section 21, Town 5, Range 11;

Thence with the center line of T.H. 93, South 83 degrees 27 minutes East 771.3 feet to a spike in said road;

Thence South 4 degrees 55 minutes West 364.8 feet to a stake;

Thence North 83 degrees 26 minutes West 916.5 feet to a point in the center line of U.S. 68;

Thence with the center line of U.S. 68 North 27 degrees 00 minutes East 388.0 feet to the place of beginning, containing 7.054 acres.

But subject to an easement to the State of Ohio, recorded in Vol. 120, Page 176 Deed Records of Champaign County, Ohio.

Parcel No: K41-11-11-21-00-002-00

<u>SAVE AND EXCEPT THEREFROM:</u>

Situate in the Township of Urbana, County of Champaign and State of Ohio and more particularly described as follows:

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM



Being part of a 7.054 acre tract (Vol. 158, Page 423) in the Northwest Quarter of Section 21, Town 5, Tange 11, B.T.M.R.S., Urbana Township, Champaign County, Ohio and more particularly described as follows:

Beginning, for reference, at a boat spike found marking the intersection of the centerlines of Campground Road TH 93 and Rooney Drive;

Thence North 84 degrees 24 minutes 00 seconds West (Ref Brg Vol. 224, Page 600) 404.67 feet to a boat spike found in the centerline of said TH 93 marking the Northeast corner of a 3.055 acre tract (Vol. 224, Page 600) and the principal place of beginning for the tract hereinafter described;

Thence South 4 degrees 52 minutes 32 seconds West 364.80 feet to an iron pin marking the Southeast corner of said 3.055 acre tract;

Thence North 84 degrees 26 minutes 00 seconds West 443.99 feet to a 5/8 x 30 inch capped pin set in the South line of said 7.054 acre tract, passing an iron pin found at 364.80 feet marking the Southwest corner of said 3.055 acre tract thence North 4 degrees 52 minutes 30 seconds East 365.05 feet to a railroad spike set in the centerline of said TH 93, passing a 5/8 x 30 inch capped iron pin set at 335.05 feet;
Thence South 84 degrees 24 minutes 00 seconds East 443.99 feet to the principal place of beginning, passing a railroad spike found at 79.19 feet marking the Northwest corner of said 3.055 acre tract.

Containing 3.719 acres more or less and subject to all legal highways and easement of record or use.

The above described tract includes the 3.055 acre tract described in Volume 224, Page 600. Survey description and plat by Wallace Lynn Geuy, Registered Surveyor No. S-5105.

DESCRIPTION APPROVED
Champaign County Engineer
As of August 27, 2024 amv

Remaining acres: 3.335 AC

Prior Deed Reference: OR Volume 519, Page 1209

**Tract IV:**
Situated in the County of Champaign in the State of Ohio and in the Township of Urbana. Being part of a 7.054 acre tract (Vol. 158, Pg 423) in the Northwest Quarter of Section 21, Town 5, Range 11, B.T.M.R.S., Urbana Township, Champaign County, Ohio and more particularly described as follows:

Beginning, for reference, at a boat spike found marking the intersection of the centerline of Campground Road TH 93 and Rooney Drive;

Thence North 84 degrees 24 minutes 00 seconds West (Ref Brg Vol. 224, Pg 600) 404.67 feet to a boat spike found in the centerline of said TH 93 marking the Northeast corner of a 3.055 acre tract (Vol. 224, Pg 600) and the principle place of beginning for the tract hereinafter described;

Thence South 4 degrees 52 minutes 32 seconds West 364.80 feet to an iron pin marking the Southeast corner of said 3.055 acre tract;

Thence North 84 degrees 26 minutes 00 seconds West 443.99 feet to a 5/8 x 30 in capped iron pin set in the South line of said 7.054 acre tract, passing an iron pin found at 364.80 feet marking the Southwest corner of said 3.055 acre tract;

Thence North 4 degrees 52 minutes 30 seconds East 365.05 feet to a railroad spike set in the centerline of said TH 93, passing a 5/8 x 30 inch capped iron pin set at 335.05 feet;

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM



Thence South 84 degrees 24 minutes 00 seconds East 443.99 feet to the principal place of beginning, passing a railroad spike found at 79.19 feet marking the Northwest corner of said 3.055 acre tract.

Containing 3.719 acres more or less and subject to all legal highways and easements of record or use.

The above described tract includes the 3.055 acre tract described in Vol. 224, Page 600.
Survey description and play by Wallace Lynn Geuy Registered Surveyor No. S-5105.
Parcel No. K41-11-11-21-00-015-00
Prior Deed Ref: OR Volume 519, Page 1209

DESCRIPTION APPROVED
Champaign County Engineer
As of August 27, 2024 RMW

202400003071
PEOPLES SAVINGS BANK
PICK UP BOX

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM

**EXHIBIT B**

**Connie Flanly Vesting Deed**

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM

Instrument 201800005357 OR Book Page 563 1552

①26 ✓

201800005357
Filed for Record in
CHAMPAIGN COUNTY, OHIO
GLENDA L. BAYMAN, RECORDER
12-11-2018 At 08:10 am.
WARNTY DEED 28.00
OR Book 563 Page 1552 - 1553

Transferred 12-11-18
Fee(ORC 319.202) 510.00
Conveyance 18-0810
Exempt ______
Deputy VKato
**Karen T. Bailey, Auditor**
**Champaign County, Ohio**

File No.: 25701

V. PATRICK HAMILTON **GENERAL WARRANTY DEED**

~~Patrick V Hamilton~~ Unmarried, for valuable consideration paid, grants with general warranty covenants to Connie Jo Flanly, whose tax mailing address is: 97 Heritage Dr., Urbana, OH 43078, the following Real Property:

SEE EXHIBIT "A" ATTACHED HERETO

Property Address: 97 Heritage Dr., Urbana, OH 43078

Parcel Number: K48-25-11-02-31-044-00

Prior Instrument Reference: Official Book 534, Page 327, of the Champaign County, Ohio Records.

Excepting from said general warranty covenants, all legal highways, restrictions, and easements of record, and taxes and assessments from the date of the closing.

Executed this 30th day of November, 2018.

V. Patrick C Hamilton

~~Patrick V Hamilton~~ V. PATRICK HAMILTON

State of Ohio, County of Champaign

The foregoing deed was acknowledged before me this 30th day of November, 2018, by ~~Patrick V~~ V. PATRICK Hamilton, Unmarried.

John M. Spencer

Notary Public
My Commission Expires:

This instrument was prepared by:

John M. Spencer, Attorney at Law
30 Warder Street, Ste 250
Springfield, OH 45504

NOTARIAL SEAL — STATE OF OHIO
JOHN M. SPENCER, Attorney At Law
NOTARY PUBLIC - STATE OF OHIO
My commission has no expiration date
Sec. 147.03 R.C.

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM

Instrument 201800005357 OR Book 563 Page 1553

**EXHIBIT "A"**
**LEGAL DESCRIPTION**

Situate in the County of Champaign, in the State of Ohio and in the Township of Urbana and being more particularly described as follows:

Being Unit #24 of Olde Towne Condominium, Phase VII together with the undivided percentage interest in the common areas appurtenant thereto, as the same is numbered, described, designated and delineated in the Declaration of Condominium Ownership for Olde Towne Condominium of record in Deed Book 237, Page 155 and as amended in Deed Book 237, Page 393, Official Record Volume 27, Page 871, Official Record Volume 42, Page 585-589, Official Record Volume 45, Page 693-698, Official Record Volume 50, Page 14, Official Record Volume 55, Page 223 and Official Record Volume 79, page 780-793, Recorder's Office, Champaign County, and in the Drawings thereof recorded In Plat Cabinet 2, Slide 7-22 and Slide 81-84, Plat Cabinet 2, Slide 92-95, Plat Cabinet 2, Slide 98-99, Plat Cabinet 2, Slide 126, and in Plat Cabinet 2, Slide 149-152, Recorder's Office, Champaign County.

Parcel No: K41-25-11-02-31-044-00

**DESCRIPTION APPROVED**
Champaign County Engineer
As of Dec. 4, 2018 PDH

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM

# EXHIBIT C

## Patton Property LLC Vesting Deed

Instrument 201400001698 OR Book Page 523 1524

201400001698
Filed for Record in
CHAMPAIGN COUNTY, OHIO
ROBIN K. EDWARDS, RECORDER
05-02-2014 At 12:35 pm.
WARNTY DEED 28.00
OR Book 523 Page 1524 - 1525

Transferred 5-2-14
Fee(ORC 319.202)
Conveyance
Exempt 0198X14
Deputy
**Karen T. Bailey, Auditor**
**Champaign County, Ohio**

## GENERAL WARRANTY DEED

KNOW ALL MEN BY THESE PRESENTS, that **Jeffrey T. Patton and Erin L. Patton**, married ("Grantors"), for valuable consideration, grant, with general warranty covenants, to **Patton Property LLC**, an Ohio limited liability company, ("Grantee"), whose tax mailing address is 3922 Bosart Road, Springfield, Ohio 45503, the following described real property:

Situated in the City of Urbana, in the County of Champaign and the State of Ohio:

Being Lots Nos. 5, 6, 7, and 8 of the O.N. Gibbons Addition to said City as designated upon the plat thereof recorded in Book C, Page7, Champaign County Plat Records.

Subject to taxes and assessments which are now or may hereafter become liens on said premises and except conditions, restrictions and easements, if any, contained in former instruments of record for said premises, subject to all of which this conveyance is made.

Parcel ID: K48-25-00-01-06-006-00, K48-25-00-01-06-007-00, K48-25-00-01-06-008-00, K48-25-00-01-06-009-00 and K48-25-00-01-06-010-00
Street address of property: 944 S. Main Street, Urbana, Ohio 43078
Prior Deed reference: Instrument No. 201300004347 filed in Volume 518 Page 1174 of the Official Records, Champaign County, Ohio

DESCRIPTION APPROVED
Champaign County Engineer
As of May 2, 2014

Signed this 24th day of April, 2014.

**GRANTORS:**

Jeffrey T. Patton

Erin L. Patton

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM

Instrument 201400001698 OR    Book Page 523 1525

STATE OF OHIO

COUNTY OF Champaign ; SS:

Ashley Rupert
NOTARY PUBLIC - OHIO
County of Champaign
My commission expires 04/09/2017

The foregoing instrument was acknowledged before me this 24th day of April, 2014 by Jeffrey T. Patton and Erin L. Patton, married, as Grantors in the foregoing Deed.

Notary Public

**This instrument prepared by:**

Bailey Cavalieri LLC, 10 West Broad Street, Suite 2100, Columbus, Ohio 43215

# **EXHIBIT D**

## Summer and Robert Woodburn Vesting Deed

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM

Instrument 201600000463 OR Book Page 538 1825

(1) 67 ✓

Transferred 2-4-16
Fee(ORC 319.202) $152.00
Conveyance 16-0078
Exempt —
Deputy [signature]
**Karen T. Bailey, Auditor**
**Champaign County, Ohio**

201600000463
Filed for Record in
CHAMPAIGN COUNTY, OHIO
GLENDA L. BAYMAN, RECORDER
02-04-2016 At 02:40 pm.
WARNTY DEED 28.00
OR Book 538 Page 1825 - 1826

# General Warranty Deed

(Statutory Form O.R.C. 5302.05)

**WOODBURN FARMS, INC., an Ohio Corporation**, for valuable consideration paid, grants with general warranty covenants to **ROBERT D. WOODBURN and SUMMER T. WOODBURN**, Husband and Wife, for their joint lives, remainder to the survivor of them, whose tax mailing address is 780 Campground Road, Urbana, Ohio 43078, the following real property:

SEE ATTACHED EXHIBIT "A"

Parcel Number: Out of K41-11-11-22-00-036-00

Prior Instrument Reference: O.R. Volume 44, Page 79

Executed this 10th day of April, 2015.

**WOODBURN FARMS, INC.**
**an Ohio Corporation**

By: [signature]
JOHN H. WOODBURN
Its President and Secretary

State of Ohio, Champaign County, SS.

On this 10th day of April, A.D. 2015, before me, a Notary Public in and for said County, personally came **WOODBURN FARMS, INC., an Ohio Corporation, by John H. Woodburn, Its President and Secretary**, the grantor in the foregoing deed, and acknowledged the signing thereof to be its voluntary act and deed.

Witness my official signature and seal on the day last above mentioned.

[signature]
Notary Public

NOTARY PUBLIC STATE OF OHIO
**Heather A. Grim**
Notary Public, State of Ohio
My Commission Expires February 12, 2020

This instrument prepared by:
Harley A. Davidson, Attorney at Law
117 West Court Street, Urbana, Ohio 43078

Instrument 201600000463 OR Book Page 538 1826

EXHIBIT "A"

**LEGAL DESCRIPTION FOR WOODBURN FARMS' 5.556 ACRE TRACT**

Being situate in the State of Ohio, County of Champaign, Township of Urbana, and being a part of the Southeast quarter of Section 22, Town 5, Range 11, B.T.M.R.S., and being more particularly described as follows:

Beginning for reference at an iron bar found on the centerline of Camp Ground Road (Township Highway 93) (60' right-of-way), to the West and within the right-of-way of said Camp Ground Road to the South at the Southeast corner of said Section 22, being the section corner common to Sections 22, 21, 15, and 16, from which an iron bar found for reference at the intersection of the centerlines of said Camp Ground Road to the West and to the South bears S-84°25'03"-E, 18.60' (feet);

thence with the centerline of Camp Ground Road N-84°25'03"-W, 598.41' (feet) to a Mag nail set at the **PRINCIPLE PLACE OF BEGINNING** for the tract hereinafter described;

thence continuing with the centerline of Camp Ground Road N-84°25'03"-W, 425.00' (feet) to a Mag nail set;

thence N-4°43'44"-E, 569.50' (feet) to an iron bar set, passing for reference an iron bar set on the right-of-way line of Camp Ground Road at 30.00' (feet);

thence S-84°25'03"-E, 425.00' (feet) to an iron bar set;

thence S-4°43'44"-W, 569.50' (feet) to the place of beginning, passing for reference an iron bar set on the right-of-way line of Camp Ground Road at 539.50' (feet).

Containing 5.556 acres, 0.293 acre of which is within the road right-of-way, but being subject to the rights of all legal highways and all easements of record.

Being a part of a 205.03 acre tract conveyed to Woodburn Farms, Inc., by Deed recorded in Official Record 44, Page 79, of the Champaign County Records.

The foregoing description prepared by and in accordance with a Survey by William D. Edwards, Professional Surveyor No. 7574, March 7, 2012. All iron bars set are 5/8"x30" iron re-bar with a yellow plastic cap stamped "EDWARDS PS 4792 PS 7574". Bearings for the herein described tract are based on Ohio State Plane Coordinates, NAD 1983, South Zone, resulting in a bearing for the centerline of Camp Ground Road of N-84°25'03"-W.

William D. Edwards
Professional Surveyor No. 7574

Approved by Champaign County Engineer
By
Date January 27, 2016
Tract (s) 5.556 A

**EXHIBIT E**

**Woodburn Farms Inc. Vesting Deeds**

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM

GENERAL WARRANTY DEED, Statutory Form No. 22-S (Reprinted 9/88)

apco Registered in U.S. Patent and Trademark Office anderson publishing co. cincinnati, ohio 45201

124710
#10 ⁰⁰/₁₂

RECEIVED
12:09 O'clock P M
NOV 30 1989
BOOK 44 PAGE 80
CAROLYN J. DOWNING
RECORDER, CHAMPAIGN CO., OHIO

# General Warranty Deed*

George L. Woodburn ¹, of Champaign County, *for valuable consideration paid, grant(s) with general warranty covenants, to* Woodburn Farms, Inc. ~~, whose tax-mailing address is~~ 671 Campground Road, Urbana, Ohio 43078, *the following* ***REAL PROPERTY:*** *Situated in the County of* Champaign *in the State of Ohio and in the* Township *of* Urbana ²

Beginning at the corner of Section 15, 16, 21 and 22, Town 5, Range 11, M.R.S.; thence North 85 deg. West 63 rods to a stone; thence North 4 deg. East 105 rods to a stone; thence North 85 deg. West 43.76 rods to a stone; thence South 4 deg. West 105 rods to a stone in the South line of the Section; thence North 85 deg. West 63.92 rods to the quarter corner between Sections 21 and 22; thence South 3 deg. 50' West 157.60 rods to a stone center of Section 21; thence South 85 deg. East 173.04 rods to the quarter corner stake in ditch; thence North 4 deg. East 158.40 rods to the beginning, containing after exempting strip 78.6 rods long and one rod wide on North side 171 acres or all of the Northeast Quarter of Section 21, Town 5, Range 11, M.R.S. and 31 acres part of the Southeast quarter of Section 22, Town 5, Range 11, M.R.S., in all 202 acres.

SAVE AND EXCEPT a tract of 0.865 Acres conveyed to John Howell Woodburn et al dated April 27, 1963 and recorded in Vol 186, Page 545, Deed Records of Champaign County, Ohio.

BEING PART OF THE SAME PREMISES conveyed to the Grantor herein by Warranty Deed from George L. Woodburn dated July 18, 1958 and recorded in Vol 171, Page 345-346, Deed Records of Champaign County, Ohio.

11-11-...

*Prior Instrument Reference: Volume* 217 *Page* 895 *of the Deed Records of* Champaign *County, Ohio.* Bernice H. Woodburn ³ *wife (~~husband~~) of the Grantor, releases all rights of dower therein. Witness* our *hand(s) this* 4th *day of* November, *19* 89

*Signed and acknowledged in presence of:*

William Brown — x George L. Woodburn

Paul Chite — x Bernice Howell Woodburn

*State of Ohio* *County of* Champaign *ss.*

***BE IT REMEMBERED,*** *That on this* 4th *day of* November, *19* 89, *before me, the subscriber, a* Notary Public *in and for said state, personally came,* George L. Woodburn and Bernice H. Woodburn, husband and wife, *the Grantor(s) in the foregoing deed, and acknowledged the signing thereof to be* their *voluntary act and deed.*

***IN TESTIMONY THEREOF,*** *I have hereunto subscribed my name and affixed my* seal *on the day and year last aforesaid.*

William Brown

WILLIAM W. BROWN, Attorney At Law
NOTARY PUBLIC, STATE OF OHIO
LIFETIME COMMISSION

*This instrument was prepared by* William W. Brown, Attorney at Law, One Campus View Blvd., Suite 220, Columbus, Ohio 43235

(1) Name of Grantor(s) and marital status.
(2) Description of land or interest therein, and encumbrances, reservations, and exceptions, taxes and assessments, if any.
(3) ~~Delete whichever does not apply.~~
(4) Execution in accordance with Chapter 5301 Ohio Revised Code.
Auditor's and Recorder's Stamps
*See Sections 5302.05 and 5302.06 Ohio Revised Code.

This Conveyance has been examined and the Grantor has complied with Section 319.202 of the Revised Code.
FEE $
EXEMPT E423X89
CONVEYANCE
Bonnie M. Warman, County Auditor

CHAMPAIGN CO., OH.
TRANSFERRED
NOV 30 1989
Bonnie M. Warman Auditor
By T. Lemasters Deputy

VOL 44 PAGE 80

Penny S. Underwood
Champaign County Clerk of Court
2026 CV 00112 Filed08/12/2026 12:09 PM

GENERAL WARRANTY DEED, Statutory Form No. 22-S (Reprinted 9/88) apco Registered in U.S. Patent and Trademark Office anderson publishing co. cincinnati, ohio 45201

124739
#10 — 9(2)

RECEIVED 12:08 O'clock P M
NOV 30 1989
BOOK 44 PAGE 79
CAROLYN J. DOWNING
RECORDER, CHAMPAIGN CO., OHIO

# General Warranty Deed*

Bernice Howell Woodburn [1], of Champaign County, *for valuable consideration paid, grant(s) with general warranty covenants, to* Woodburn Farms, Inc., *whose tax-mailing address is* 671 Campground road, Urbana, Ohio 43078, *the following REAL PROPERTY: Situated in the County of* Champaign *in the State of Ohio and in the* Township *of* Urbana [2]:

TRACT I: Beginning at the corner of Sections 15, 16, 21 and 22, Town 5, Range 11, M.R.S.; thence south 85 deg. east 159.84 rods to a stone in the pike; thence north 4 deg. east 163.88 rods to a stone in the pike in the center of Section 16, Town 5, Range 11; thence north 85 deg. 10' west 160.36 rods to the quarter corner of Sections 16 and 22; thence south 4 deg. west 58.66 rods to a stake; thence north 85 deg. west 63 rods to a stake; thence south 4 deg. west 105 rods to a stone in said road and in the section line of Section 22, Town 5, Range 11; thence south 85 deg. east 63 rods to the beginning, containing all of the southwest quarter of Section 16, Town 5, Range 11, 163.74 acres, and part of the south east quarter of Section 22, Town 5, Range 11, 41.29 acres, in all 205.03 Acres. 11-11-16-00-004.00 + 11-11-22-00-036-00

TRACT II: Beginning at a stone at the northeast corner of the southeast quarter of Section 22, Town 5, Range 11; thence south 4 deg. 36' west 961 feet to a point; thence north 84 deg. 38' west 2194½ feet to an iron pin; thence north 5 deg. 33' east 1500 feet to a stake; thence south 84 deg. 27' east 2041 feet to a stake; thence south 4 deg. 40' west 536 feet to a post; thence south 85 deg. 10' east 132 feet to the beginning containing 73.42 acres, more or less. 11-11-22-00-037.00

BEING THE SAME PREMISES conveyed to said George Logan Woodburn and Bernice Howell Woodburn by Warranty Deed from John E. Logan and William A. Logan dated August 19, 1959 and recorded in Vol 176, Page 198-199, Deed Records of Champaign County, Ohio.

This Conveyance has been examined and the Grantor has complied with Section 319.202 of the Revised Code.
FEES
EXEMPT 4.24+89
CONVEYANCE
Bonnie M. Warman, County Auditor

CHAMPAIGN CO., OH
TRANSFERRED
NOV 30 1989
Bonnie M. Warman Auditor
By B. Cooper Deputy

*Prior Instrument Reference: Volume* 217 *Page* 897 *of the Deed Records of* Champaign *County, Ohio.* George Logan Woodburn [3] *wife (husband) of the Grantor, releases all rights of dower therein. Witness* our *hand(s) this* 4th *day of* November 1989

*Signed and acknowledged in presence of:*

William Brown — Bernice Howell Woodburn

Paul Cutts — George L. Woodburn

*State of Ohio* *County of* Franklin *ss.*

*BE IT REMEMBERED, That on this* 4th *day of* November, 1989, *before me, the subscriber, a* Notary Public *in and for said state, personally came,* Bernice Howell Woodburn and George Logan Woodburn, husband and wife, *the Grantor(s) in the foregoing deed, and acknowledged the signing thereof to be* their *voluntary act and deed.*

*IN TESTIMONY THEREOF, I have hereunto subscribed my name and affixed my* seal *on the day and year last aforesaid.*

William Brown

WILLIAM W. BROWN, Attorney At Law
NOTARY PUBLIC, STATE OF OHIO
LIFETIME COMMISSION

*This instrument was prepared by* William W. Brown, Attorney at Law, One Campus View Blvd., Suite 220, Columbus, Ohio 43235

(1) Name of Grantor(s) and marital status.
(2) Description of land or interest therein, and encumbrances, reservations, and exceptions, taxes and assessments, if any.
(3) Delete whichever does not apply.
(4) Execution in accordance with Chapter 5301 Ohio Revised Code.

Auditor's and Recorder's Stamps

VOL 44 PAGE 79

*See Sections 5302.05 and 5302.06 Ohio Revised Code.