IN THE COMMON PLEAS COURT OF CHAMPAIGN COUNTY

GENERAL DIVISION

BOARD OF COMMISSIONERS OF CHAMPAIGN COUNTY,
1512 US Hwy 68 South, Suite A100
Urbana, Ohio 43078,

PLAINTIFF,

v.

URBANA0624C, LLC,
c/o Andy Wecker
92 N Sandusky St, Suite 300
Delaware, OH 43015,

and

TALON TITLE AGENCY, LLC,
c/o Corporation Service Company
1160 Dublin Road, Suite 400
Columbus, OH 43215,

DEFENDANTS.

CASE NO. 26CV250

COMPLAINT

FILED
2026 OCT 28 PM 3:27
AMANDA L. HOSKINSON
COMMON PLEAS COURT
CHAMPAIGN COUNTY, OHIO

Now comes the Plaintiff, Board of Commissioners of Champaign County, through its statutory counsel, and for its Complaint herein states:

1. Defendant Urbana0624C, LLC is an Ohio limited liability company which has filed its Articles of Organization with the Ohio Secretary of State and is currently in active status.
2. Defendant Talon Title Agency, LLC is an Ohio limited liability company which his filed its Articles of Organization with the Ohio Secretary of State and is currently in active status.

3. On or about June 25, 2024, Plaintiff designated the Champaign Economic Partnership ("CEP") as the agent for the sale of Plaintiff's land, being 94.11 acres of land within Champaign County, Ohio, also more specifically known as Parcel No. K41-11-11-21-00-016 and Parcel No. K41-11-11-27-00-013-00 ("Subject Property").

4. As Plaintiff's agent, the CEP executed a Real Estate Purchase Agreement ("Agreement") for the sale of the Subject Property between the CEP and Defendant Urbana0624C, LLC on September 17, 2024 and Defendant Urbana 0624C, LLC, executed the Agreement on September 18, 2024, a copy of which is attached hereto as Exhibit A.

5. According to the terms of Section 7 of the Agreement, Defendant Urbana 0624C, LLC was to give Plaintiff's agent 30 days' notice that it wished to close the transaction.

6. On November 5, 2025, Defendant Urbana0624C, LLC notified the CEP and the Plaintiff that it intended to close the purchase of the Subject Property in the first quarter of 2026 pursuant to Section 7 of the Agreement.

7. On March 24, 2026, Defendant Urbana0624C. LLC notified the CEP and Plaintiff that it was rescinding its notice to close due to issues not related to nor in the control of the CEP or Plaintiff.

8. During the first quarter of 2026, Defendant Urbana0624C, LLC failed to close the purchase of the Subject Property, although Plaintiff and the CEP were ready and able to transfer title and close the transaction.

9. On or about April 1, 2026, counsel for the CEP, as agent for Plaintiff, notified Defendant Urbana0624C, LLC that it was in default of its obligation to close under Section 7 of the Agreement and provided a period to cure its default.

10. Defendant Urbana0624C, LLC did not close within the time period under the Agreement to cure its default and, therefore, counsel for CEP, notified Defendant Urbana0624C, LLC that it had failed to close or schedule to close the purchase of the Subject Property.

11. At no time after notifying Defendant Urbana0624C, LLC of its default, did Plaintiff or its agent waive, expressly or otherwise, Defendant Urbana0624C, LLC's default.

12. On or about September 9, 2026, Defendant Urbana0624C, LLC notified the CEP that it had paid the third deposit of $10,000.00 under the terms of the Agreement to its closing agent,Defendant Talon Title Agency, LLC, as if it had not defaulted although being provided notice of default.

13. Defendant Talon Title Agency, LLC had also received a previous deposit of $10,000.00 upon execution of the Agreement and a second deposit of $20,000.00 on September 5, 2025, prior to default, and now holds all three deposits under the Agreement.

14. Plaintiff received notice of Defendant Urbana0624C, LLC's payment of a third deposit from the CEP Director on September 21, 2026.

15. On September 30, 2026, Plaintiff reiterated in writing to both Defendants that Defendant Urbana0624C, LLC defaulted under the terms of the Agreement and that Plaintiff would not be closing on the Subject Property and transferring the property to its agent for further transfer under the Agreement, thereby again providing notice of termination of its obligations.

16. To date hereof, Defendant Talon Title Agency has failed to release to Plaintiff or its agent the deposits received prior to default, pursuant to Section 11 of the Agreement.

**WHEREFORE**, Plaintiff demands:

I. That the Court find that Defendant Urbana0624C, LLC has defaulted on its obligations under the Agreement;

II. That the Court find that neither Plaintiff nor the CEP is obligated to sell the Subject Property due to Defendant Urbana 0624C, LLC's default and failure to cure;

III. That the Court order Defendant Talon Title Agency, LLC to release the sum of $30,000.00 to Plaintiff, being the two deposits made prior to default as set forth herein, and

IV. Provide Plaintiff with any other remedies, in law or in equity that the Court deems reasonable.

**Kevin S. Talebi (#0069198)**
**Champaign County Prosecuting Attorney**
Champaign County Courthouse
200 North Main Street
Urbana, OH 43078
(937) 484-1900 / (937) 484-1901 (fax)
ktalebi@champaignprosecutor.org

Attorney for Plaintiff
Board of Commissioners of Champaign County