Amanda L. Hoskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM

**IN THE COURT OF COMMON PLEAS**
**CHAMPAIGN COUNTY, OHIO**

| | | |
|---|---|---|
| **ANDREW D. CRIST,**<br>**111 Campground Road**<br>**Urbana, Ohio 43078,**<br><br>**and**<br><br>**MEGAN N. CRIST,**<br>**111 Campground Road**<br>**Urbana, Ohio 43078,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**CITY OF URBANA, OHIO,**<br>**c/o Director of Law**<br>**205 South Main Street**<br>**Urbana, Ohio 43078,**<br><br>**THOR EQUITIES, LLC,**<br>**25 West 39th Street**<br>**New York, New York 10018,**<br><br>**URBANA OWNER LLC,**<br>**URBANA OWNER I LLC,**<br>**URBANA OWNER II LLC, AND**<br>**HIGHLAND55 INVESTMENTS LLC,**<br>**c/o UCS of Ohio, Inc.**<br>**3040 Riverside Drive, Suite 122**<br>**Columbus, Ohio 43221,**<br><br>**BOARD OF COUNTY COMMISSIONERS OF CHAMPAIGN COUNTY, OHIO,**<br>**1512 South U.S. Highway 68,**<br>**Suite A100**<br>**Urbana, Ohio 43078,**<br><br>**and** | : | **Case No. ___________________**<br><br>**Judge _____________________**<br><br>**<u>VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF</u>**<br><br>**(WITH REQUEST FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION)** |

Amanda L. Hoskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM

**BOARD OF TRUSTEES OF** :
**URBANA TOWNSHIP,** :
**CHAMPAIGN COUNTY, OHIO,** :
**2564 State Route 54** :
**Urbana, Ohio 43078,** :
:
**Defendants.** :

Plaintiffs Andrew D. Crist and Megan N. Crist allege as follows.

## NATURE OF THE CASE

1. On April 22, 2025, the City Council ("**Council**") of the City of Urbana, Ohio (the "**City**") adopted Ordinance No. 4625-25 (the "**Ordinance**"). The Ordinance zoned four parcels of farmland along U.S. Route 68 (the "**M-1 Parcels**"), which were then being annexed to the City, for M-1 Manufacturing. Those parcels make up most of the site on which Thor Equities, LLC and four affiliated companies (together, "**Thor**") propose to build a data center campus of up to two million square feet.

2. Plaintiffs Andrew and Megan Crist (the "**Crists**") own the land directly across U.S. Route 68 from the M-1 Parcels. The City's Planning and Zoning Code (the "**Zoning Code**") entitled them to written notice before Council acted. When an amendment rezones ten or fewer parcels, the Clerk of Council must mail notice of Council's public hearing, at least ten days in advance, to every owner of property "within, contiguous to and directly across the street from" the area to be rezoned. Urbana Cod.Ord. 1113.11. The Ordinance rezoned nine parcels, and the Crists own property directly across the street. The Clerk therefore had to mail them notice of the April 15, 2025 hearing on the Ordinance (the "**Hearing**").

Amanda L. Hoskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM

3. The Clerk did not. The Crists received no notice of the Hearing, and the City has no record that any notice was sent. When asked for its records of the notice it gave, the City produced a newspaper notice and mailing receipts from an earlier annexation proceeding, but no notice of the Hearing addressed to anyone, no mailing list for the Hearing, and no proof of mailing. The Ordinance itself recites that Council acted on "notice by publication," and the published notice did not say which land would be zoned, or for what. Yet the City knew where to find the Crists: a year later, when Thor wanted a hearing on its site plan, the City mailed them notice from the same Auditor's records, and Mr. Crist came and spoke. Never told that the land across the road from their farm was to be zoned for manufacturing, the Crists lost the opportunity the Zoning Code guaranteed them to be heard before Council voted.

4. A municipality that amends its zoning must follow its own procedures, but the City failed to do so here. The Ordinance is therefore invalid as to the M-1 Parcels. The law also says what follows: the annexed land "shall remain subject to the previous township zoning district" until the City zones it through the correct procedures. Urbana Cod.Ord. 1113.14; *accord* R.C. 519.18.

5. The Crists need relief now. On November 3, 2026, Council is scheduled to vote on a settlement with Thor, under which a federal consent decree would require the City 1) to apply the M-1 zoning the Ordinance created and 2) to approve Thor's data center plans administratively. The Crists ask the Court to decide promptly that the Ordinance is invalid as to the M-1 Parcels and, in the meantime, to bar the City from giving the Ordinance effect while this case is ongoing.

Amanda L. Hoskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM

## THE PARTIES

6. The Crists, who are husband and wife, live at 111 Campground Road in Urbana Township, Champaign County, Ohio, where they run a family horse farm on land the Crist family has owned for more than thirty years.

7. The Crists acquired their interests in four tracts there by general warranty deed recorded August 27, 2024 at Official Records Volume 596, Page 4078, Champaign County Recorder (**Exhibit A**). They own two of the tracts, Parcel Nos. K41-11-11-21-00-015-00 and K41-11-11-21-00-003-00, outright. The other two, Parcel Nos. K41-11-11-22-00-033-00 and K41-11-11-21-00-002-00 (the "**Roadside Parcels**"), front U.S. Route 68 directly across from the M-1 Parcels. The Crists own an undivided one-half interest in each Roadside Parcel as joint tenants with rights of survivorship; Deborah K. Crist owns the other undivided one-half interest under deeds from her parents recorded in 1994, 1995, and 1996.

8. Defendant City of Urbana, Ohio is a charter municipality in Champaign County. Acting through Council, the City adopted the Ordinance.

9. Defendant Thor Equities, LLC is a Delaware limited liability company with its principal office at 25 West 39th Street, New York, New York 10018. Defendants Urbana Owner LLC, Urbana Owner I LLC, Urbana Owner II LLC, and Highland55 Investments LLC are its affiliates. Urbana Owner II LLC took title to two of the M-1 Parcels, Parcel Nos. K48-25-11-01-30-005-00 and K48-25-11-01-30-006-00, from Organ Farms LLC on June 12, 2026 (Official Records Volume 606, Page 3352). Thor applied to the City for approval of the data center, and Thor sued the City

Amanda L. Hoskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM

over it in *Thor Equities, LLC v. Urbana*, S.D.Ohio No. 3:26-cv-00196 (the "**Federal Case**").

10. Defendant Board of County Commissioners of Champaign County, Ohio (the "**County**") holds title to the other two M-1 Parcels, Parcel Nos. K48-25-11-01-36-001-00 and K48-25-11-01-37-001-00. Thor alleges that it is under contract to buy the first of them and part of the second. (Federal Case, Doc. No. 1, ¶ 13.)

11. Defendant Board of Trustees of Urbana Township, Champaign County, Ohio (the "**Township**") is a party because, if the Ordinance is invalid as to the M-1 Parcels, the Township's zoning regulations "shall remain in full force and shall be enforced by the township officials" until the City validly zones that land. R.C. 519.18.

12. The City, Thor, the County, and the Township are parties because each has or may claim an interest that the declaration the Crists seek would affect. R.C. 2721.12(A). The Ordinance also zoned five other parcels R-3 High Density Residential; those parcels belong to Urbana Health Facilities LLC and the Governing Board of the Madison-Champaign Educational Service Center. The Crists seek no declaration as to those parcels, and the declaration they seek would not affect their owners' interests. The Crists seek no money from anyone.

## JURISDICTION AND VENUE

13. This Court has jurisdiction to declare the validity of a municipal ordinance under R.C. 2721.02 and 2721.03, and to grant temporary, preliminary, and permanent injunctive relief under R.C. 2727.03 and Civ.R. 65.

Amanda L. Hoskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM

14. This Court has personal jurisdiction over the City, the County, and the Township, which are located in Champaign County, and over the Thor defendants, which transact business in Ohio and own, or have contracted to buy, land in Champaign County. R.C. 2307.382(A)(1) and (8); Civ.R. 4.3(A)(1) and (6). Venue is proper here under Civ.R. 3(C)(1), (5), and (6): the governmental defendants are located here, and the land at issue is also here.

## FACTS

### *The Zoning Code requires mailed notice of a small rezoning*

15. Chapter 1113 of the City's Codified Ordinances, part of the Zoning Code, sets the procedure for amending the Official Zoning Map. The Planning Commission makes a recommendation. Council then holds a public hearing, after newspaper notice published at least ten days in advance that sets out "a summary of the proposed amendment." And for a rezoning of ten or fewer parcels, the Clerk of Council must also mail notice to the neighbors. Urbana Cod.Ord. 1113.01 and 1113.05 through 1113.11 (**Exhibit B**).

16. Section 1113.11 of the Zoning Code provides as follows:

> If the proposed amendment intends to rezone or redistrict ten or less parcels of land, as listed on the tax duplicate, written notice of the hearing shall be mailed by the Clerk of Council, by first class mail, at least ten (10) days before the day of the public hearing to all owners of property within, contiguous to and directly across the street from the area proposed to be rezoned or redistricted to the address of the owners appearing on the County Auditor's current tax list or the Treasurer's mailing list and to such other list or lists that may be specified by Council. If the proposed amendment intends to rezone or redistrict more than ten parcels of land, notice of the hearing shall be

Amanda L. Hoskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM

> provided only by newspaper as indicated in Section 1113.10. The failure to deliver the notification, as provided in this section, shall not invalidate any such amendment. The notice shall contain the same information as required of notices published in newspapers as specified in Section 1113.10.

17. For more than ten parcels, then, notice "shall be provided only by newspaper"; for ten or fewer, the Clerk must mail notice as well. The Code draws the same line for rezoning applications, which must list the owners "within, contiguous to or directly across the street from" the affected parcels with their mailing addresses, although the addresses may be omitted when more than ten parcels are to be rezoned. Urbana Cod.Ord. 1113.04(g).

18. Newly annexed land is zoned the same way. Until the City amends its map through these procedures, annexed land "shall remain subject to the previous township zoning district." Urbana Cod.Ord. 1113.14. State law likewise keeps township zoning in force, enforced by township officials, until the City adopts zoning for annexed land. R.C. 519.18.

***The City zones the land across from the Crists for manufacturing***

19. In December 2024, the owners of about 220 acres of Urbana Township along U.S. Route 68, including the County and Organ Farms LLC, petitioned to annex that land to the City. The County approved the petition on January 14, 2025, and Council accepted the territory on April 22, 2025, effective May 23, 2025. Figure 1 shows the M-1 Parcels, which make up most of that territory, and the Crists' land across the highway.

Amanda L. Hoskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM




**Figure 1.** The M-1 Parcels (red), the Roadside Parcels (yellow), and the Crists' other parcels, including their home (blue, dashed). County GIS parcel lines over Esri World Imagery; shading and labels added.

20. From the start, the City's records identified the Crists as neighbors of the annexed land. The annexation petition's list of "ADJACENT PROPERTY OWNERS," which the City produced from its files, names the Crists, at 111 Campground Road, as owners of both Roadside Parcels (Figure 2), and the annexation plat labels those parcels "Adjoining Owners" Nos. 1 and 2, directly across U.S. Route 68 from the territory. (**Exhibit C**.)

Amanda L. Hoskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM

**ADJACENT PROPERTY OWNERS**

* * *

Name: Andrew D. & Megan N. Crist
Address: 111 Campground Road
Urbana, OH 43078
Parcel #: K41-11-11-22-00-033-00 / ____ S US HWY 68

Name: Andrew D. & Megan N. Crist
Address: 111 Campground Road
Urbana, OH 43078
Parcel #: K41-11-11-21-00-002-00 / 35 Campground Rd

**Figure 2.** Excerpt from the annexation petition's list of adjacent property owners. (Ex. C at 1.)

21. On information and belief, the City received the same information again on January 15, 2025, when an agent for the owners of the land later rezoned by the Ordinance applied to the City to rezone that land as a planned unit development called "Urbana Commerce Park." The application's list of "Adjacent Neighbors" names "CRIST ANDREW D & MEGAN N & DEBORAH K" at 111 Campground Road. (Federal Case, Doc. No. 30-1, ¶ 99 and PAGEID 537, 539, 552.)

22. On March 24, 2025, the Planning Commission recommended zoning for nine parcels in the territory: R-3 High Density Residential for five parcels owned by Urbana Health Facilities LLC and the Madison-Champaign Educational Service Center, and M-1 Manufacturing for the four parcels owned by the County and Organ Farms LLC that are now the M-1 Parcels. The staff report identified the existing zoning of all nine as "U-1 Urbana Township Zoning," and the minutes record the M-1 recommendation in a single line: "Parcels as M1- future potential development." (**Exhibit D**, Exs. B and C thereto.)

Amanda L. Hoskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM

23. On April 4, 2025, the City published notice in the *Urbana Daily Citizen* that Council would hold a public hearing on April 15, 2025 on eight matters (Figure 3). The last of them was "[a]n ordinance to update the City of Urbana's Official Zoning Map to establish City designated zoning classifications for nine parcels that were petitioned for annexation to the City of Urbana on December 3, 2024 and are anticipated to be annexed into the City of Urbana corporation limits on or after May 23, 2025." The notice did not identify the parcels by number or address, or the zoning proposed for them, or say that any land would be zoned for manufacturing. (**Exhibit E**.)


PUBLIC HEARING
CITY OF URBANA

Notice is given that a public hearing will be held in the Training Room on the 3rd Floor of the Municipal Building, corner of S. Main and Market Street, on Tuesday, April 15, 2025 at 6:00 pm in regards to the following matters:

- An ordinance to add Section 111.05, "Council Clerk Compensation" to the Codified Ordinances.

- An ordinance to approve the final development plan and related plan exhibits for the planned unit development to be known as Dugan Place that was originally approved by Urbana City Council on May 17, 2022 with the passage of Ordinance 4572-22 and later extended for one additional year on May 21, 2024 with the passage of Ordinance 4572-24.

- An ordinance to amend Chapter 1102 of the Codified Ordinances.

- An ordinance to amend Chapter 1126 of the Codified Ordinances.

- An ordinance to amend Chapter 1124 of the Codified Ordinances.

- An ordinance to amend Chapter 1129 of the Codified Ordinances.

- An ordinance to amend Chapter 1133 of the Codified Ordinances.

- An ordinance to update the City of Urbana's Official Zoning Map to establish City designated zoning classifications for nine parcels that were petitioned for annexation to the City of Urbana on December 3, 2024 and are anticipated to be annexed into the City of Urbana corporation limits on or after May 23, 2025.

**Figure 3.** The City's published notice of the Hearing. (Excerpt from Ex. E.)

24. Council held the Hearing on April 15, 2025, together with the hearings on the other seven matters. According to the approved minutes, City staff described "two proposed designations: R3 (covering Vancrest and the ESC) and M1," one Council member asked about utility service to the residential parcels, and the President closed the hearing. The minutes record no comment from any member of the public on the rezoning. (**Exhibit F**.)

25. On April 22, 2025, Council adopted the Ordinance by a vote of 7-0, and the Mayor approved it the same day. The Ordinance establishes zoning for "nine (9) parcels." It recites staff's proposal to designate the four County and Organ Farms parcels M-1 Manufacturing "upon the effective date of the annexation of these parcels," and it directs the City Engineer to amend the Official Zoning Map accordingly. (Ex. D.) The Ordinance identifies those parcels, which total about 191.6 acres, by their township parcel numbers. After annexation, the County Auditor renumbered them: former Parcel Nos. K41-11-11-22-00-032-00 and K41-11-11-28-00-009-00 (Organ Farms) are now K48-25-11-01-30-005-00 and K48-25-11-01-30-006-00, and former Parcel Nos. K41-11-11-27-00-013-04 and K41-11-11-21-00-016-00 (County) are now K48-25-11-01-36-001-00 and K48-25-11-01-37-001-00.

26. The Ordinance invokes Chapter 1113 as its authority. In Section Six, Council recited that it "held a public hearing under Urbana Codified Ordinance 1113.09, with notice by publication pursuant to Urbana City Charter Section 2.16" (Figure 4). The Ordinance says nothing about mailed notice under Section 1113.11. In the Federal Case, the City has admitted that the Ordinance was passed

"[p]ursuant to the procedures set forth in Urbana's Charter and Zoning Code." (Federal Case, Doc. No. 18, ¶ 34, admitting Doc. No. 1, ¶ 40.)

> **SECTION SIX:**
> All actions of City Council and the Planning Commission related to this legislation were conducted in open meetings pursuant to Urbana Codified Ordinance 107.01 and Ohio Revised Code 121.22. City Council held a public hearing under Urbana Codified Ordinance 1113.09, with notice by publication pursuant to Urbana City Charter Section 2.16, on April 4, 2025.

**Figure 4.** Section Six of the Ordinance. (Ex. D at 2.)

***The Crists were entitled to mailed notice of the Hearing and never received it***

27. Because the Ordinance rezoned nine parcels, Section 1113.11 required the Clerk of Council to mail notice of the Hearing to the owners of property within, contiguous to, and directly across the street from the M-1 Parcels. The Crists are such owners. As Figure 1 shows, the Roadside Parcels lie directly across U.S. Route 68 from the M-1 Parcels. The County's GIS map draws parcels along the highway to its center line; on that map, Parcel No. K41-11-11-22-00-033-00 touches M-1 Parcel K48-25-11-01-30-005-00, and Parcel No. K41-11-11-21-00-002-00 lies about 40 feet from M-1 Parcel K48-25-11-01-37-001-00.

28. Section 1113.11 directs the Clerk to the County Auditor's tax list for owners' names and addresses. Since the Crists acquired their interests in August 2024, the Auditor's records have listed them as owners of both Roadside Parcels, with a tax mailing address of 111 Campground Road, as those records still show today (Figure 5). The annexation list and the January 2025 rezoning application used the same names and address. (Ex. C at 1; Federal Case, Doc. No. 30-1, PAGEID 552.)

Amanda L. Hoskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM

| Location | |
|---|---|
| Parcel | K41-11-11-22-00-033-00 |
| Owner | ANDREW D CRIST & MEGAN N CRIST J&S 1/2 INT & DEBORAH K CRIST 1/2 INT |
| Address | S US HWY 68 URBANA OH 43078 |
| City / Township | URBANA TWP |
| School District | URBANA CSD |

| Tax Mailing Address | |
|---|---|
| Mailing Name | CRIST ANDREW D & MEGAN N & CRIST DEBORAH K |
| Mailing Address | 111 CAMPGROUND RD |
| City, State, Zip | URBANA OH 43078-9403 |

| Location | |
|---|---|
| Parcel | K41-11-11-21-00-002-00 |
| Owner | ANDREW D CRIST & MEGAN N CRIST J&S 1/2 INT & DEBORAH K CRIST 1/2 INT |
| Address | 35 CAMP GROUND RD |
| City / Township | URBANA TWP |
| School District | URBANA CSD |

| Tax Mailing Address | |
|---|---|
| Mailing Name | CRIST ANDREW D & MEGAN N |
| Mailing Address | 111 CAMPGROUND RD |
| City, State, Zip | URBANA OH 43078-9403 |

**Figure 5.** Champaign County Auditor records for the Roadside Parcels (excerpts, viewed October 29, 2026).

29. The Crists received no notice of the Hearing or the proposed rezoning from the Clerk, the City, or anyone else. The only related mail they received, in December 2024, concerned the annexation petition, not the rezoning. They did not see the newspaper notice, and they did not know before Council voted that the City proposed to zone the land across the road for manufacturing. They began to learn of the data center project in early 2026. (*See* Federal Case, Doc. No. 30, PAGEID 311.)

30. The City's own records confirm that no notice was mailed. By a public records request dated July 17, 2026, the Crists' counsel asked the City for records of the ordinances related to Thor's project and the notices given for them, including all records of notices mailed to property owners. On August 19, 2026, the City responded through its counsel, the City's Interim Director of Law. The City produced the Ordinance and four companion ordinances; the affidavit of publication; a list of owners adjacent to the annexation territory, with certified-mail receipts, from the December 2024 annexation petition; and an undated letter to property owners about

Amanda L. Hoskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM

the annexation. Exhibit G contains true copies of counsel's request and of the City's response. (**Exhibit G**.)

31. The City's production contains no notice of the Hearing addressed to any property owner, no mailing list for the Hearing, and no record that anyone mailed notice of it. That is so even though the Interim Director of Law's cover email described the production as including the hearing notice "mailed to affected property owners" and "available mailing lists," and represented that the City had produced "the records located after a reasonable search of its files."

32. The only mailing records in the production are certified-mail receipts postmarked December 4, 2024, four months before the Hearing was noticed. They are for notices of the annexation petition, and one is addressed to the Crists. On information and belief, that mailing was the notice that the petitioners' agent, not the City, must send adjacent owners under R.C. 709.023(B), which need state only "the time and date when the petition was filed and the county in which it was filed," with a copy of the petition. It said nothing about a hearing before Council, any proposed zoning district, or manufacturing. The annexation letter, addressed to owners within the annexed territory, was written *after* Council had acted and mentions the updated zoning map without identifying any district. (**Exhibit H**.)

33. On information and belief, based on the Crists' non-receipt, the City's production, and the Ordinance's recital of notice by publication alone, the Clerk of Council did not mail any advance notice of the Hearing to the Crists or to anyone else.

Amanda L. Hoskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM

34. The City knows how to reach the Crists when it chooses to. On April 3, 2026, the City's Zoning Officer used the Auditor's owner records to mail notice of the Board of Zoning Appeals hearing on Thor's site plan appeal to neighboring owners. The Crists received that notice, and Mr. Crist appeared and spoke at the April 13, 2026 hearing. (Apr. 13, 2026 BZA Tr. 13:9-23, 18:2-12, 21:16-24, filed July 31, 2026 in *Thor Equities, LLC v. City of Urbana, Ohio*, Champaign C.P. No. 2026 CV 00112.)

35. Had the Crists received the notice the Zoning Code requires, they would have attended the Hearing and opposed manufacturing zoning across the road from their farm, just as both of them spoke against the proposed settlement described below at Council's October 6, 2026 meeting.

***Notice of an annexation did not inform the Crists of a rezoning***

36. The annexation and the rezoning were separate proceedings. The annexation petition was filed with and decided by the County under R.C. 709.023. The rezoning was a legislative act of Council under Chapter 1113, with its own hearing and its own notice requirements. Annexation does not change the zoning of annexed land: the land "shall remain subject to the previous township zoning district," Urbana Cod.Ord. 1113.14, enforced by township officials, R.C. 519.18, until the City rezones it through Chapter 1113, which for a rezoning of ten or fewer parcels requires mailed notice to the neighbors.

37. Notice of the annexation therefore told the Crists, at most, that the City might someday zone the land. It did not tell them that the City would zone it for manufacturing rather than, as with five of the nine parcels, for residential use, or

Amanda D. Hoskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM

when Council would hold a hearing. The annexation notice preceded the Planning Commission's recommendation by more than three months and the Hearing by more than four. The newspaper notice did not identify the parcels or the zoning proposed. Having received mailed notice of the annexation petition, the Crists had every reason to expect mailed notice of any rezoning, as the Zoning Code required. None came.

***Thor's data center project rests on the Ordinance***

38. The night Council adopted the Ordinance, it also adopted Ordinance No. 4620-25, which added "Computing Infrastructure Providers, Data Processing, Web Hosting, and Related Services" to the Zoning Code, and Ordinance No. 4621-25, which made those uses principally permitted in the M-1 District. Thor has since assembled a site of about 325 acres, including all or part of each M-1 Parcel and two parcels already in the City, for what it calls the "Urbana Technology Hub." (*See* Federal Case, Doc. No. 1, ¶¶ 9-13.)

39. On February 13, 2026, Thor applied for site plan approval of the first phase of a data center there. The City found the application incomplete, and its Board of Zoning Appeals affirmed that decision on April 13, 2026. Thor's appeal is pending in this Court, Champaign C.P. No. 2026 CV 00112, where the Crists are intervenor-appellees. Meanwhile, Council adopted a temporary moratorium on data centers on March 3, 2026 (Resolution No. 2727-26), and on June 16, 2026 removed data centers as a permitted use in the M-1 District (Ordinance No. 4635-26).

40. Thor then sued the City in the Federal Case, claiming a vested right to build under the regulations in effect when it applied on February 13, 2026. That claim

Amanda L. Ploskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM

depends on the Ordinance. Thor alleges that its data center was then "expressly permitted as a principal use in the M-1 Manufacturing District, pursuant to Ordinance No. 4621-25 and the City's Official Zoning Map as amended by Ordinance No. 4625-25." (Federal Case, Doc. No. 1, ¶ 145.) Thor also alleges that the City's failure to follow the procedures of Chapter 1113 made the moratorium "void ab initio." (*Id.* at ¶¶ 138-140.)

***The proposed settlement would lock the Ordinance in place***

41. After mediation in the Federal Case, counsel for the City and Thor signed a Memorandum of Understanding titled "Terms of Proposed Settlement," dated September 25, 2026 (the "**MOU**"). The City disclosed the MOU on October 6, 2026, in response to a public records request by counsel for the Crists and other neighbors, stating that "[t]he City and Thor have agreed that the terms of the MOU may be disclosed." Exhibit I contains true copies of that request and response. (**Exhibit I**.) Proposed Resolution No. 2740-26 would have Council approve the settlement "substantially upon the terms set forth in the MOU" and authorize City officials to sign a settlement agreement and a proposed consent decree, which the City published with the resolution in its October 20, 2026 agenda packet. Exhibit J is a true copy of the resolution and its Exhibits A and C as published in that packet. (**Exhibit J**.)

42. Council heard from residents, including the Crists, at its October 6, 2026 meeting, then discussed the settlement in executive session and took no action. On

Amanda D. Hoskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM

October 20, 2026, Council voted 4-2 to table the resolution until its next meeting, on November 3, 2026.

43. The resolution requires the final settlement documents to be "in material compliance with the terms and conditions of the MOU." (Ex. J, Res. 2740-26, Section 2.) If Council approves the resolution and the federal court enters the proposed consent decree, four things will follow:

(a) *The February 13, 2026 regulations, including the M-1 zoning, will govern.* The zoning and other regulations "in effect as of February 13, 2026" will "govern the current and future phases of the development" on five parcels that include all four M-1 Parcels. (Ex. J, MOU ¶ 1, fn. 1, and ¶ 2.)

(b) *The City will approve Thor's plans administratively.* Thor's Phase One site plan "shall be deemed administratively approved" if it contains listed materials. Later phases "shall also be administratively approved" if they stay within 2,000,000 square feet of net floor space, a figure that excludes "power-generation, electrical, mechanical, and cooling infrastructure," and comply with "Chapters 1126 and 1129 of the Zoning Code (in effect as of February 13, 2026)." (*Id.* at ¶¶ 3-4.) Chapter 1126 contains the regulations of the M-1 District.

(c) *Those obligations will become a federal court order.* The decree incorporates the settlement terms, orders the parties to comply with them, binds the City's officials and their successors, and keeps the

Amanda D. Hoskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM

federal court's jurisdiction to enforce them. (Ex. J, Proposed Consent Decree ¶¶ 2-3, 8, 11, 13-14.)

(d) *Both proceedings in which the Crists have sought to be heard will end.* On entry of the decree, the motion to intervene in the Federal Case that the Crists and other neighbors filed on September 18, 2026 (Doc. No. 30) "is DENIED AS MOOT," and Thor must dismiss its administrative appeal in this Court. (*Id.* at ¶ 15; Ex. J, MOU ¶ 11.)

44. The M-1 zoning that the settlement would lock in exists only because of the Ordinance. Without the Ordinance, the M-1 Parcels remain under their former township zoning. Urbana Cod.Ord. 1113.14; R.C. 519.18. If the settlement takes effect, the City will have bound itself, by federal court order, to give permanent effect to an ordinance adopted without the notice Section 1113.11 guaranteed the Crists.

***The Ordinance harms the Crists***

45. Under the regulations in effect on February 13, 2026, which Thor says govern its project, the M-1 District permitted as of right manufacturing, wholesale and warehousing, and "Computing Infrastructure Providers, Data Processing, Web Hosting, and Related Services," with emergency generators and communication towers as accessory uses. Urbana Cod.Ord. 1126.02 and 1126.03, as amended by Ordinance No. 4621-25. Buildings within 200 feet of a residential use could reach 50 feet, and up to 200 feet with added setback; elsewhere, height was limited only by distance from the nearest right-of-way line. Urbana Cod.Ord. 1126.09.

Amanda L. Hoskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM

46. Industrial development directly across U.S. Route 68, let alone a data center campus of up to two million square feet with its generators, substations, cooling equipment, lighting, and traffic, would impair the Crists' use and enjoyment of their home and horse farm and reduce the value of their land. Mr. Crist's work takes him near data centers, and he knows their cooling equipment to be massive and loud. And surface water from the land across the highway drains through the Crists' farm. (*See* Apr. 13, 2026 BZA Tr. 90:2-13.)

## COUNT ONE

### Declaratory Judgment and Injunctive Relief: Ordinance No. 4625-25 Is Invalid Because the City Did Not Give the Notice the Law Requires (R.C. 2721.03; R.C. 2727.03; Civ.R. 57 and 65)

47. The Crists incorporate the preceding paragraphs.

48. Any person "whose rights, status, or other legal relations are affected by a * * * municipal ordinance" may have determined "any question of construction or validity arising under" it. R.C. 2721.03. The Ordinance affects the Crists' rights: it authorizes industrial use of the land directly across the highway from the Roadside Parcels, and the Zoning Code names owners in the Crists' position as the people entitled to notice before Council acted. An owner whose property is affected by the rezoning of adjacent land may seek a declaration that the rezoning is invalid. *Smith v. Rich*, 1979 Ohio App. LEXIS 8546, *4-9 (2d Dist. Sept. 10, 1979); *Joseph Airport Toyota, Inc. v. Vandalia*, 2002-Ohio-928, ¶¶ 5, 9 (2d Dist.); *also Moore v. Middletown*, 2012-Ohio-3897, ¶¶ 33-35, 44-45.

Amanda L. Hoskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM

49. A real and justiciable controversy exists, and speedy relief is necessary to preserve the Crists' rights. The Crists contend that the Ordinance is invalid. Thor relies on it for its claimed vested rights and for the proposed settlement. The City, which has admitted in the Federal Case that the Ordinance was passed under its Charter and Zoning Code procedures (Doc. No. 18, ¶ 34), treats it as valid and is considering a settlement that would bind it to keep doing so.

50. This action is timely. An action challenging a zoning amendment for a procedural error in its adoption may be brought within two years after adoption. R.C. 713.121. Council adopted the Ordinance on April 22, 2025, and the Crists learned that the City had no record of mailing the required notice when the City answered their records request on August 19, 2026.

51. The Crists acted promptly. They did not know of the notice defect until the City's August 19, 2026 response showed no record of any mailing. They then sought the settlement terms, which the City did not disclose until October 6, 2026 (Ex. I), and Council has not yet voted on them. Thor did not rely on any act or silence of the Crists: it applied on February 13, 2026, and its affiliate took title to two of the M-1 Parcels on June 12, 2026, after the City had found the application incomplete and adopted a moratorium on data centers, and after Mr. Crist had raised his concerns about the project at the April 13, 2026 Board of Zoning Appeals hearing.

52. Nor can the City shift its failure onto the Crists. Section 1113.11 put the duty to mail on the Clerk; it imposed no duty on neighbors to search newspapers or Council agendas for a hearing the Clerk was required to tell them about. Notice of

the annexation petition, sent by others months earlier, was not notice of the Hearing, and neither was the Crists' later awareness of Thor's project. The Crists did nothing to bring about the City's failure, and they have not slept on their rights.

53. When a municipality amends its zoning, it "must satisfy all the procedural requirements set forth in the applicable code." *State ex rel. Osting v. Sidney*, 2001 Ohio App. LEXIS 1254, *10-14 (3d Dist. Mar. 20, 2001) (charter city's rezoning invalid where city did not follow its own zoning code). Notice requirements for zoning ordinances are "designed to safeguard property rights and to give property owners a fair opportunity to enter a protest against an ordinance which may materially interfere with the use of their property or decrease its value." *Wintersville v. Argo Sales Co.*, 35 Ohio St.2d 148, 152 (1973). A zoning ordinance adopted in violation of the required procedures is invalid. *Kinzel v. Ebner*, 2023-Ohio-164, ¶ 46, 56 (6th Dist.).

54. Section 1113.11 required the Clerk of Council to mail the Crists written notice of the Hearing at least ten days in advance. The City did not mail it to them, and, on information and belief, did not mail it to anyone.

55. The sentence in Section 1113.11 providing that "[t]he failure to deliver the notification, as provided in this section, shall not invalidate any such amendment" does not save the Ordinance. The section also commands that notice "shall be mailed by the Clerk of Council," and "shall" is mandatory. *Dorrian v. Scioto Conservancy Dist.*, 27 Ohio St.2d 102, 107 (1971). Delivery is what happens to a notice after it is mailed, and the Zoning Code itself uses the word that way: mailed notice of a zoning

violation is complete on mailing unless the envelope is returned "with an endorsement showing failure of delivery." Urbana Cod.Ord. 1149.02(b)(2); *accord* Civ.R. 4.6(D). The savings sentence therefore protects an amendment when a notice the Clerk mailed goes astray. It does not excuse a Clerk who mailed nothing to anyone. Read that way, it would make the mailing command optional, and a court "may not ignore the existence of any word or phrase." *Cleveland Elec. Illum. Co. v. Cleveland*, 37 Ohio St.3d 50, 53 (1988). The General Assembly draws the same line in the township zoning statute, which excuses a township's own "failure to file" an amendment, R.C. 519.12(I), but excuses only a "failure of delivery" of mailed notice, R.C. 519.12(B). Nor does the savings sentence reach the City's separate failures under Section 1113.10 and R.C. 713.12 alleged below.

56. Substantial compliance is not a defense. But even if it was, the City substantially comply with its procedures. It mailed no one; its published notice named no parcel, district, or use; and the Crists did not learn of the Hearing, did not attend it, and had no chance to object before Council acted. Mailing nothing is "a total failure to observe the requirements," not substantial compliance. *Lake Shore Elec. Ry. Co. v. Pub. Util. Comm.*, 115 Ohio St. 311, 316 (1926).

57. The Ordinance is invalid for two further reasons, neither of which the savings sentence in Section 1113.11 reaches. First, the published notice did not contain "a summary of the proposed amendment," as Section 1113.10 requires: it did not name any zoning district, any parcel, or any use. (Ex. E.) Second, if Chapter 1113 did not govern the Ordinance because the land had not yet been annexed, the City's

Charter required it to act "in the manner provided by the general laws of the State of Ohio." Urbana Charter, Section 1.04. Those laws require at least thirty days' published notice of the hearing on a zoning ordinance and, for ten or fewer parcels, written notice mailed at least twenty days before the hearing to owners directly across the street. R.C. 713.12. The City gave eleven days' published notice and mailed none. A zoning ordinance adopted without the notice R.C. 713.12 requires is "ineffective and invalid." *Wintersville*, 35 Ohio St.2d at 154.

58. Because the City did not adopt the Ordinance in the manner the law requires, the Ordinance is invalid and without legal effect insofar as it classifies the M-1 Parcels as M-1 Manufacturing. The Ordinance's designations are parcel-specific and separable: the R-3 and M-1 designations were proposed and recommended separately, for different owners' land, and the Crists' entitlement to notice arises from the M-1 Parcels directly across U.S. Route 68 from the Roadside Parcels. *See* Urbana Cod.Ord. 1101.03 (a decision invalidating a provision of the Zoning Code "shall not affect the validity of the Part as a whole, or any part thereof other than the part so declared"). Under R.C. 519.18 and Urbana Cod.Ord. 1113.14, the M-1 Parcels remain subject to their previous township zoning until the City amends its Official Zoning Map in accordance with Sections 1113.01 through 1113.13.

59. The Crists are entitled to a declaration to that effect and to temporary, preliminary, and permanent injunctive relief barring the City from administering, enforcing, relying on, or otherwise giving legal effect to the Ordinance as to the M-1 Parcels. Without that relief, the Crists will be irreparably harmed. Once the proposed

Amanda L. Hoskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM

decree is entered, the City will be bound by federal order to apply to the M-1 Parcels the M-1 zoning adopted without the notice the Crists were owed, and to approve Thor's site plans administratively; the Crists' motion to intervene will be denied as moot; Thor's administrative appeal, in which the Crists are parties, will be dismissed; and a judgment of this Court declaring the Ordinance invalid may then conflict with a federal decree the City is ordered to obey. The Crists have no adequate remedy at law. The City will suffer no cognizable harm from being required to follow its own Zoning Code, and the public interest favors zoning that is enacted lawfully and on proper notice.

60. The Crists do not ask this Court to restrain Council's vote or any proceeding in the Federal Case. They ask it to declare the Ordinance's validity and to restrain the City from giving the Ordinance effect, and they will present that declaration to the federal court.

**PRAYER FOR RELIEF**

WHEREFORE, the Crists ask the Court to enter judgment in their favor and to:

1. Declare that Ordinance No. 4625-25 was not adopted in compliance with Urbana Cod.Ord. 1113.10 and 1113.11 or, alternatively, R.C. 713.12, and is invalid, void, and without legal effect from its adoption insofar as it purports to classify Parcel Nos. K48-25-11-01-30-005-00, K48-25-11-01-30-006-00, K48-25-11-01-36-001-00, and K48-25-11-01-37-001-00 (formerly Parcel Nos. K41-11-11-22-00-032-00, K41-11-11-

Amanda D. Hoskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM

28-00-009-00, K41-11-11-27-00-013-04, and K41-11-11-21-00-016-00) as M-1 Manufacturing;

2. Declare that, under R.C. 519.18 and Urbana Cod.Ord. 1113.14, those parcels remain subject to the zoning district that applied to them in Urbana Township before annexation until the City amends its Official Zoning Map in accordance with Urbana Cod.Ord. 1113.01 through 1113.13;

3. Issue a temporary restraining order, a preliminary injunction, and a permanent injunction enjoining the City, its officers, agents, employees, boards, and commissions, and all persons in active concert or participation with them, from administering, enforcing, relying on, or otherwise giving legal effect to Ordinance No. 4625-25 with respect to those parcels, including by (a) issuing or approving any zoning certificate, zoning permit, site plan, plat, building permit, or other approval that depends on the M-1 classification of any of those parcels, or (b) signing or delivering, on the City's behalf, any settlement agreement that would require the City to apply M-1 Manufacturing regulations to any of those parcels; provided that nothing in the order restrains Council from considering or voting on any resolution, restrains any party from filing, prosecuting, defending, or making any submission in the United States District Court for the Southern District of Ohio, or restrains compliance with any order of that court;

4. Advance this action on the trial list under Civ.R. 57 and, as the Court deems appropriate, consolidate the hearing on the Crists' motion for a preliminary injunction with the trial on the merits under Civ.R. 65(B)(2);

Amanda D. Hoskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM

5. Award the Crists their costs; and

6. Grant such other relief as the Court deems just.

Date: October 31, 2026

Respectfully submitted,

*/s/ J.P. Burleigh*
J.P. Burleigh (0101560)
Sean S. Suder (0078535)
Teresa M. Bamberger (0086494)
SUDER, LLC
1502 Vine Street, Fourth Floor
Cincinnati, OH 45202
(513) 694-7500
jp@ssuder.com
sean@ssuder.com
teresa@ssuder.com
*Counsel for Plaintiffs Andrew D. Crist and Megan N. Crist*

Amanda L. Hoskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM

## INSTRUCTIONS FOR SERVICE

To the Clerk of Courts: Please issue summons and serve a copy of this Verified Complaint and its exhibits on each Defendant by certified mail, return receipt requested, under Civ.R. 4.1(A)(1)(a) and, for addresses outside Ohio, Civ.R. 4.3(B)(1), at the following addresses:

- **City of Urbana, Ohio**, c/o its Director of Law, 205 South Main Street, Urbana, Ohio 43078 (Civ.R. 4.2(N)).
- **Thor Equities, LLC**, at its principal office, 25 West 39th Street, New York, New York 10018 (Civ.R. 4.2(G); Civ.R. 4.3(B)(1)).
- **Urbana Owner LLC, Urbana Owner I LLC, Urbana Owner II LLC, and Highland55 Investments LLC**, each c/o UCS of Ohio, Inc., 3040 Riverside Drive, Suite 122, Columbus, Ohio 43221 (Civ.R. 4.2(G)). UCS of Ohio, Inc. is the Ohio statutory agent of all four companies (Ohio Secretary of State Doc. Nos. 202536303348, 202522003344, 202536303388, and 202530804302, respectively). Please also serve Urbana Owner II LLC at its tax mailing address, c/o Thor Equities, 25 West 39th Street, New York, New York 10018 (Civ.R. 4.3(B)(1)).
- **Board of County Commissioners of Champaign County, Ohio**, by serving the Champaign County Prosecuting Attorney, 200 North Main Street, Urbana, Ohio 43078 (Civ.R. 4.2(L)).
- **Board of Trustees of Urbana Township, Champaign County, Ohio**, by serving the Champaign County Prosecuting Attorney, 200 North Main Street, Urbana, Ohio 43078, and the Urbana Township Fiscal Officer, 2564 State Route 54, Urbana, Ohio 43078 (Civ.R. 4.2(M)).

The Crists' counsel will also deliver courtesy copies by email to Matthew T. Watson, Interim Director of Law for the City; to Brodi J. Conover and Carly M. Sherman, counsel for the City in Champaign C.P. No. 2026 CV 00112; to Dawn M. Frick and Justin R. Marks, counsel for the City in the Federal Case; and to Joseph R. Miller and Christopher L. Ingram, counsel for Thor; and by hand delivery to the

Champaign County Prosecuting Attorney, as counsel for the County and the Township.

*/s/ J.P. Burleigh*
J.P. Burleigh (0101560)
*Counsel for Plaintiffs Andrew D. Crist*
*and Megan N. Crist*

Amanda D. Hoskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM

# VERIFICATION

STATE OF OHIO )
) SS:
COUNTY OF CHAMPAIGN )

I, Megan N. Crist, being first duly cautioned and sworn, state that I am a Plaintiff in this action, that I have read the foregoing Verified Complaint, and that the facts stated in it are true to the best of my own knowledge, information, and belief, and that the exhibits attached to it are true and accurate copies of the documents it describes. As to any matter stated on information and belief, I believe the information to be true.

Megan N. Crist

Sworn to and subscribed before me, a Notary Public in and for said County and State, by Megan N. Crist this ~~30th~~ TS 31st day of October, 2026.

NOTARY PUBLIC STATE OF OHIO
TAMMY S DALEY
Notary Public
State of Ohio
My Comm. Expires
January 25, 2031

Notary Public
Printed name: Tammy S Daley
My Commission Expires: 01-25-31

Amanda D. Hoskinson
Champaign County Clerk of Court
2026 CV 00252 Filed10/31/2026 04:46 PM

## VERIFICATION

STATE OF OHIO )
) SS:
COUNTY OF CHAMPAIGN )

I, Andrew D. Crist, being first duly cautioned and sworn, state that I am a Plaintiff in this action, that I have read the foregoing Verified Complaint, and that the facts stated in it are true to the best of my own knowledge, information, and belief, and that the exhibits attached to it are true and accurate copies of the documents it describes. As to any matter stated on information and belief, I believe the information to be true.

Andrew D. Crist

Sworn to and subscribed before me, a Notary Public in and for said County and State, by Andrew D. Crist this ~~30th~~ TD 31st day of October, 2026.

Notary Public
Printed name: Tammy S Daley
My Commission Expires: 01-25-31

NOTARY PUBLIC STATE OF OHIO
TAMMY S DALEY
Notary Public
State of Ohio
My Comm. Expires
January 25, 2031